**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ROBERT V. ROSSI and
LINDA A. ROSSI,
Plaintiffs

v. CA 05 032 T C.A. No.

LEONARD P. GEMMA, Individually and
In his capacity as President of Gem Plumbing
& Heating Co., Inc.; and
ROBERT J. LEVINE, Individually and in
his capacity as a general partner of
Gemma & Levine

Defendants

**COMPLAINT**

**PARTIES**

1. Plaintiffs, Robert V. Rossi and Linda A. Rossi, are individuals with a principal place of residence in North Smithfield, Rhode Island.

2. At all times relevant hereto, the Plaintiffs were and are the owners in fee simple title interest to a certain parcel of real state located in Smithfield, Rhode Island and further identified as 28 Thurber Boulevard. (hereinafter referred to as the "real estate")

3 Defendant, Leonard P. Gemma, is an individual, who upon information and belief, is a resident of the state of Rhode Island with a home address at 2 Red Chimney Drive, Lincoln, Rhode Island. He is sued individually and in his capacity as President of Gem Plumbing & Heating Co., Inc., A Rhode Island corporation.

4. Defendant, Robert J. Levine, is an individual, who upon information and belief, is a resident of the state of Rhode Island with a home address at 2 Red Oak Drive, Cranston, Rhode Island. At all relevant times hereto, Defendant Robert J. Levine was and is an attorney licensed to practice law in the State of Rhode Island.

**JURISDICTION**

5. This is a civil action filed pursuant to 42 U.S.C. §1983. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, a temporary restraining order, preliminary injunction, permanent injunction and other appropriate relief. The Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367 as they form part of the same case or controversy.

**FACTS**

6. In and around September 2001, Robert V. Rossi had a telephone conversation with Leonard P. Gemma, President of Gem Plumbing & Heating Co., Inc., regarding the installation of water and sewer service to a commercial office building being constructed on the real estate.

7. Leonard Gemma was supposed to provide Rossi with a written proposal for the work.

8. Gemma's company, Gem Plumbing & Heating Co., Inc., instead proceeded to do the work without first entering into a contract with Rossi and arriving at an agreed price.

9. Gem Plumbing & Heating Co., Inc., thereafter sent an invoice to the Rossis, seeking payment on a job total amount of $35,500.00.

10. The Rossis disputed the invoice as excessive in the amount.

11. On January 28, 2002, Defendant Levine, in his capacity as attorney for Gem Plumbing & Heating Co., Inc., signed and caused to be recorded in the land evidence records of the town of Smithfield, Rhode Island, a mechanics' lien in the full amount of the disputed $35,500.00.

12. Defendant Levine lacks capacity and is not competent to sign a mechanics' lien under oath as the lien requires personal knowledge of the facts alleged therein, something which Defendant Levine as an attorney representing Gem Plumbing & Heating Co., Inc. cannot attest to based upon personal knowledge.

13. During this time, the Plaintiffs were involved in refinancing the construction project and the real estate.

14. Plaintiffs were unable to close on the financing unless and until the mechanics' lien against their real estate was paid off.

15. Defendant's actions in recording and maintaining a mechanics' lien on the real estate of the Plaintiffs directly and immediately violated the Plaintiffs' constitutional right of due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 §2 of the Rhode Island Constitution.

16. Thereafter, Gem Plumbing & Heating Co., Inc., via petition signed by Leonard P. Gemma, President, instituted an action to collect on and enforce the mechanics' lien in the Providence Superior Court in the State of Rhode Island.

17. In order to prevent default of their existing financing and to allow closing on the new financing of the real estate, the Plaintiffs were forced to pay into the Registry of the Superior Court the sum of $35,860.00 on June 4, 2002, representing the full amount of the lien plus costs incurred in connection with the petition to enforce mechanics' lien.

18. Plaintiffs thereafter filed a motion to dismiss the Petition to Enforce Mechanics' Lien on grounds that R.I. Gen. Laws §34-28-1, et seq. violates the United States and Rhode Island Constitution and sought release of their funds held in the said registry of court.

19. By Decision dated April 23, 2003, the Honorable Judge Michael A. Silverstein of the Rhode Island Superior Court granted the Rossis' Motion to Dismiss and found that the Rhode Island Mechanics' Lien Law, R.I. Gen. Laws §34-28-1, et seq. failed to provide due process and was violative of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 §2 of the Rhode Island Constitution.

20. On or about May 30, 2003, Judgment entered in favor of the Rossis, dismissing the petition to enforce and ordering release of the funds held in the Registry of Court.

