UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT V. ROSSI and
LINDA A. ROSSI
*Plaintiffs,*

v. : C.A. No. 05-032-S

LEONARD P. GEMMA, Individually and
In his capacity as President of Gem Plumbing &
Heating Co., Inc.
ROBERT J. LEVINE, Individually and in
his capacity as general partner of
Gemma and Levine ; and
HENRY S. KINCH, JR., in his capacity as Clerk
Of the Providence County Superior Court
*Defendants.*

**DEFENDANT'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TO ABSTAIN**

Defendant, Leonard P. Gemma, individually and in his capacity as President of Gem Plumbing & Heating Co., Inc. ("Defendant") hereby moves this Court to dismiss the Amended Complaint filed by the Plaintiffs pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that this Court does not have subject matter jurisdiction over Plaintiffs' claims, that Plaintiffs fail to state a claim upon which relief can be granted, and that the Court should exercise its discretion to abstain from acceptance of jurisdiction.

In support of his Motion, Defendant relies upon the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss, or, in the Alternative, To Abstain and Appendix To Memorandum of Law in Support of Defendant's Motion to Dismiss, or, in the Alternative, To Abstain, filed herewith.

11

LEONARD P. GEMMA,
By his attorney,

Theodore Orson, Esq. (3871)
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100
(401) 861-2922 (fax)
Dated: March 28, 2005

**CERTIFICATION**

I hereby certify that on this 28th day of March 2005, I caused a copy of the within Defendant's Motion to Dismiss, or, in the Alternative, To Abstain to be mailed postage prepaid to Patrick Daugherty, Esq., 155 South Main Street, Providence, RI 02903 and Robert E. Kiely, Esq. Regan and Kiely, LLP, 85 Devonshire Street, Boston MA 02109.

Lucia Navarro

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT V. ROSSI and
LINDA A. ROSSI
*Plaintiffs,*

v. C.A. No. 05-032-S

LEONARD P. GEMMA, Individually and
In his capacity as President of Gem Plumbing &
Heating Co., Inc.
ROBERT J. LEVINE, Individually and in
his capacity as general partner of
Gemma and Levine ; and
HENRY S. KINCH, JR., in his capacity as Clerk
Of the Providence County Superior Court
*Defendants.*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABSTAIN**

Defendant Leonard P. Gemma, individually, and in his capacity as President of Gem Plumbing & Heating Co., Inc. ("Defendant"), hereby submits this Memorandum of Law in support of his Motion to Dismiss or, In the Alternative, To Abstain, filed herewith. Defendant seeks dismissal of the above-captioned action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (i) the Federal Court is without subject-matter jurisdiction over Plaintiffs' claims, and (ii) Plaintiff fails to state a claim upon which relief can be granted. In the alternative, and without prejudice to his aforedescribed Rule 12(b) motions, Defendant seek an Order from this Court exercising its discretion to abstain from accepting jurisdiction.

**FACTUAL BACKGROUND**

In October 2001, Plaintiffs Robert V. Rossi and Linda A. Rossi (jointly, the "Rossis" or "Plaintiffs") contracted with Gem Plumbing & Heating Co., Inc. ("Gem"), to provide labor and materials required for water and sewer lines in connection with an office building that the Rossis were constructing in Smithfield,

Rhode Island. Pursuant to R.I. Gen. Laws Section 34-28-1, et seq., (the "Original Mechanics' Lien Law"), on January 28, 2002, Gem's employee and inside general counsel, Defendant Robert Levine, filed a notice of intention to do work on the Rossis' property. It is undisputed that Gem performed work on the premises.

As prescribed by the Original Mechanics' Lien Law, 120 days later, on May 28, 2002, Gem filed a petition to enforce the mechanics' lien in the Superior Court, claiming $35,500.00 in unpaid labor and materials. On June 4, 2002, in accordance with statutory procedure, the Rossis paid $35,500.00 into the Registry of Court as a lien substitute and obtained an *ex parte* order to dissolve, release and discharge the mechanics' lien.

On August 29, 2002, the Rossis filed a Motion to Dismiss and Release Funds, alleging that Gem had failed to comply with the statutory procedures and further asserting that the Original Mechanics' Lien Law was unconstitutional on the grounds that it deprived them of their property without due process of law. A copy of the Motion to Dismiss and Release Funds is set forth as **Exhibit 1** to the Appendix to Memorandum In Support Of Defendant's Motion To Dismiss, or, In the Alternative, To Abstain, filed herewith (hereinafter, "**Appendix Exhibit _**").

The Superior Court, by written decision filed April 23, 2003, declared the Original Mechanics' Lien Law unconstitutional (the "Superior Court Decision"). **Appendix Exhibit 2**.

Judgment was entered in favor of the Rossis, dismissing the action and ordering that the funds be released from the Registry of Court on May 30, 2003. Gem duly filed its notice of appeal on June 2, 2003. The Judgment was later stayed by order of the Rhode Island Supreme Court. As a result, the funds deposited by the Rossis remain on deposit with the Registry of Court.

In reaction to the Superior Court Decision, the Rhode Island Legislature amended the Original Mechanics' Lien Law on July 17, 2003 (the "Amendment"),

by adding § 34-28-17.1. **Appendix Exhibit 3**. (The Original Mechanics' Lien Law, as amended, shall be hereinafter referred as the "Amended Mechanics' Lien Law.")

The Amendment had two (2) distinct purposes. First, Section 34-28-17.1(1), as found at **Appendix Exhibit 3**, was an attempt by the Legislature to cure the due process deficiencies identified in the Superior Court Decision.

Second, P.L. 2003, ch. 299[1], quoted in its entirety in footnote 1 below, made the Amended Mechanics' Lien Law applicable to, among other things, "all mechanics liens, petitions or lien substitutions" that were pending at the time the Amendment was enacted. **Appendix Exhibit 4**.

After the passage of the Amendment, by Order dated September 16, 2003, the Rhode Island Supreme Court directed the parties to the appeal to address the applicability of the Amendment to the pending action and the constitutional issues raised therein. **Appendix Exhibit 5**.

In their brief, the Rossis argued that the Amended Mechanics' Lien Law should not be applied retroactively to the Rossis-Gem dispute. Rossis' Appellate Brief at pp. 19-21. **Appendix Exhibit 6**.

Arguments were heard by the Supreme Court on January 19, 2005.

After said argument, and apparently concerned that the Supreme Court was going to uphold the Amended Mechanic's Lien Law and declare it retroactive and applicable to the Rossi-Gem dispute, on January 27, 2005, the Rossis took a preemptive strike and collateral attack on the expected Rhode Island Supreme Court ruling by filing the instant action and seeking a Federal Court declaration that "... R.I. Gen Laws Section 34-28-1, the Mechanics' Lien Law, [is]

---

[1] P.L. 2003, ch. 299, Section 2 provides:

SECTION 2. This act shall take effect upon passage, and shall apply to all pending mechanics' liens under chapter 34-28 of "The Rhode Island Mechanics' Lien Law" as of the effective date of this act as well as all mechanics' liens, petitions or lien substitutions under Chapter 34-28 of the "Rhode Island Mechanics' Lien Law" filed after the effective date of this act.

unconstitutional as violative of plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitutional and Article 1, Section 2 of the Rhode Island Constitution." See Complaint, First Prayer for Relief.

Indeed, on February 22, 2005, the Rhode Island Supreme Court reversed the Superior Court Decision and held, among other things, that:

1) the Amended Mechanics' Lien Law applies retroactively to the Gem-Rossis dispute; and

2) the Amended Mechanics' Lien Law is constitutional under the United States Constitution and the Rhode Island Constitution.

See *Gem Plumbing & Heating Co., Inc. v. Robert Rossi*, et al, C.A. No. 2003-386, 2005 WL 405879 (the "Supreme Court Decision"). **Appendix Exhibit 7**.

Addressing the retroactivity and applicability issues, the Rhode Island Supreme stated:

> Statutes are given retroactive effect only when the Legislature clearly expresses such an application. Section 34-28-17.1 applies, not only to all future mechanics' liens, but also to all pending "mechanics' liens, petitions or lien substitutions" as of July 17, 2003. P.L. 2003, ch. 269, § 2; P.L. 2003, ch. 299, § 2. This language clearly intends to apply § 34-28-17.1 both prospectively to future mechanics' liens and retrospectively to pending mechanics' liens. n7 **Based on the clear language of the statute and our caselaw, we are required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal**. (Emphasis added.)
>
> ---
>
> n7 We disagree with the Rossis' contention that the lien no longer is pending because they paid $ 35,860 into the registry of the Superior Court and the lien was released. This argument ignores the Legislature's intent to apply G.L. 1956 § 34-28-17.1 to all pending "lien substitutions." That payment is merely a lien substitution.

Gem Plumbing & Heating Co. v. Rossi, 867 A.2d 796 (R.I., 2005).

The Rossis failed to exercise their right under Rhode Island Supreme Court Rule 25 to seek reargument of the Supreme Court Decision within the statutory time period or to seek enlargement of that time period.

As of the date of this Memorandum, the Rossis have not filed a Petition for Writ of Certiorari with the United States Supreme Court seeking review of the Supreme Court Decision.

On or about March 17, 2005, the Rossis amended their Complaint and again asked this Federal Court to declare the Amended Mechanics' Lien Statute unconstitutional under the United States Constitution and the Rhode Island Constitution. Thus, the Rossis' collateral attack is no longer preemptive. It is a broadside attack on the Supreme Court Decision. Indeed, in order to prevail, this Court must effectively reverse the Rhode Island Supreme Court's holding that the Amended Mechanics' Lien Law is constitutional under the United States and Rhode Island constitutions and/or that the Amended Mechanics' Lien Law applies retroactively to the Gem-Rossi dispute.

## STANDARD OF REVIEW

Defendant asserts that the Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that under the so-called "*Rooker-Feldman* Doctrine," the United States District Court lacks subject-matter jurisdiction to review claims actually decided by a state court or claims "inextricably intertwined" with a state court judgment. See Section 1, *infra*.

In ruling on a Rule 12(b)(1) motion, a court is not limited to the face of the pleadings. Rather, "a court may consider any evidence it deems necessary to settle the jurisdictional question." *Palazzolo v. Ruggiano*, 993 F. Supp. 45, 46 (D.R.I. 1998) (citing *Aversa v. United States*, 99 F. 3d 1200, 1210 (1st Cir. 1996). It is the plaintiffs' burden to prove the existence of subject-matter jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Once it becomes apparent that the court lacks jurisdiction over the subject matter, the District

Court is required to dismiss the action in accordance with Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Defendant also seeks dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' fail to state a claim upon which relief can be granted.

The role of the District Court in considering a motion to dismiss under Rule 12(b)(6), is to "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). Under Rule 12(b)(6), the District Court must limit itself to the facts stated in the complaint or incorporated therein by reference. *El Dia, Inc. v. Rossello*, 165 F.3d 106, 110 (1st Cir. 1999). A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle them to relief. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). However, the pleadings requirements, though "minimal," are not "nonexistent." *Id.* A plaintiff must set forth factual allegations regarding each material element necessary to sustain recovery under some actionable legal theory. *Id.* "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996), cert. denied, 519 U.S. 1007 (1996).

## ARGUMENT

### I. THE UNITED STATES DISTRICT COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS UNDER THE *ROOKER-FELDMAN* DOCTRINE.

In the Supreme Court Decision, the Rhode Island Supreme Court held that the Amended Mechanics' Lien Law was constitutional under both the United States and the Rhode Island constitutions. The Court reviewed the relevant

federal and state precedents and concluded that the statutory procedures, as enacted by the Rhode Island Legislature, complied with rules governing procedural due process. *Supreme Court Decision, supra at *14.*

The Rhode Island Supreme Court also held that the Amended Mechanics' Lien Law applied retroactively to the Rossis-Gem dispute. *Id* at * 2.

Plaintiffs seek damages pursuant to 42 U.S.C. § 1983 for alleged violations of procedural due process, based upon factual allegations nearly identical to those alleged in their Motion to Dismiss and Release Funds filed with the Superior Court. See **Appendix Exhibit 1**. Specifically, Plaintiffs request that the District Court "Declare R.I. Gen. Laws § 34-28-1 et seq., the Mechanics' Lien Law, unconstitutional as violative of plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §2 of the Rhode Island Constitution." Amended Complaint, First Request For Relief.

In order for Plaintiffs to prevail on their claims, this District Court would have to rule that the Rhode Island Supreme Court erred in its rulings regarding the constitutionality and/or retroactivity of the Amended Mechanics' Lien Law. Under the so-called "*Rooker-Feldman* Doctrine," developed by the United States Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303 (1983), the United States District Court is jurisdictionally barred from doing so. In *Morey v. State of Rhode Island*, 2005 WL 487471 (D.R.I. 2005) (Lagueux, J.), Senior Judge Ronald R. Lagueux recently stated:

> The *Rooker-Feldman* doctrine is a basic principle of subject-matter jurisdiction that federal district courts should not serve as appellate courts to state courts. The only appropriate federal appellate court to a state court is the United States Supreme Court. Therefore, a federal court should not review issues already determined by a state court.

*Id. at* *5 (D.R.I. 2005) (dismissing federal claim for lack of subject-matter jurisdiction); *Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d 169 (D.R.I. 2003) (Smith, J.) (dismissing claim based upon *Rooker-Feldman* doctrine); *Wang v. New Hampshire Board of Registration in Medicine*, 55 F.3d 698, 703 (1st Cir. 1995)..

The *Rooker-Feldman* doctrine applies even though a state court judgment may have been erroneous. *Morey v. State of Rhode Island*, 2005 WL 487471 *5. Thus, even if the Rhode Island Supreme Court erred in the Supreme Court Decision, those errors would not alter this Court's lack of subject-matter jurisdiction.

The *Rooker-Feldman* doctrine also applies "whether or not the federal and state causes of action are technically the same for purposes of claim preclusion, or whether all of the familiar conditions for issue preclusion are met." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (citations omitted).

Two categories of claims are barred from the District Court's jurisdiction by the *Rooker-Feldman* doctrine: 1) claims actually decided by the state court and 2) claims "inextricably intertwined" with a state court judgment. *Id.*

> [T]he federal claim is "inextricably intertwined" with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Hill v. Town of Conway*, 193 .3d 33, 39 (1st Cir. 1999). It is not necessary that a plaintiff in a federal action formally seek to invalidate the state judgment; it is enough if the federal action would in substance defeat or negate the state judgment. *Mandel v. Town of Orleans*, 326 F.3d at 271. Even if a claim were not presented to a state court, the *Rooker-Feldman* doctrine forecloses lower federal

court jurisdiction over claims that are 'inextricably intertwined' with the claims adjudicated in state court. *Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d at 171 (citations omitted). Thus, "[i]nextricably intertwined is defined as a situation where the federal claim can only succeed if the state court claim fails. In other words, the federal court would have to reverse the state court for the federal claim to prevail." *Id.* at 171-172.

This lack of jurisdiction is not altered by Plaintiffs' claims that the state judgment is unconstitutional or claims that the Plaintiffs' constitutional rights were violated in the state proceeding. *Morey v. State of Rhode Island*, 2005 WL 487471 *5 citing to *Schneider v. Colegio de Aboados de Puerto Rico*, 917 F.2d 620, 628 (1st Cir. 1990) ("It is well-established that lower federal courts have no jurisdiction to hear appeal from state court decisions, even if the state judgment is challenged as unconstitutional.")

The First Circuit has recognized that despite the general rule of federal court jurisdiction over Section 1983 cases, "the most important exception is that federal courts do not have jurisdiction pursuant to Section 1983 to review the judgments and decisions of state courts." *Hill v. Town of Conway*, 193 F.3d at 39 (dismissing Section 1983 claims alleging unconstitutional taking, where state court had determined that plaintiffs were not entitled to damages after property was taken for use as a town road). *See also*, *Picard v. Members of the Employee Ret. Board*, 275 F.3d 139, 145 (1st Cir. 2001) (applying *Rooker-Feldman* in dismissing constitutional claims brought pursuant to Section 1983.)

As previously indicted, in order for Plaintiffs' to prevail in the instant matter, this Court must rule that the Rhode Island Supreme Court erred in its determination regarding the constitutionality, retroactivity and/or applicability of the Amended Mechanics' Lien Law. However, under *Rooker-Feldman*, this Court is without subject-matter jurisdiction to make any of those determinations because to do so would require the Court to review claims actually decided by

the Rhode Island Supreme Court, or, at minimum, to review claims "inextricably intertwined" with the Supreme Court Decision.[2]

While Plaintiffs may be displeased the Supreme Court Decision, their attempt to circumvent the state court appeal process by collateral attack in Federal Court is not the answer. Plaintiffs could have sought reargument under Rule 25 of the Rhode Island Supreme Court Rules, but are now time-barred from doing so.

However, even now, Plaintiffs have a Federal forum to request review of the Supreme Court Decision: the United States Supreme Court by Petition for Writ of Certiorari.

> If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d at 172.

Plaintiffs' collateral attack on the Supreme Court Decision is jurisdictionally barred under *Rooker-Feldman*. Accordingly, Plaintiffs' Amended Complaint must be dismissed. Rule 12(h)(3); *Muratore v. Darr*, 375 F.3d 140, 148 (1st Cir. 2004) (district court required to dismiss action over which it lacks subject-matter jurisdiction).

## II. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The federal civil rights act, 42 U.S.C. § 1983, provides a remedy for the deprivation of constitutional rights when that deprivation takes place under color

---

[2] The *Rooker-Feldman* doctrine subsumes principles of res judicata and collateral estoppel. *Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp. 2d at 173. Nevertheless, it should be noted that the principles of collateral estoppel or issue preclusion clearly bar the District court's reconsideration of the issues of the constitutionality and retroactivity of the Amended Mechanics' Lien Law which have already been finally adjudicated by the Rhode Island Supreme Court. *See State v. Werner*, 865 A. 2d 1049 (R.I. 2005); *Wiggins v. State of Rhode Island*, 326 F.Supp. 2d 297, 303-305 (D.R.I. 2004); *Griffin v. State of Rhode Island*, 760 F. 2d 359 (1st Cir. 1985) (principles of state preclusion law apply to actions under Section 1983).

of any statute, ordinance, regulation, custom or usage of a state.[3] An actionable Section 1983 claim must allege facts sufficient to support a determination that (1) the conduct complained of has been committed by a person acting under "color of state law" and (2) that the alleged conduct caused a denial of rights secured by the Constitution or laws of the United States. *Rumford Pharmacy v. City of East Providence*, 970 F.2d at 998. Plaintiffs' Complaint fails to allege sufficient facts to meet either of these elements under Section 1983.

**A. <u>Plaintiffs Cannot Establish a Due Process Violation.</u>**

It is well established that liability cannot be imposed pursuant to Section 1983 if there has been no unconstitutional due process violation. *See Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d 45, 50, n.5 (1st Cir. 2000) (noting that complaint may be dismissed where procedures did not violate due process as a matter of law); *Porter v. Hartigan*, 201 F. 3d 428, 1999 WL 700498 (1st Cir. 1999) (per curiam) (defendants not liable under Section 1983 because the statute authorizing attachment had not been found unconstitutional). *See also* *Spielman-Fond, Inc. v. Hanson's, Inc.*, 379 F.Supp. 997 (Ariz. 1973) *aff'd mem.*, 417 U.S. 901 (1974) (affirming judgment dismissing Section 1983 claim based upon finding that the filing of a mechanics' lien did not violate due process.)

The Rhode Island Supreme Court held that (i) the Amended Mechanics' Lien Law was constitutional under the United States Constitution and the Rhode Island Constitution, and (ii) the Amended Mechanics' Lien Law applies retroactively to the Rossis-Gem dispute. Accordingly, based on principals of collateral estoppel and res judicata, Plaintiffs cannot credibly allege a

---

[3] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

constitutional deprivation establishing Section 1983 liability. See *Griffen v. State of Rhode Island*, 760 F.2d 359, 361 (1st Cir 1985) (applying res judicata principals to bar plaintiff from re-litigating issues decided by state court in the guise of a federal Section 1983 claim). See also *Rumford Pharmacy v. City of East Providence*, 970 F.2d 996, 999-1000 (1st Cir. 1992); *Forbes v. Rhode Island Brotherhood of Correctional Officers*, 923 F. Supp. 315, 323 (D.R.I. 1996) (declining to reach "state action" issue where plaintiff failed to allege facts to support denial of constitutional rights.)

### B. <u>Defendants' Action Did Not Constitute "Action Under Color of State Law" Sufficient to Impose Liability Upon a Private Party.</u>

Neither Section 1983 nor the Fourteenth Amendment applies to private conduct. *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 95 (1st Cir. 1990). Since Section 1983 is aimed at "state action" and state actors, persons allegedly victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress. *Roche v. John Hancock Mutual Life Ins. Co.*, 81 F.3d 249, 253-54 (1st Cir. 1996) (citing to *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186-87 (1980). Acting under color of state law may be found when private conduct is alleged only in certain limited circumstances where "the party charged with the deprivation [is a] person who may be fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, 102 S. Ct. 2744 (1982). A party's conduct is "fairly attributable" to the state when the party is a state official, because he has acted together with or obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state. *Id.* at 936.

Here, Plaintiffs' Amended Complaint alleges simply that "Defendants actions, done under the color of state law, in utilizing the procedure set out by R.I. Gen. Laws § 34-28-1 et seq. (the Mechanics' Lien Statute) to acquire a lien on Plaintiffs' real estate caused Plaintiffs to be deprived of their funds in the amount of $35,860.00." Amended Complaint ¶ 30. This allegation is merely a

legal conclusion which the Court should reject as insufficient for purposes of a motion to dismiss. *Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d at 50, n.5 (citing to *New England Cleaning Servs., Inc. v. American Arbitration Assoc.*, 199 F.3d 542, 545 (1st Cir. 1999)). Consequently, this court must review the facts alleged to determine whether action under color of state law exists to support a Section 1983 claim.[4]

The specific factual allegations in the Amended Complaint point only to three possible bases for a finding of action under color of state law:

(1) Defendants' recording and maintaining a lien on Plaintiffs' real estate constituted "action under color of state law;" Amended Complaint ¶ 12, 16;

(2) Defendants' failure to comply with or invalid use of the mechanics' lien process constituted "action under color of state law;" Amended Complaint ¶ 13, 30; and

(3) Defendants' filing of the petition with the Rhode Island Superior Court seeking to enforce the mechanics' lien constituted "action under color of state law." Amended Complaint ¶ 17.

As will be demonstrated below, assuming these allegations to be true, none of them rise to the level of "actions under color of state law" for purposes of Section 1983 liability and therefore dismissal of this action is required under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[4] Defendant is mindful that the Rhode Island Supreme Court found "state action" for the purposes of analyzing the constitutional due process issues under the Amended Mechanics' Lien Law. Supreme Court Decision at *7. However, Defendant submits that the Rhode Island Supreme Court did not address private party liability under Section 1983, such that the District Court must determine the issue of whether there Defendants acted "under color of state law" in the first instance. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 935, n. 18 ("It does not follow from that that all conduct that satisfies the under-color-of state-law requirement would satisfy the Fourteenth Amendment requirement of "state action". If action under color of state law means nothing more than that the individual act 'with the knowledge of and pursuant to that statute,' then clearly under Flagg Brothers that would not, in itself, satisfy the state-action requirement of the Fourteenth Amendment." )

**1. <u>Defendant's Recording and Maintaining of the Lien on Plaintiffs' Real Estate Is Not Sufficient To Constitute "State Action."</u>**

As refined by the Supreme Court in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 927-928, n. 6, joint action with a state official may support a section 1983 claim against a private party where there has been "overt official involvement." This District Court has held, based upon the reasoning of the United States Supreme Court in *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729 (1978), "it is clear that a private party adherence to the law, or a state-tolerated disregard for the law, does not support a joint action or conspiracy claim sufficient to establish the "under color of state law" element of 42 U.S.C. § 1983." *Patty v. New England Telephone & Telegraph Co.*, 745 F. Supp. 806, 812 (D.R.I. 1990).

Thus, "state action" may only be found based upon Plaintiffs' allegations if the ministerial act by a clerk of recording a notice of mechanics' lien equates to "overt and significant assistance of state officials." *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 486, 108 S.Ct. 1340, 1345 (1988). See *Gonzales-Morales, supra*, 221 F.3d at 49 (state actor component under Section 1983 requires that the party charged with the deprivation be fairly said to be a state actor).

The issue of whether the filing of a lien involves the joint participation of state government so as to give rise to "state action" that would support a federal civil rights claim under Section 1983 was squarely addressed by the Tenth Circuit in *Cobb v. Saturn Land Company*, 966 F. 2d 1334 (1982). The Court found that the actions performed by the city clerk, accepting and recording the lien materials prepared by defendants and issuing filing notices to the plaintiffs, were not substantial enough to amount to "overt, significant assistance of state officials" and thus could not support a Section 1983 claim. *Id.* at 1337. Under the procedures governing the mechanics' lien law in Rhode Island, the actions of

town clerks in recording the notice of a mechanics' liens are similarly ministerial and are insufficient to support a Section 1983 claim.

This conclusion is in line with cases involving other types of minimal or ministerial acts by state officials wherein the courts concluded that the "state action" requirement under Section 1983 was not met. *See, e.g.*, *Jerry's Sport Center, Inc. v. Novick*, 448 A.2d 404 (N.H. 1982) (plaintiffs' mere use of court *lis pendens* forms and directions to the county clerk to record them did not amount to "state action"); *Gaskell v. Weir*, 10 F.3d 626 (9th Cir. 1993) (court clerk's actions in accepting and recording settlement documents was ministerial and lacked "state action"); *Hercules Chemical Company, Inc. v. VCI, Inc.*, 462 N.Y.S. 2d 129 (Sup. Ct. 1983) (filing of *lis pendens* did not constitute "state action" under federal law). Moreover, the mere recording of the notice of lien is in marked contrast to those cases where there was state assistance in the actual seizure of property. *See, e.g.*, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922.

Based upon the foregoing, Defendants' use of the Amended Mechanics Lien Law, and filing of the notice of mechanic's lien did not constitute "state action" sufficient to impose liability under Section 1983. The failure to allege a factual basis for a finding of "state action" by a private party requires dismissal of Plaintiffs' Section 1983 claims under Rule 12(b)(6). *Patty v. New England Telephone & Telegraph Co.*, 745 F. Supp. at 810-811 (D.R.I. 1990).

### 2. **<u>Defendants' Alleged Lack of Compliance or Improper Use of the Mechanics' Lien Law Would Not Constitute "State Action" Under Section 1983.</u>**

Plaintiffs alleged that Defendants did not comply with the procedures delineated in the Amended Mechanics' Lien Law. Amended Complaint at Paragraph 13. The sole basis for Plaintiffs' non-compliance allegations is that the notice of lien was signed by Defendant Robert Levine and he allegedly lacked the requisite capacity and competence. Assuming for purposes of Rule

12(b)(6) that these allegations are true[5], Plaintiffs' claims must be dismissed because such non-compliance would not be attributed to a state rule or a state decision and therefore would not rise to the level of "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 940. *See also Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d at 49, 51 (private misuse of a state statute does not describe conduct that can be attributed to the state.) Accordingly, if true, these allegations would only constitute "private action," insufficient to state a claim under Section 1983.

**3. Defendant's Signing and Filing of Gem's Superior Court Petition Was Not Sufficient To Constitute "State Action" Under Section 1983.**

Plaintiffs contend that Defendant's signing and filing of the Gem's Superior Court Petition constituted "state action." Something more than mere resort to the state courts is required to transform a Section 1983 defendant into a state actor. *Casa Marie, Inc. v. Superior Court of Puerto Rico*, 988 F.2d 252, 258 (1st Cir. 1993). Participation by a private party in litigation, without more, does not constitute "state action," a necessary precondition to a Section 1983 claim. *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980) (citing to *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)).

Consequently, Plaintiffs have failed to allege sufficient "state action" to support a Section 1983 claim, and this action should be dismissed under Rule 12(b)(6).

**C. Plaintiffs Failed To Allege Damages Resulting from the Alleged Deprivation Sufficient To Establish a Claim Under Section 1983.**

Assuming, *arguendo*, that Plaintiffs' allegations are deemed to be true, Plaintiffs have not alleged damages caused by the alleged due process violations

[5] If this matter survives Defendant's motion to dismiss, Defendant shall file a motion for summary judgment with an affidavit of Defendant Levine attesting to the fact that he was inside general counsel of Gem and an employee of Gem, and that he had the requisite capacity and competence to sign the notice of lien.

sufficient to establish a claim under Section 1983. As set forth in the Amended Complaint, the mechanic's lien was discharged and released and substituted with funds that have been accruing interest in the Registry of the Court. Amended Complaint, Paragraph 19. Unavailability of funds, without more, does not establish a basis for an award of compensatory damages. *See Amico v. Morris*, 2004 WL 2075574 *5 (R.I.Super. 2004) (Lanphear, J.) (ruling that plaintiff who had mechanics' lien discharged by depositing funds in the court registry did not sustain any injury in fact as a result of the lien.)

Moreover, the possibility that these funds will be returned in whole or in part after the validity of the lien is adjudicated on its substantive merits belies any contention that there are no adequate remedies under state law necessary to support a claim for damages under Section 1983. *Rumford Pharmacy v. City of East Providence*, 970 F.2d 996, 999-1000 (1st Cir. 1992) (dismissing Section 1983 claims where plaintiff could not allege the unavailability of adequate state remedies.)

A further safeguard protecting Plaintiffs from damage which might have been caused by the deposit of their funds with the Registry of Court as a lien substitute is the fact that all funds deposited with the Registry of Court accrue interest.

Plaintiffs have also alleged that Defendants' actions have caused an unconstitutional "taking" of their property. However, as the Rhode Island Supreme Court noted in the Supreme Court Decision, *(supra at* *1, n. 4), the facts of this case invoke constitutional due process which is different from a "taking" which only addresses protection from the *government's* taking of private property for public use. Consequentially, there is no clear basis for Plaintiffs to seek damages from the Defendants for unconstitutional "taking" of their property. *See, e.g., Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922).

## D. <u>**Plaintiffs' Claims Must be Dismissed Because Plaintiffs Sued the Improper Party**</u>.

Plaintiffs have not named Gem Plumbing & Heating Co., Inc. as a defendant in this action. However, even a cursory review of the Amended Complaint reveals that the corporation, not Defendant Gemma, was the party seeking the benefit of the mechanics' lien. Rhode Island law has consistently upheld the general rule that a corporation is a separate legal entity, the actions of which its officers are not personally liable.

> The theory of corporate entity, fundamental as it is, should be disregarded only when the facts of a particular case warrant such disregard. In cases where the corporate entity has been disregarded there has been some element which rendered it unjust and inequitable to consider the corporation attacked a separate entity.

*Alterio v. Biltmore Const. Corp.*, 377 A.2d 237, 241 (R.I. 1977) (quoting from *Vennerbeck & Clase Co. v. Juergens Jewelry Co.*, 53 R.I. 135, 138-39, 164 A. 509, 510 (1933).

The criteria for piercing the corporate veil to impose liability on non-corporate defendants vary with the particular circumstances of each case. *Doe v. Gelineau,* 732 A.2d 43, 48 (R.I. 1999). Nevertheless, one overriding factor is omnipresent: "the corporate entity should be disregarded and treated as an association of persons only when the facts of a particular case render it unjust and inequitable to consider the subject corporation a separate entity." *Id* at 48. Such facts may be present, for example, "when the corporate entity 'is used to defeat public convenience, justify wrong, protect fraud, or defend crime.' " *R & B Electric Co. v. Amco Construction Co.,* 471 A.2d 1351, 1354 (R.I.1984).

Plaintiffs have alleged no such facts which would warrant the piercing of the corporate shield in this case. Accordingly, the claims against Defendant Gemma must be dismissed in all respects.

## III. THE DISTRICT COURT SHOULD EXERCISE ITS DISCRETION TO ABSTAIN FROM DECIDING PLAINTIFFS' CLAIMS.

Federal courts have long recognized principles of comity with state courts and respect for state functions, such that the state courts should be afforded the opportunity to perform their duty to review the constitutionality of state statutes under federal law. This principle of comity requires:

> [A] proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746 (1971). A number of abstention doctrines have been developed by federal courts to resolve cases implicating concurrent jurisdiction considerations. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17, 116 S.Ct. 1712 (1996) (listing the several types of abstention).

The *Younger* abstention doctrine is grounded in notions of comity, that the state courts, in certain circumstances, should not be interfered with. Thus, if a pending "state action" involves an important state interest, and the state forum provides the opportunity to litigate the related federal constitutional issues, then federal courts should abstain from making decisions affecting the pending action. *Younger v. Harris*, 401 U.S. at 44. *Younger* has been extended to civil cases in those situations which impact the fundamental workings of a state's judicial system. *See Rio Grande Community Health Center, Inc. v. Rullan*, 2005 WL 338327 *9 (1st Cir. 2005) (citing cases).

In this case, the Rhode Island Supreme Court analyzed and upheld the validity of the Amended Mechanics' Lien Law under both the state and federal constitutions. The resolution of substantive merits of the underlying mechanics' lien recorded by Gem against the Rossis and whether the statutory procedures were properly followed has been remanded to the state Superior Court. Since

the fundamental workings of the state mechanics' lien system is at issue and is currently pending before the state court, *Younger* abstention is appropriate.

A second doctrine upon which abstention may be predicated in the instant case is *Colorado River* abstention as formulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-20, 96 S.Ct. 1236 (1976). Courts have considered the following factors in determining the applicability of abstention under *Colorado River*: (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. See *Rio Grande Community Health Center, Inc. v. Rullan*, 2005 WL 338327 *12. (citations omitted.) *Colorado River* has special appeal where a state court decision "may substantially, perhaps even fully, answer certain questions of state law in a way that will permit easy answers, relatively speaking, to the federal ones." *Currie v. Group Insurance Commission,* 290 F. 3d 1 (1st Cir. 2002).

In this case, the state court system has assumed jurisdiction over a res, monies currently deposited in the Registry of the Court. The "state action" was filed first and has proceeded through the state's judicial system. As to the other factors, it is apparent from the arguments previously made herein that they all point toward abstention. The fact that this federal action was pursued as a reaction to a pending and ultimately adverse state court action weighs heavily in favor of abstention. *Cruz v. Melecio*, 204 F. 3d 14, 23-24 (1st Cir. 2000).

Finally, the *Pullman* abstention doctrine, as articulated by the Supreme Court in *R.R. Comm'n v. Pullman,Co.*, 312 U.S. 496, 61 S.Ct. 643 (1941), counsels that abstention is appropriate where a federal constitutional claim is

premised on an unsettled question of state law in order to provide the state courts an opportunity to settle the underlying state law question and to avoid the possibility of unnecessarily deciding a constitutional question.

Here, Plaintiffs have alleged that the state mechanics' lien procedures were not followed by the Defendants. These issues have been raised by the Rossis in the case that has been remanded to the Superior Court and were not ruled upon by the Rhode Island Supreme Court in the Supreme Court Decision. Comity demands that the Rhode Island state courts, rather than the United States District Court, is the appropriate forum to decide these unique state law issues. Accordingly, the District Court should abstain from adjudicating Plaintiffs' Complaint.

## IV. THE DISTRICT COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS.

In a federal-question case such as this, the dismissal of the primary federal claim does not divest the district court of the power to exercise supplemental jurisdiction over the remaining state law claims but, rather, sets the stage for the exercise of the court's informed discretion. 28 U.S.C. § 1367 (c)(3). In deciding whether or not to retain jurisdiction on such an occasion, the district court must take into account concerns of comity, judicial economy, convenience, fairness and the like. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614 (U.S. 1988); *Che v. Massachusetts Bay Transp. Authority*, 342 F.3d 31, 37 (1st Cir. 2003).

Dismissal of the state law claims is particularly appropriate if the federal-question claim is eliminated early in the proceedings. *See Martinez v. Cohen*, 54 F. 3d 980, 990 (1st Cir.), *cert. denied*, 516 U.S. 987, 116 S.Ct. 515 (1995); *Brennan v. Henrigan*, 888 F.2d 189, 196 (1st Cir. 1989); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit,

well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Clearly, dismissal of Plaintiffs' federal claims in the context of a motion to dismiss militates in favor of dismissing Plaintiffs' state law slander of title claim as well.

Furthermore, until the merits of the underlying lien have been resolved as a matter of state law, Plaintiffs' slander of title of claim is not ripe and must be dismissed. *Peckham v. Hirschfeld*, 570 A.2d 663, 668 (R.I. 1990) (holding that plaintiff could not bring a slander of title claim until the recorded document was found to be false); *Montecalvo v. Mandarelli,* 682 A.2d 918, 923 (R.I. 1996) (necessary element of slander of title claim is a false statement recorded in the land records.)

**CONCLUSION**

For the reasons set forth herein, Defendant Leonard Gemma respectfully requests that this Court dismiss Plaintiff's Amended Complaint, or, in the alternative, abstain from accepting jurisdiction and decline supplemental jurisdiction.[6]

LEONARD P. GEMMA,
By his attorney,

Theodore Orson, Esq. (3871)
Orson and Brusini Ltd
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100
(401) 861-2922 (fax)
Dated: March 28, 2005

[6] In the event Defendant prevails herein, Defendant reserves his right to seek attorney fees under 42 U.S.C. § 1988.

**CERTIFICATION**

I hereby certify that on this 28th day of March 2005, I caused a copy of the within Memorandum in Support of Defendant's Motion to Dismiss to be mailed postage prepaid to Patrick Daugherty, Esq., 155 South Main Street, Providence, RI 02903 and Robert E. Kiely, Esq. Regan and Kiely, LLP, 85 Devonshire Street, Boston MA 02109.

Lucia Navarro