UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs<br><br>v.<br><br>LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in his capacity as general partner of Gemma and Levine; and<br>HENRY S. KINCH, JR., in his capacity as clerk of the Providence County Superior Court,<br>Defendants | ) | C.A. No. 05-032-S |

**MOTION OF THE DEFENDANT, ROBERT J. LEVINE,**
**<u>TO DISMISS THE PLAINTIFF'S COMPLAINT OR TO ABSTAIN</u>**

Now comes the defendant, Robert J. Levine, individually and in his capacity as general partner of Gemma and Levine ("Defendant Levine") and hereby moves this Court to dismiss the above-captioned Amended Complaint filed by the plaintiffs pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted, that the Court does not have subject matter jurisdiction over plaintiff's claims, and that the court should, in its discretion, abstain from acceptance of jurisdiction.

In support of his motion, Defendant Levine relies upon the accompanying Memorandum of Law in Support of its Motion to Dismiss or in the Alternative to Abstain and the attached Appendix to Memorandum of Law filed herewith. Additionally, defendant Levine hereby adopts and

24

incorporates by reference the Motion of Co-Defendant Leonard P. Gemma to Dismiss or in the Alternative to Abstain, and adopts and incorporates by reference the Memorandum of Law filed by co-defendant Leonard P. Gemma, as well as all documents and legal authority submitted by co-defendant Leonard P. Gemma.

For the Defendant Levine,
By his attorney,

Robert E. Kiely, Esquire
Syd A. Saloman, Esquire (#6618)
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109
(617)723-0901
(617)723-0977 (fax)

Local Counsel:

Fred Mason, Esquire (          )
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917
(401)232-2277

**CERTIFICATION**

I hereby certify that on this 24 day of ~~March~~ April, 2005, a copy of the Motion of the Defendant, Robert J. Levine, to Dismiss the Plaintiff's Complaint or to Abstain was forwarded first class mail, postage prepaid to: Patrick Daugherty, Esquire, 155 South Main Street, Providence, RI 02903 and to Theodore Orson, Esquire, Orson & Brusini, Ltd., 55 Dorrance Street, Suite 400, Providence, RI 02903.

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs<br><br>v.<br><br>LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in his capacity as general partner of Gemma and Levine; and<br>HENRY S. KINCH, JR., in his capacity as clerk of the Providence County Superior Court,<br>Defendants | ) | C.A. No. 05-032-S |

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**<u>ROBERT J. LEVINE'S MOTION TO DISMISS OR TO ABSTAIN</u>**

Defendant Robert J. Levine, individually, and in his capacity as General Partner of Gemma and Levine ("Defendant Levine"), hereby submits this Memorandum of Law in support of his <u>Motion to Dismiss or To Abstain</u>, filed herewith. Defendant seeks dismissal of the above-captioned action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (I) the Federal Court is without subject matter jurisdiction over Plaintiffs' claims, and (II) Plaintiffs fails to state a claim upon which relief can be granted. In the alternative, and without prejudice to his Rule 12(b) motions, Defendant seek an Order from this Court exercising its discretion to abstain from accepting jurisdiction.

**FACTUAL BACKGROUND**

In the interests of judicial economy and brevity, and to avoid unnecessary repetition,

Defendant Levine hereby adopts by reference the Factual Background portion of the Memorandum of Law filed separately and previously by Defendant Levine's co-defendant, Leonard P. Gemma. In addition, Defendant Levine also adopts and attaches the Appendix to Memorandum in Support of Defendant's Motion filed separately and previously by co-defendant Leonard P. Gemma.

**STANDARD OF REVIEW**

Defendant Levine asserts that the Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that under the so-called *"Rooker-Feldman* Doctrine," the United States District Court lacks subject-matter jurisdiction to review claims actually decided by a state court or claims "inextricably intertwined" with a state court judgment. See Section 1, infra.

In ruling on a Rule 12(b)(1) motion, a court is not limited to the face of the pleadings. Rather, "a court may consider any evidence it deems necessary to settle the jurisdictional question." *Palazzolo* v. *Ruggiano,* 993 F. Supp. 45, 46 (D.R.I. 1998) (citing *Aversa* v. *United States,* 99 F. 3d 1200,1210 (1st Cir. 1996). It is the plaintiffs' burden to prove the existence of subject-matter jurisdiction. *Murphy* v. *United States,* 45 F.3d 520, 522 (1st Cir. 1995). Once it becomes apparent that the court lacks jurisdiction over the subject matter, the District Court is required to dismiss the action in accordance with Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Defendant Levine also seeks dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' fail to state a claim upon which relief can be granted.

The role of the District Court in considering a motion to dismiss under Rule 12(b)(6), is to "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor

of the plaintiff." *Dartmouth Review* v. *Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989). Under Rule 12(b)(6), the District Court must limit itself to the facts stated in the complaint or incorporated therein by reference. *El Dia, Inc.* v. *Rossello,* 165 F .3d 106, 110 (1 st Cir. 1999). A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle them to relief. *Gooley* v. *Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). However, the pleadings requirements, though "minimal," are not "nonexistent." *Id.* A plaintiff must set forth factual allegations regarding each material element necessary to sustain recovery under some actionable legal theory. *Id.* "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus* v. *Sears, Roebuck* & Co., 87 F.3d 65, 70 (2d Cir. 1996), cert. denied, 519 U.S. 1007 (1996).

## ARGUMENT

### I. THE UNITED STATES DISTRICT COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS UNDER THE *ROOKER FELDMAN* DOCTRINE.

In the Supreme Court Decision, the Rhode Island Supreme Court held that the Amended Mechanics' Lien Law was constitutional under both the United States and the Rhode Island constitutions. The Court reviewed the relevant federal and state precedents and concluded that the statutory procedures, as enacted by the Rhode Island Legislature, complied with rules of procedural due process. *Supreme Court Decision, supra at* *14. The Rhode Island Supreme Court also held that the Amended Mechanics' Lien Law applied retroactively to the Rossis-Gem dispute. *Id* at * 2.

Plaintiffs seek damages pursuant to 42 U.S.C. § 1983 for alleged violations of procedural due process, based upon factual allegations nearly identical to those alleged in their <u>Motion to Dismiss and Release Funds</u> filed with the Superior Court. See **<u>Appendix Exhibit</u>** <u>1</u>. Specifically, Plaintiffs

request that the District Court "Declare R.I. Gen. Laws § 34-28-1 et seq., the Mechanics' Lien Law, unconstitutional as violative of plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §2 of the Rhode Island Constitution." Amended Complaint, First Request For Relief.

In order for Plaintiffs to prevail on their claims, this District Court would have to rule that the Rhode Island Supreme Court erred in its rulings regarding the constitutionality and/or retroactivity of the Amended Mechanics' Lien Law. Because of the extraordinary deference and respect for state court rulings, and in the interests of comity, the United States Supreme Court has directed that these types of collateral attacks are jurisdictional, not discretionary. *Wang* v. *New Hampshire Board* of *Registration in Medicine,* 55 F.3d 698, 703 (1st Cir. 1995). Under the *Rooker-Feldman* doctrine, the United States District Court is without subject-matter jurisdiction to even consider the requested relief.

The *Rooker-Feldman* doctrine derives from two Supreme Court decisions, *Rooker v. Fidelity Trust* Co., 263 U.S. 413, 44 S. Ct. 149 (1923) and *District of Columbia Court* of *Appeals* v. *Feldman,* 460 U.S. 462, 103 S. Ct. 1303 (1983):

> The *Rooker-Feldman* doctrine is a basic principle of subject-matter jurisdiction that federal district courts should not serve as appellate courts to state courts. The only appropriate federal appellate court to a state court is the United States Supreme Court. Therefore, a federal court should not review issues already determined by a state court.

*Morey v. State* of *Rhode Island,* 2005 WL 487471 *5 (D.R.I. 2005) (Lagueux, J.) (citing cases) (dismissing federal claim for lack of subject-matter jurisdiction); *Narragansett Indian Tribe* of *Rhode Island v. Banfield,* 294 F. Supp. 2d 169 (D.R.I. 2003) (Smith, J.) (dismissing claim based upon *Rooker-Feldman* doctrine.)

The *Rooker-Feldman* doctrine applies even though the state court judgment may have been erroneous. *Morey v. State of Rhode Island*, 2005 WL 487471 *5. It also applies "whether or not the federal and state causes of action are technically the same for purposes of claim preclusion, or whether all of the familiar conditions for issue preclusion are met." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (citations omitted).

Two categories of claims are barred from the District Court's jurisdiction by the *Rooker-Feldman* doctrine: 1) claims actually decided by the state court and 2) claims "inextricably intertwined" with a state court judgment. *Id.*

> [T]he federal claim is "inextricably intertwined" with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment.

*Hill v. Town* of *Conway,* 193 .3d 33, 39 (1 st Cir. 1999). It is not necessary that a plaintiff in a federal action formally seek to invalidate the state judgment; it is enough if the federal action would in substance defeat or negate the state the Amended Mechanics' Lien Law. However, under *Rooker-Feldman,* this Court is without subject-matter jurisdiction to make any of those determinations because to do so would require the Court to review claims actually decided by the Rhode Island Supreme Court, or, at minimum, to review claims "inextricably intertwined" with the Supreme Court Decision.

Plaintiffs have a Federal forum to seek review of the Supreme Court Decision: the United States Supreme Court by Petition for Writ of Certiorari.

> If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme

Court.

*Narragansett Indian Tribe of Rhode Island v. Banfield,* 294 F. Supp. 2d at 172.

Plaintiffs' collateral attack on the Supreme Court Decision is jurisdictionally barred under *Rooker-Feldman.* Accordingly, Plaintiffs' Complaint must be dismissed. Rule 12(h)(3); *Muratore* v. *Darr,* 375 F.3d 140, 148 (1st Cir. 2004) (district court required to dismiss action over which it lacks subject-matter jurisdiction).

## II. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The federal civil rights act, 42 U.S.C. § 1983, provides a remedy for the deprivation of constitutional rights when that deprivation takes place under color of any statute, ordinance, regulation, custom or usage of a state. An actionable Section 1983 claim must allege facts sufficient to support a determination that (1) the conduct complained of has been committed by a person acting under "color of state law" and (2) that the alleged conduct caused a denial of rights secured by the Constitution or laws of the United States. *Rumford Pharmacy v. City of East Providence*, 970 F.2d at 998. Plaintiffs' Complaint fails to allege sufficient facts to meet either of these elements under Section 1983.

### A. **<u>Plaintiffs Cannot Establish a Due Process Violation.</u>**

It is well established that liability cannot be imposed pursuant to Section 1983 if there has been no unconstitutional due process violation. *See GonzalezMorales v. Hernandez-Arencibia,* 221 F.3d 45, 50, n.5 (1 st Cir. 2000) (noting that complaint may be dismissed where procedures did not violate due process as a matter of law); *Porter v. Hartigan,* 201 F. 3d 428, 1999 WL 700498 (1 st Cir. 1999) (per curiam) (defendants not liable under Section 1983 because the statute authorizing

attachment had not been found unconstitutional). *See also Spielman-Fond, Inc. v. Hanson's, Inc.*, 379 F.Supp. 997 (Ariz. 1973) *aff'd mem.*, 417 U.S. 901 (1974) (affirming judgment dismissing Section 1983 claim based upon finding that the filing of a mechanics' lien did not violate due process).

The Rhode Island Supreme Court held that (I) the Amended Mechanics' Lien Law was constitutional under the United States Constitution and the Rhode Island Constitution, and (ii) the Amended Mechanics' Lien Law applies retroactively to the Rossis-Gem dispute. Accordingly, based on principals of collateral estoppel and res judicata, Plaintiffs cannot credibly allege a constitutional deprivation establishing Section 1983 liability. See *Griffen v. State* of *Rhode Island,* 760 F.2d 359, 361 (1st Cir 1985) (applying res judicata principals to bar plaintiff from re-litigating issues decided by state court in the guise of a federal Section 1983 claim). See also *Rumford Pharmacy v. City of East Providence*, 970 F.2d 996, 999-1000 (1st Cir. 1992); *Forbes v. Rhode Island Brotherhood* of *Correctional Officers,* 923 F. Supp. 315, 323 (D.R.I. 1996) (declining to reach "state action" issue where plaintiff failed to allege facts to support denial of constitutional rights).

**B. Defendants' Action Did Not Constitute "Action Under Color of State Law" Sufficient to Impose Liability Upon a Private Party.**

Neither Section 1983 nor the Fourteenth Amendment applies to private conduct. *Rodriguez-Garcia v. Davila,* 904 F .2d 90, 95 (1 st Cir. 1990). Since Section 1983 is aimed at "state action" and state actors, persons allegedly victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress. *Roche v. John Hancock Mutual Life Ins.* Co., 81 F.3d 249, 253-54 (1st Cir. 1996) (citing to *Dennis v. Sparks,* 449 U.S. 24, 27-28,101 S.Ct. 183, 186-87 (1980). Acting under color of state law may be found when private conduct is alleged only in certain limited circumstances where "the party charged with the deprivation [is a] person who may be fairly be said

to be a state actor." *Lugar v. Edmondson Oil* Co., 457 U.S. 922, 935,102 S. Ct. 2744 (1982). A party's conduct is "fairly attributable" to the state when the party is a state official, because he has acted together with or obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state. *Id.* at 936.

Here, Plaintiffs' Amended Complaint alleges simply that "Defendants actions, done under the color of state law, in utilizing the procedure set out by R.I. Gen. Laws § 34-28-1 et seq. (the Mechanics' Lien Statute) to acquire a lien on Plaintiffs' real estate caused Plaintiffs to be deprived of their funds in the amount of $35,860.00." Amended Complaint, paragraph 30. This allegation is merely a legal conclusion which the court is not required to accept when considering a motion to dismiss. *Gonzalez-Morales v. Hernandez-Arencibia,* 221 F.3d at 50, n.5 (citing to *New England Cleaning Servs., Inc. v. American Arbitration Assoc.*, 199 F.3d 542, 545 (1st Cir. 1999). Consequently, this court must review the facts alleged to determine whether action under color of state law exists to support a Section 1983 claim.

The specific factual allegations in the Amended Complaint point only to three possible bases for a finding of action under color of state law:

(1) Defendants' recording and maintaining a lien on Plaintiffs' real estate constituted "action under color of state law;" Amended Complaint ¶12, 16;

(2) Defendants' failure to comply with or invalid use of the mechanics' lien process constituted "action under color of state law;" Amended Complaint ¶ 13, 30; and

(3) Defendants' filing of the petition with the Rhode Island Superior Court seeking to enforce the mechanics' lien constituted "action under color of state law." Amended Complaint ¶17.

As will be demonstrated below, assuming these allegations to be true, none of them rise to the level of "actions under color of state law" for purposes of Section 1983 liability and therefore dismissal of this action is required under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**1. Defendant's Recording and Maintaining of the Lien on Plaintiffs' Real Estate Is Not Sufficient To Constitute "State Action."**

As refined by the Supreme Court in *Lugar v. Edmondson Oil* Co., 457 U.S. 922, 927-928, n. 6, joint action with a state official may support a section 1983 claim against a private party where there has been "overt official involvement." This District Court has held, based upon the reasoning of the United States Supreme Court in *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729 (1978), "it is clear that a private party adherence to the law, or a state-tolerated disregard for the law, does not support a joint action or conspiracy claim sufficient to establish the "under color of state law" element of 42 U.S.C. §1983." *Patty* v. *New England Telephone & Telegraph* Co., 745 F. Supp. 806, 812 (D.R.I. 1990).

Thus, "state action" may only be found based upon Plaintiffs' allegations if the ministerial act by a clerk of recording a notice of mechanics' lien equates to "overt and significant assistance of state officials." *Tulsa Professional Collection Services, Inc.* v. *Pope,* 485 U.S. 478, 486, 108 S.Ct. 1340, 1345 (1988). See *Gonzales-Morales, supra,* 221 F.3d at 49 (state actor component under Section 1983 requires that the party charged with the deprivation be fairly said to be a state actor).

The issue of whether the filing of a lien involves the joint participation of state government so as to give rise to "state action" that would support a federal civil rights claim under Section 1983 was squarely addressed by the Tenth Circuit in *Cobb* v. *Saturn Land Company,* 966 F. 2d 1334 (1982). The Court found that the actions performed by the city clerk, accepting and recording the lien

materials prepared by defendants and issuing filing notices to the plaintiffs, were not substantial enough to amount to "overt, significant assistance of state officials" and thus could not support a Section 1983 claim. *Id.* at 1337. Under the procedures governing the mechanics' lien law in Rhode Island, the actions of town clerks in recording the notice of a mechanics' liens are similarly ministerial and are insufficient to support a Section 1983 claim.

This conclusion is in line with cases involving other types of minimal or ministerial acts by state officials wherein the courts concluded that the "state action" requirement under Section 1983 was not met. *See, e.g., Jerry's sport Center, Inc.* v. *Novick,* 448 A.2d 404 (N.H. 1982) (plaintiffs' mere use of court lis pendens forms and directions to the county clerk to record them did not amount to "state action"); *Gaskell* v. *Weir,* 10 F.3d 626 (9th Cir. 1993) (court clerk's actions in accepting and recording settlement documents was ministerial and lacked "state action"); *Hercules Chemical Company, Inc.* v. *VCI, Inc.,* 462 N.Y.S. 2d 129 (Sup. Ct. 1983) (filing of *lis pendens* did not constitute "state action" under federal law). Moreover, the mere recording of the notice of lien is in marked contrast to those cases where there was state assistance in the actual seizure of property. *See, e.g., Lugar* v. *Edmondson Oil Co.,* 457 U.S. 922.

Based upon the foregoing, Defendants' use of the Amended Mechanics Lien Law, and filing of the notice of mechanic's lien did not constitute "state action" sufficient to impose liability under Section 1983. The failure to allege a factual basis for a finding of "state action" by a private party requires dismissal of Plaintiffs' Section 1983 claims under Rule 12(b )(6). *Patty* v. *New England Telephone & Telegraph Co.,* 745 F. Supp. at 810-811 (D.R.I. 1990).

### 2. Defendants' Alleged Lack of Compliance or Improper Use of the Mechanics' Lien Law Would Not Constitute "State Action" Under Section 1983.

Plaintiffs alleged that Defendants did not comply with the procedures delineated in the Amended Mechanics' Lien Law. Amended Complaint at Paragraph 13. The sole basis for Plaintiffs' non-compliance allegations is that the notice of lien was signed by Defendant Robert Levine and he allegedly lacked the requisite capacity and competence. Assuming for purposes of Rule 12(b)(6) that these allegations are true, Plaintiffs' claims must be dismissed because such non-compliance would not be attributed to a state rule or a state decision and therefore would not rise to the level of "state action." *Lugar* v. *Edmondson Oil Co.,* 457 U.S. at 940. See also *Gonzalez-Morales v. HemandezArencibia,* 221 F.3d at 49, 51 (private misuse of a state statute does not describe conduct that can be attributed to the state.) Accordingly, if true, these registry did not sustain any injury in fact as a result of the lien).

Moreover, the possibility that these funds will be returned in whole or in part after the validity of the lien is adjudicated on its substantive merits belies any contention that there are no adequate remedies under state law necessary to support a claim for damages under Section 1983. *Rumford Pharmacy* v. *City* of *East Providence,* 970 F.2d 996, 999-1000 (1st Cir. 1992) (dismissing Section 1983 claims where plaintiff could not allege the unavailability of adequate state remedies.) A further safeguard protecting Plaintiffs from damage which might have been caused by the deposit of their funds with the Registry of Court as a lien substitute is the fact that all funds deposited with the Registry of Court accrue interest.

Plaintiffs have also alleged that Defendants' actions have caused an unconstitutional "taking" of their property. However, as the Rhode Island Supreme Court noted in the Supreme Court Decision, *(supra at* *1, n. 4), the facts of this case invoke constitutional due process which is different from a "taking" which only addresses protection from the *government's* taking of private

property for public use. Consequentially, there is no clear basis for Plaintiffs to seek damages from the Defendants for unconstitutional "taking" of their property. See, e.g., *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393 (1922).

**III. THE DISTRICT COURT SHOULD EXERCISE ITS DISCRETION TO ABSTAIN FROM DECIDING PLAINTIFFS' CLAIMS.**

Federal courts have long recognized principles of comity with state courts and respect for state functions, such that the state courts should be afforded the opportunity to perform their duty to review the constitutionality of state statutes under federal law. This principle of comity requires:

> [A] proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger v. Harris,* 401 U.S. 37,44,91 S.Ct. 746 (1971). A number of abstention doctrines have been developed by federal courts to resolve cases implicating concurrent jurisdiction considerations. *See Quackenbush* v. *Allstate Ins.* Co., 517 U.S. 706, 716-17, 116 S.Ct. 1712 (1996) (listing the several types of abstention).

The *Younger* abstention doctrine is grounded in notions of comity, that the state courts, in certain circumstances, should not be interfered with. Thus, if a pending "state action" involves an important state interest, and the state forum provides the opportunity to litigate the related federal constitutional issues, then federal courts should abstain from making decisions affecting the pending action. *Younger* v. *Harris,* 401 U.S. at 44. *Younger* has been extended to civil cases in those situations which impact the fundamental workings of a state's judicial system. *See Rio Grande Community Health Center, Inc. v. Rullan*, 2005 WL 338327 *9 (1 st Cir. 2005) ( citing cases).

In this case, the Rhode Island Supreme Court analyzed and upheld the validity of the Amended Mechanics' Lien Law under both the state and federal constitutions. The resolution of substantive merits of the underlying mechanics' lien recorded by Gem against the Rossis and whether the statutory procedures were properly followed has been remanded to the state Superior Court. Since the fundamental workings of the state mechanics' lien system is at issue and is currently pending before the state court, Younger abstention is appropriate.

A second doctrine upon which abstention may be predicated in the instant case is *Colorado River* abstention as formulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818-20, 96 S.Ct. 1236 (1976). Courts have considered the following factors in determining the applicability of abstention under *Colorado River:* (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state of federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. See *Rio Grande Community Health Center, Inc. v. Rullan,* 2005 WL 338327 *12. (citations omitted.) Colorado River has special appeal where a state court decision "may substantially, perhaps even fully, answer certain questions of state law in a way that will permit easy answers, relatively speaking, to the federal ones." *Currie v. Group Insurance Commission,* 290 F. 3d 1 (1st Cir. 2002).

In this case, the state court system has assumed jurisdiction over a res, monies currently deposited in the Registry of the Court. The "state action" was filed first and has proceeded through the state's judicial system. As to the other factors, it is apparent from the arguments previously made

herein that they all point toward abstention. The fact that this federal action was pursued as a reaction to a pending and ultimately adverse state court action weighs heavily in favor of abstention. *Cruz v. Melecio,* 204 F. 3d 14,23-24 (1st Cir. 2000).

Finally, the Pullman abstention doctrine, as articulated by the Supreme Court in R.R. *Comm'n* v. *Pullman,* Co., 312 U.S. 496, 61 S.Ct. 643 (1941), counsels that abstention is appropriate where a federal constitutional claim is premised on an unsettled question of state law in order to provide the state courts an opportunity to settle the underlying state law question and to avoid the possibility of unnecessarily deciding a constitutional question.

Here, Plaintiffs have alleged that the state mechanics' lien procedures were not followed by the Defendants. These issues have been raised by the Rossis in the case that has been remanded to the Superior Court and were not ruled upon by the Rhode Island Supreme Court in the Supreme Court Decision. Comity demands that the Rhode Island state courts, rather than the United States District Court, is the appropriate forum to decide these unique state law issues. Accordingly, the District Court should abstain from adjudicating Plaintiffs' Complaint.

## IV. THE DISTRICT COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS.

In a federal-question case such as this, the dismissal of the primary federal claim does not divest the district court of the power to exercise supplemental jurisdiction over the remaining state law claims but, rather, sets the stage for the exercise of the court's informed discretion. 28 U.S.C. § 1367 (c)(3). In deciding whether or not to retain jurisdiction on such an occasion, the district court must take into account concerns of comity, judicial economy, convenience, fairness and the like. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614 (U.S. 1988); *Che v.*

*Massachusetts Bay Transp. Authority,* 342 F.3d 31,37 (1st Cir. 2003).

Dismissal of the state law claims is particularly appropriate if the federalquestion claim is eliminated early in the proceedings. *See Martinez* v. *Cohen,* 54 F. 3d 980, 990 (1st Cir.), *cert. denied,* 516 U.S. 987,116 S.Ct. 515 (1995); *Brennan v. Henrigan*, 888 F.2d 189, 196 (1st Cir. 1989); *Rodriguez v. Doral Mortgage Corp.,* 57 F .3d 1168, 1177 (1 st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiffs federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Clearly, dismissal of Plaintiffs' federal claims in the context of a motion to dismiss militates in favor of dismissing Plaintiffs' state law slander of title claim as well.

Furthermore, until the merits of the underlying lien have been resolved as a matter of state law, Plaintiffs' slander of title of claim is not ripe and must be dismissed. *Peckham v. Hirschfeld,* 570 A.2d 663, 668 (R.I. 1990) (holding that plaintiff could not bring a slander of title claim until the recorded document was found to be false); *Montecalvo v. Mandarelli*, 682 A.2d 918, 923 (R.I. 1996)(necessary element of slander of title claim is a false statement recorded in the land records.)

## CONCLUSION

For the reasons set forth herein, Defendant Robert J. Levine respectfully requests that this Court dismiss Plaintiff's Amended Complaint, or, in the alternative, abstain from accepting jurisdiction and decline supplemental jurisdiction.

For the Defendant Levine,
By his attorney,

Robert E. Kiely, Esquire
Syd A. Saloman, Esquire (#6618)
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109
(617)723-0901
(617)723-0977 (fax)

Local Counsel:

Fred Mason, Esquire (#4274)
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917
(401)232-2277

**CERTIFICATION**

I hereby certify that on this 28th day of ~~March~~ April, 2005, a copy of the Memorandum in Support of Defendant Robert J. Levin's Motion to Dismiss or to Abstain was forwarded first class mail, postage prepaid to: Patrick Daugherty, Esquire, 155 South Main Street, Providence, RI 02903 and to Theodore Orson, Esquire, Orson & Brusini, Ltd., 55 Dorrance Street, Suite 400, Providence, RI 02903.

Fred Wilson Jr.