**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs | : | C.A. No. 05-032-S |
| v. | : | |
| LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.; ROBERT J. LEVINE, Individually and in his capacity as a general partner of Gemma & Levine; and HENRY S. KINCH, JR., in his capacity as Clerk of The Providence County Superior Court<br>Defendants | : | |

**DEFENDANT HENRY S. KINCH'S MOTION TO DISMISS OR IN THE ALTERNATIVE, TO ABSTAIN**

Defendant, Henry S. Kinch, JR., in his capacity as Clerk of the Providence County Superior Court, hereby moves this Court to dismiss the Amended Complaint filed by the Plaintiffs pursuant to Rules 12 (b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure on the grounds that this Court does not have subject matter jurisdiction over Plaintiffs' claims and that the Court should exercise its discretion to abstain from acceptance of jurisdiction.

In support of his Motion, Defendant Kinch relies upon the accompanying Memorandum of Law in Support of Defendant Kinch's Motion to Dismiss, or, in the Alternative, To Abstain.

DEFENDANT
HENRY S. KINCH, JR., in his capacity as
Clerk of The Providence County Superior
Court

26

By his Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

**CERTIFICATION**

I hereby certify that the instant Motion was mailed via first class postage prepaid on the 28th day of April, 2005, to the following individuals:

Theodore Orson, Esq.
Orson & Brusini, Ltd
55 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Patrick J. Dougherty, Esq.
155 South Main Street, Suite 304
Providence, Rhode Island 02903

Fred L. Mason, Jr., Esquire
Mason Associates P.C.
20 Cedar Swamp Road
Smithfield, Rhode Island 02917

Robert E. Kiely, Esq.
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs<br><br>v.<br><br>LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.; ROBERT J. LEVINE, Individually and in his capacity as a general partner of Gemma & Levine; and HENRY S. KINCH, JR., in his capacity as Clerk of The Providence County Superior Court<br>Defendants | : | C.A. No. 05-032-S |

**MEMORANDUM IN SUPPORT OF DEFENDANT HENRY S. KINCH'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO ABSTAIN**

## I. INTRODUCTION

Defendant, Henry S. Kinch, Jr., in his capacity as the Clerk of the Providence County Superior Court, respectfully submits this Memorandum in Support of his Motion to Dismiss, or in the alternative Abstain, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As Clerk of the Rhode Island Superior Court, Defendant Kinch constitutes a nominal party to this lawsuit. The only relief sought against Defendant Kinch is the release of funds the Plaintiffs' deposited in the Registry of the Superior Court in order to release a mechanics' lien imposed on Plaintiffs' property.

## II. FACTUAL BACKGROUND

This instant lawsuit evolves from the imposition of a mechanics' lien involving property owned by the Plaintiffs, Robert and Linda Rossi. According to their complaint, in September 2001, Plaintiff Robert Rossi had a telephone conversation with Defendant

Leonard Gemma, President of Gem Plumbing & Heating Co., Inc. (hereafter "Gem Plumbing"), regarding the installation of water and sewer service to a commercial office building. *Plaintiffs' First Amended Complaint, ¶ 7.* Thereafter, Gem Plumbing performed work on the Rossis' property and a dispute apparently ensued concerning the authority and/or the amount/quality of work performed. *Plaintiffs' First Amended Complaint, ¶¶ 9 & 11.* On January 28, 2002, Defendant Robert Levine, in his capacity as attorney for Gem Plumbing signed and recorded a mechanics' lien in the Smithfield land evidence records in the amount of $35,500.00, the disputed amount of the work performed by Gem Plumbing. *Plaintiffs' First Amended Complaint, ¶ 12.* On June 4, 2002, Plaintiffs Rossi paid into the Registry of the Superior Court the amount of $35,860, which released the mechanics' lien. *Plaintiffs' First Amended Complaint, ¶ 18.* Following their payment of monies into the Superior Court Registry, pursuant to R.I. Gen. Laws § 34-28-17, the Rossis filed in the Rhode Island Superior Court a Motion to Dismiss the Petition to Enforce and Release Funds from the Registry of the Court (hereafter "the Superior Court memorandum"). It is this filing that set off a chain of events eventually resulting in an Opinion from the Rhode Island Supreme Court and which ultimately leaves this Honorable Court without jurisdiction in the instant lawsuit pursuant to the Rooker-Feldman Doctrine.

Specifically, in their Superior Court memorandum, the Rossis explicitly moved the Superior Court to release the $35,860 deposited into the Superior Court Registry "on the grounds that the Mechanic's Lien statute is unconstitutional." *See Appendix #1, to*

*Defendant Gemma's Motion to Dismiss, page 1.*[1] In fact, a significant portion of the Rossis' Superior Court memorandum – pages 6 through 17 – were dedicated to addressing their argument that "The Rhode Island Mechanic's Lien Statute, R.I. Gen. Laws Section 34-28-1, et seq., is Prima Facie Unconstitutional." *See Appendix #1 to Defendant Gemma's Motion to Dismiss, page 6.* The Rossis' Superior Court memorandum clearly stated that "[t]he issue [the Superior C]ourt must decide [] is whether it will validate under constitutional challenge, Gem Plumbing & Heating Co., Inc.'s unbridled statutory authority to place and maintain a lien on the Rossi's [sic] property summarily, without the need for any kind of pre or post-deprivation hearing procedure to determine the validity or liability for the alleged debt underlying the lien." *See Appendix #1 to Defendant Gemma's Motion to Dismiss, page 6.* Throughout the next eleven (11) pages of their seventeen (17) page memorandum, the Rossis focused their attack on procedural due process, concluding that "[i]t is certain that a procedure that allows a person or entity to place a lien on another's real property without the slightest amount of procedural due process must fail constitutional scrutiny." *See Appendix #1 to Defendant Gemma's Motion to Dismiss, page 17.*

Thereafter, on April 23, 2003, Superior Court Associate Justice Michael A. Silverstein issued a written decision in Gem Plumbing & Heating Co. Inc., v. Rossi, agreeing with the Rossis' arguments. Justice Silverstein's entire twenty-nine (29) page decision focused on the Rossis' procedural due process attack and concluded, as the Rossis had argued, that Chapter 28 of Title 34, Rhode Island's Mechanics' Lien Law,

---

[1] Reference to exhibits for a Motion to Dismiss is appropriate where such exhibits are susceptible of judicial notice. See Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000)("The jurisprudence of Rule 12(b)(6) requires us to consider not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial notice.").

"fails to provide the procedural due process rights required by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 2 of the Rhode Island Constitution." *See Appendix #2 to Defendant Gemma's Motion to Dismiss, page 28-29.* In short, Justice Silverstein granted the Rossis the precise relief they sought, as well as the precise relief sought in this Honorable Court. Justice Silverstein's decision was appealed by Gem Plumbing to the Rhode Island Supreme Court, which stayed Justice Silverstein's judgment.

After the appeal from Justice Silverstein's decision was filed, but prior to the Rhode Island Supreme Court's consideration, the Rhode Island General Assembly – on July 17, 2003 – amended the Mechanics' Lien law to provide that any person who claimed a mechanics' lien was invalid "may apply forthwith to the superior court for the county where the land lies for an order to show cause why the lien in question is invalid, or otherwise void, or the basis of the lien is without probability of a judgment rendered in favor of the lienor." See R.I. Gen. Laws § 34-28-17.1. The July 17, 2003 Amendment was aimed at curing the procedural due process infirmity determined by Justice Silverstein and the Amendment also made clear that it was effective upon passage (July 17, 2003) and retroactive, stating that the Amendment "shall apply to all pending mechanics' liens under chapter 34-28 of 'The Rhode Island Mechanics' Lien Law.'" *See Appendix #4 to Defendant Gemma's Motion to Dismiss, page 2.*

On September 16, 2003, the Rhode Island Supreme Court issued an order directing all parties to the Gem Plumbing & Heating v. Rossi appeal to address "the effect, if any, of the General Assembly's 2003 Mechanics' Lien legislation, Section 34-28-17.1, on this appeal and on the Constitutional issues to be raised herein." *See*

*Appendix #5 to Defendant Gemma's Motion to Dismiss, page 1.* Subsequently, the appellee-Rossis filed a twenty-two (22) page brief with the Rhode Island Supreme Court that identified the issue presented as:

> "[w]hether the Trial Court was correct in finding Chapter 28 of Title 34 of the General Laws of Rhode Island is Unconstitutional Beyond a Reasonable Doubt on the basis that the statute fails to provide the procedural due process rights required by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 2 of the Rhode Island Constitution." *See Appendix #6 to Defendant Gemma's Motion to Dismiss, page i.*

The Rossis' entire twenty-two (22) page brief was dedicated to addressing the procedural due process claim and included their argument that the July 17, 2003 Amendment, codified in R.I. Gen. Laws § 34-28-17.1, could not cure a constitutional infirmity (as determined by Justice Silverstein) that had already been inflicted. *See Appendix #6 to Defendant Gemma's Motion to Dismiss, page 19-21.* The Rossis summarized their argument that Justice Silverstein's decision should be affirmed and that the Superior Court's Decision and rationale was "incorporated [into their Supreme Court brief] by reference as further grounds supporting affirmation of the judgment of the trial court dismissing Gem's Petition to Enforce Mechanics' Lien and releasing the Rossis funds to them together with any interest accrued thereon." *See Appendix #6 to Defendant Gemma's Motion to Dismiss, page 21.*

Following oral argument, on February 22, 2005, the Rhode Island Supreme Court issued its Opinion in Gem Plumbing & Heating Co., Inc. v. Rossi, which analyzed Rhode Island's Mechanics' Lien Statute under the "modern procedural due process jurisprudence growing out of both the Fourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Rhode Island Constitution." *See Appendix #7*

*to Defendant Gemma's Motion to Dismiss, page 1.* Prior to engaging in its constitutional analysis, the Court explicitly addressed whether "the pre-amendment statute or the post-amendment statute controls [its] analysis in this case." See Appendix #7 to Defendant Gemma's Motion to Dismiss, page 5. For the reasons discussed on pages 5 and 6 of its Opinion, the Supreme Court determined that it was "required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal." *See Appendix #7 to Defendant Gemma's Motion to Dismiss, page 5-6.* Having arrived at this conclusion, the Supreme Court devoted the remainder of its Opinion to analyzing the Mechanics' Lien Law, as amended on July 17, 2003, to the Rossis' claim. The Supreme Court concluded that the amended mechanics' lien law passed constitutional muster and vacated Justice Silverstein's judgment of unconstitutionality.

Following the Supreme Court's Opinion, on March 25, 2005, the Rossis filed the instant First Amended Complaint, naming as defendants, inter alia, Henry Kinch, in his capacity as clerk of the Providence County Superior Court, as well as Leonard P. Gemma, individually and in his official capacity as President of Gem Plumbing. In their First Amended Complaint, the Rossis acknowledge the foregoing state litigation and allege Two Counts, although only Count One is applicable to Defendant Kinch. Similar to the state litigation, Count One charges a violation of the Rossis' Procedural Due Process Rights.

Specifically, the Rossis contend that Defendants' actions in utilizing the Mechanics' Lien Statute to acquire a lien on their property, leading to the deposit of $35,860 in the Superior Court Registry, was "in violation of the Due Process Clause of the Fifth and Fourteenth Amendment to the United State[s] Constitution and the Rhode

Island Constitution, Art. 1, § 2 in that the lien affects a significant property interest of the Plaintiffs and said statute, in it's [sic] then form, did not provide Plaintiffs with either a pre-deprivation or timely post-deprivation hearing." *Plaintiffs' First Amended Complaint, ¶ 30.* Similar to the request sought (and granted) in the Rhode Island Superior Court, the Rossis also pray, inter alia, that this Honorable Court declare the pre-July 17, 2003 Rhode Island Mechanics' Lien Statute unconstitutional as violative of procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 2 of the Rhode Island Constitution, and that this Honorable Court order Defendant Kinch to release the $35,860 deposited in the Superior Court Registry. *Plaintiff's First Amended Complaint, Prayer For Relief.*

## III. ARGUMENT

Defendant Kinch respectfully adopts and incorporates all arguments and rationale set forth by Defendant Gemma in his Argument Section One (Rooker-Feldman Doctrine) and in his Argument Section Three (Abstention Doctrine).

As the foregoing travel makes clear, the due process claims including Rhode Island Mechanics' Lien Statute have been fully litigated in state court. In fact, the constitutional issue presented to this Honorable Court – the constitutionality of the pre-Amendment Mechanics' Lien Statute – is the same issue the Rossis presented to (and received a favorable ruling from) Superior Court Associate Justice Michael A. Silverstein. The fact that, on appeal, the Rhode Island Supreme Court reversed Justice Silverstein and applied the post-Amendment version of the Mechanics' Lien Statute only highlights the "inextricably intertwined" nature of the prior state proceeding and the instant First Amended Complaint.

As evidenced by the Rhode Island Supreme Court's opinion, the Court – after explicitly asking the parties in its September 16, 2003 Order to address the effect of the July 17, 2003 Amendment – determined that it was "required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal." *See Appendix #7 to Defendant Gemma's Motion to Dismiss, page 6.* Based upon its Opinion and rationale, it is impossible to conclude that the Supreme Court did not consider the Rossis' argument concerning the constitutionality of the pre-Amendment Mechanics' Lien Statute or that the due process issue posed in the instant lawsuit is not "inextricably intertwined" with the state litigation. Instead, the Rossis' simply disagree with the Supreme Court's conclusion to apply the July 17, 2003 Amendment to their case on appeal and now seek this Honorable Court's jurisdiction to address their due process claim relative to the pre-July 17, 2003 Amended Mechanics' Lien Statute – the same issue examined by Justice Silverstein. Respectfully, for the reasons set forth in Defendant Gemma's Memorandum of Law, such review must be sought in the United States Supreme Court via a writ of certiorari and not this Honorable Court.

## IV. CONCLUSION

For the reasons discussed and adopted, Defendant Kinch respectfully requests that this Honorable Court dismiss Plaintiffs' First Amended Complaint, or in the alternative, abstain.

DEFENDANT
HENRY S. KINCH, JR., in his capacity as
Clerk of The Providence County Superior
Court

By his Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

**CERTIFICATION**

I hereby certify that the instant Memorandum was mailed via first class postage prepaid on the 28th day of April, 2005, to the following individuals:

Theodore Orson, Esq.
Orson & Brusini, Ltd
55 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Patrick J. Dougherty, Esq.
155 South Main Street, Suite 304
Providence, Rhode Island 02903

Fred L. Mason, Jr., Esquire
Mason Associates P.C.
20 Cedar Swamp Road
Smithfield, Rhode Island 02917

Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109