UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT V. ROSSI and
LINDA A. ROSSI
*Plaintiffs,*

v. C.A. No. 05-032-S

LEONARD P. GEMMA, Individually and
In his capacity as President of Gem Plumbing &
Heating Co., Inc.
ROBERT J. LEVINE, Individually and in
his capacity as general partner of
Gemma and Levine ; and
HENRY S. KINCH, JR., in his capacity as Clerk
Of the Providence County Superior Court
*Defendants.*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT LEONARD P. GEMMA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABSTAIN**

Defendant Leonard P. Gemma ("Gemma"), individually, and in his capacity as President of Gem Plumbing & Heating Co., Inc. ("Gem Plumbing"), hereby submits this Reply Memorandum in Support of Defendant's Motion to Dismiss or, In the Alternative, To Abstain. All terms not defined herein shall have the meanings ascribed to them in Memorandum in Support of Defendant's Motion to Dismiss or, In the Alternative, To Abstain ("Gemma's Memorandum"), filed with this Court on March 28, 2005 and incorporated herein by reference.

In order to comply with this Court's Amended General Order #2002-01 limiting reply memoranda to five (5) pages, this memorandum replies only to the arguments relating to the so-called *Rooker-Feldman* doctrine set forth by Plaintiffs Robert V. Rossi and Linda A. Rossi (jointly, the "Rossis") in their Memorandum in Opposition to Defendant Leonard Gemma's Motion To Dismiss or Abstain ("Rossis' Memorandum"). However, Gemma requests oral argument on his Motion to Dismiss or, In the Alternative, To Abstain at which he intends to reply to other arguments addressed in Rossis' Memorandum.

28

**THE "ROOKER-FELDMAN DOCTRINE" DEPRIVES THE COURT OF SUBJECT-MATTER JURISDICTION.**

As explained at length in Gemma's Memorandum, the *Rooker-Feldman* doctrine deprives Federal Courts of subject-matter jurisdiction to determine 1) claims "actually decided" by a state court, and 2) claims "inextricably intertwined" with a state court judgment. Gemma Memorandum at pp. 6-10 and cites therein.

In Rossis' Memorandum, Rossis contend that the *Rooker-Feldman* doctrine does not deprive this Federal Court of subject-matter jurisdiction over the claims asserted by Rossis in the instant case. In Rossis' view, the issues addressed by the Rhode Island Supreme Court in the Supreme Court Decision were limited to the constitutionality of the Original Mechanic's Lien Law and the Amended Mechanic's Lien Law. Rossis are correct that the Rhode Island Supreme Court determined that the Amended Mechanic's Lien Law, with its newly-enacted due process safeguards, was constitutional. Rossis are also correct that when Gem Plumbing & Heating Co., Inc. recorded its mechanic's lien against Rossis' property, and then when Rossis paid the amount of the mechanic's lien into the Registry of Court as a "lien substitute," the Original Mechanic's Lien Law, not the Amended Mechanic's Lien Law, was in effect. Therefore, according to Rossis, the Supreme Court Decision is simply inapplicable to the within action.

Rossis' argument fails, however, because they wholly ignored the other critical holding in the Supreme Court Decision: *that under the so-called "retrospectivity provision" of the Amended Mechanic's Lien Law, the Amended Mechanic's Lien Law must be applied retrospectively to all pending liens and lien substitutions, including Rossis' lien substitution*:

> Statutes are given retroactive effect only when the Legislature clearly expresses such an application. Section 34-28-17.1 applies, not only to all future mechanics' liens, but also to all pending "mechanics' liens, petitions or lien substitutions" as of July 17, 2003. P.L. 2003, ch. 269, § 2; P.L. 2003, ch. 299, § 2. This language

> clearly intends to apply § 34-28-17.1 both prospectively to future mechanics' liens and retrospectively to pending mechanics' liens. n7 **Based on the clear language of the statute and our caselaw, we are required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal**. (Emphasis added.)
>
> ---
>
> n7 We disagree with the Rossis' contention that the lien no longer is pending because they paid $35,860 into the registry of the Superior Court and the lien was released. This argument ignores the Legislature's intent to apply G.L. 1956 § 34-28-17.1 to all pending "lien substitutions." That payment is merely a lien substitution.

*Gem Plumbing & Heating Co. v. Rossi*, 867 A.2d 796 (R.I., 2005).

This retrospectivity precedent was immediately followed by the Rhode Island Supreme Court in a companion case, *F.C.C. Inc. v. Reuter*, 867 A.2d 819 (R.I. 2005) ("F.C.C."), decided on the same day as the Supreme Court Decision. In F.C.C., a contractor recorded a mechanic's lien against residential property before the enactment of the Amended Mechanic's Lien Law. After the enactment of the Amended Mechanic's Lien Law, a Superior Court Justice granted the owners summary judgment against the contractor based on Judge Silverstein's ruling that the Original Mechanic's Lien Law was unconstitutional. The Superior Court Justice made no reference to the newly-enacted Amended Mechanic's Lien Law. The Supreme Court reversed this Superior Court's decision on the grounds that the Amended Mechanic's Lien Law is constitutional and must be applied retrospectively.

> In July 2003, the Rhode Island Legislature enacted § 34-28-17.1, which provides an opportunity for an immediate hearing before the Superior Court to show cause why the lien is invalid. Although the events giving rise to the matter before the Court took place in 1999, well before the enactment of § 34-28-17.1, the amendment became effective two months before the hearing at which summary judgment was granted. Although the trial justice made no reference to the newly amended law, its enactment is important to us. As we have just articulated in our Gem Plumbing opinion, when the law changes while a case is pending appeal, we will apply the law in effect at the time of the appeal, particularly when the Legislature has indicated that a statutory provision is to have retroactive effect.

> See generally Solas v. Emergency Hiring Council of Rhode Island, 774 A.2d 820, 826 (R.I. 2001); Dunbar v. Tammelleo, 673 A.2d 1063, 1067 (R.I. 1996); O'Reilly v. Town of Glocester, 621 A.2d 697, 704-05 (R.I. 1993). We note in the instant case the retroactive aspect of § 34-28-17.1. Under P.L.2003 ch. 269, § 2, § 34-28-17.1 took effect upon passage, and applied to all pending mechanics' liens. Thus, for the purposes of this appeal, we shall consider the constitutionality of the amended mechanics' lien statute, specifically including § 34-28-17.1.

F.C.C., Inc. v. Reuter, 867 A.2d 819, 822 (R.I. 2005).

Thus, under the Supreme Court Decision, the Amended Mechanic's Lien Law is constitutional and must be applied retrospectively in connection with the lien substitution challenged by Rossis. Accordingly, Rossis cannot prevail on their Federal Court claims unless this Court determines that the Rhode Island Supreme Court's retrospectivity holding was reversible error. Consideration of this issue, however, is barred under *Rooker-Feldman* because the doctrine deprives Federal Courts of subject-matter jurisdiction to even consider whether a state court ruling was correctly decided. *Morey v. State of Rhode Island*, 2005 U.S. Dist. LEXIS 3176.[1] Under *Rooker-Feldman,* the Rossis' attack on the Supreme Court retrospectivity holding must occur elsewhere.

While this forum is not available for Rossis to press their attack on the Supreme Court's retrospectivity holding, the Rossis can seek redress in two ways. The Rossis can file Petition for Writ of Certiorari to the United States Supreme Court to seek to appeal the Supreme Court Decision. Alternatively, the Rossis can challenge the substantive merits of the claims of Gem Plumbing in the pending Superior Court case. Either way, this case must be dismissed.

[1] While this Court is without subject-matter jurisdiction to consider whether the Rhode Island Supreme Court retrospectivity holding was correct or incorrect, by this District Court's own precedent , the Rhode Island Supreme Court *ipso facto* must have been correct because "Rhode Island's retroactivity principles, not those of federal law, dictate whether [a Rhode Island statute] should be given retroactive effect." <u>Maturi v. McLaughlin Research Corp.</u> 326 F. Supp 2d 313, 2004 U.S. Dist. LEXIS 14106, n. 7 (R.I. 2004)(Smith, J.). In circular, but unimpeachable reasoning, the Rhode Island Supreme Court's ruling is *ipso facto* correct because the Rhode Island Supreme Court is the final arbiter of Rhode Island law.

LEONARD P. GEMMA,
By his attorney,

Theodore Orson, Esq. (3871)
Orson and Brusini Ltd
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100
(401) 861-2922 (fax)
Dated: May 5, 2005

**CERTIFICATION**

I hereby certify that on this Fifth day of May 2005, I caused a copy of the within Reply Memorandum in Support of Defendant's Motion to Dismiss to be mailed postage prepaid to Patrick Daugherty, Esq., 155 South Main Street, Providence, RI 02903, Fred Mason, Jr., Esq., Mason and Associates, P.C., 20 Cedar Swamp Road, Smithfield, Rhode Island 02917, Robert E. Kiely, Esq. Regan and Kiely, LLP, 85 Devonshire Street, Boston MA 02109 and Michael W. Field, Esq., Special Assistant Attorney General, 150 South Main Street, Providence, RI, 02903