**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs | : | |
| v. | : | C.A. No. 05-032-S |
| LEONARD P. GEMMA, Individually and<br>In his capacity as President of Gem Plumbing<br>& Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in<br>his capacity as a general partner of<br>Gemma & Levine; and<br>HENRY S. KINCH, JR., in his capacity as Clerk of<br>The Providence County Superior Court<br>Defendants | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANT LEONARD GEMMA'S MOTION FOR LEAVE TO FILE POST HEARING BRIEF**

Now come the Plaintiffs, Robert V. Rossi and Linda A. Rossi who hereby object to Defendant's Motion for Leave to File Post Hearing Brief. As grounds in support of this objection, Plaintiffs state that no new material issues were raised by Plaintiffs at the hearing on Defendant's Motion to Dismiss and, therefore, further briefing is unnecessary. As additional grounds, Plaintiffs state:

1. Superior Court Rules of Civil Procedure Rule 81(a)(1) provides that the Rhode Island Superior Court Rules of Civil Procedure "do not apply during the process and pleading stages" of petitions for enforcement of mechanic's liens. *See Rhode Island Super. R. Civ. P. Rule 81(a)(1).* Therefore, it is clear that no counterclaims are authorized in response to, nor may any third-parties be impleaded into, a petition to enforce a mechanics' lien. Even if third-party impleading were allowed, there is no manner in which the defendants in this lawsuit could have been joined to the existing

Superior Court litigation between Gem Plumbing & Heating Co., Inc. and the Rossis. (See Rhode Island Super. R.Civ. P. Rule 14(a), "a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the defendant for all or part of plaintiff's claim against the defendant.") The Plaintiffs' claims against the Defendants in this case are separate and distinct from their counterclaims against Gem Plumbing & Heating Co., Inc., and these Defendants are not liable to the Rossis for any part of Gem's alleged claim against the Rossis in the Rhode Island Superior Court action.

Despite Defendants' assertions to the contrary, these questions have never been brought to issue in the Rhode Island Supreme Court in the context of an appeal from a petition to enforce mechanics' lien and, therefore, the Defendant's arguments are of no force and effect.

2. Plaintiffs assertion to this Court that the Rhode Island Supreme Court's decision in *Gem Plumbing & Heating Co., Inc. vs. Robert and Linda Rossi*, is, in effect, an advisory opinion, was not a legal conclusion as to the nature or definition of the Supreme Court's decision. The assertion merely underscored the point that the Rhode Island Supreme Court had not in any way considered the version of the Rhode Island Mechanics' Lien law statute in effect at the time the Rossis were unconstitutionally deprived of their right to due process and their property in the amount of the stated lien by Gem and the Defendants.

3. Defendant's statement "that in order for this Court to allow for the release of funds held by the Registry of the Superior Court, it must undue the retrospectivity holding in the Rhode Island Supreme Court's decision" is misleading and inaccurate.

The Rhode Island Supreme Court did not in any way, shape, or form, justify the withholding of the Rossi's funds in the Registry of Court under the circumstances. Instead, it chose *not* to deal with reviewing the constitutional deprivation that the earlier version of the statute effected and instead, left it alone while remanding the case to the Superior Court. The basis for such action was stated to be "because the motion justice did not have an opportunity to review the Mechanics' Lien Law as amended by § 34-28-17.1". However, it is abundantly clear that the Rhode Island Supreme Court did not ratify or convey an imprimatur of approval to the actions of the defendants in pursuing their alleged mechanics' lien.

Regardless of what the Superior Court may do or not do on remand, the effect of the holding of these funds in the Registry of Court further perpetuates an unconstitutional wrong perpetrated upon the Rossi's because they were never, nor can they now be, afforded a hearing in a timely fashion. This assertion is the basis of the Rossis' claims and constitutional challenge to the law in which they prevailed in the lower Superior Court proceedings. It should be noted once again, that the Supreme Court's decision did not in any way detract from the merits of the lower Superior Court decision. Instead, the Supreme Court chose to avoid the entire issue and not deal with an application of the statute that was in affect at the time the Rossi's were deprived of their property, to wit, a portion of their interest in the land and then the sum of $35,800, without due process having been afforded them.

In sum, further briefing is unwarranted and unnecessary and will do nothing other than to drive up the costs of this litigation.

WHEREFORE, the Plaintiffs, Robert V. Rossi and Linda A. Rossi, hereby pray that this Court deny Defendant Leonard Gemma's Motion for Leave to File Post Hearing Brief.

ROBERT V. ROSSI
And LINDA A. ROSSI
By their attorney,

Patrick J. Dougherty, 5082
155 South Main Street, Suite 304
Providence, RI 02903
(401) 273-9770
(401) 273-4750 (Fax)

**CERTIFICATION**

I hereby certify that on the 1st day of June, 2005 I caused a copy of this document to be served upon:

Theodore Orson, Esquire
Orson & Brusini, Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903

Fred L. Mason, Jr., Esquire
20 Cedar Swamp Road
Smithfield, RI 02917

Robert E. Kiely, Esquire
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109

Special Assistant Attorney General Michael W. Field
150 South Main Street
Providence, RI 02903