21. Gem Plumbing & Heating Co., Inc. appealed this judgment to the Rhode Island Supreme Court.

22. A stay of the judgment was granted by the Rhode Island Supreme Court on motion of Gem Plumbing & Heating Co., Inc.. As a result of the stay, the Rossis money has been held in said registry of court ever since June 4, 2002. The Rossis have been completely deprived of the use and enjoyment thereof, and to this day there has never been a determination by any court as to whether such amount (or any amount) is due and owing to Gem Plumbing & Heating Co., Inc.

23. Full briefing of the constitutionality issues took place, oral argument was held before the full Rhode Island Supreme Court and the matter is now awaiting decision.

24. Plaintiffs are now continuing to suffer irreparable and immediate harm through violation of their constitutional rights by the actions of the Defendants and will continue to suffer such harm in the future. The protection of Plaintiffs' rights requires immediate declaratory and injunctive relief.

25. As a direct and proximate result of Defendants' actions, Plaintiffs were forced to incur and continue to incur substantial legal expenses and attorneys' fees in defense of their rights in opposing the enforcement of Rhode Island's Mechanics' lien statute against their property in the Rhode Island Superior and Supreme Courts.

**COUNT I**

**Violation of Procedural Due Process**

26. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 - 25.

27. Defendants' actions, done under the color of state law, in utilizing the procedure set out by R.I. Gen. Laws §34-28-1 et. seq. (the Mechanics' Lien Statute) to acquire a lien on Plaintiffs' real estate caused Plaintiffs to be deprived of their funds in the amount of $35,860.00. Such actions are in violation of the Due Process Clause of the Fifth and Fourteenth Amendment to the United State Constitution and the Rhode Island Constitution, Art. 1 §2 in that the lien affects a significant property

interest of the Plaintiffs and said statute, in it's then form, did not provide Plaintiffs with either a pre-deprivation or timely post-deprivation hearing. Moreover, the lien was invalid in that it was signed by Defendant Levine and therefore, even if the Rhode Island Mechanics' Lien law could pass constitutional muster, Levine and Leonard P. Gemma's use of said law was invalid and caused an unconstitutional taking.

**COUNT II**

**Slander of Title**

28. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 - 27.

29. The mechanics' lien maintained and recorded by Defendants against the Plaintiffs' said real estate pursuant to R.I. Gen. Laws §34-28-1 et. seq. was done so with malice to coerce the Plaintiffs to pay a sum of money that was excessive for the goods and services provided and otherwise for a sum of money that was not fair and reasonable or not due at all.

30. Defendants' action in recording and maintaining the mechanics lien is a slander of Plaintiffs' fee simple title interest in and to their said real estate.

31. As a direct and proximate result of Defendants' malicious action Plaintiffs have been damaged including without limitation being deprived of their economic,

beneficial, quiet and uninterrupted enjoyment of their fee simple title ownership to their real estate. Further Plaintiffs' were forced to deposit with the clerk of the Rhode Island Superior Court on June 4, 2002, cash in the sum of $35,860.00 to remove the mechanics lien from the title to their said real estate so that the refinancing of the property could be completed. To this date said cash remains with said clerk, the Plaintiffs being completely deprived of its use and enjoyment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

a. Declare R.I. Gen. Laws §34-28-1 et. seq., the Mechanics' Lien Law, unconstitutional as violative of plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 §2 of the Rhode Island Constitution.

b. Declare the signature of Robert J. Levine to be ineffective on the mechanics' lien Notice of Intention, thereby rendering the existence of the mechanics lien under Rhode Island law void *ab initio*.

c. Restrain and enjoin Defendants, their officers, agents, servants, employees and attorneys from further depriving the Plaintiffs from their money deposited and withheld from them pursuant to the provisions of R.I. Gen. Laws § 34-28-1 et. seq. and otherwise taking or maintaining and further action to enforce the provisions of § 34-28-1, et seq. against the Plaintiffs.

d. Award Plaintiffs compensatory damages in an amount to be determined by the court.

e. Award attorney fees pursuant to 42 U.S.C. §1988;

f. Award Plaintiffs punitive damages; and

g. Award plaintiffs their interest, costs, attorneys' fees and such other further legal and equitable relief as may be deemed just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

ROBERT V. ROSSI
And LINDA A. ROSSI
By their attorney,

Patrick J. Dougherty
155 South Main Street, Suite 304
Providence, RI 02903
Ph (401)273-9770
Fax (401)273-4750

FILED
2005 JAN 27 P 3:41
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND