UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI, ET AL., Plaintiffs, | : | |
| v. | : | CA 05-032S |
| LEONARD P. GEMMA, ET AL., Defendants. | : | |

**ORDER**
**FOR FURTHER BRIEFING**

On May 27, 2005, the court heard on argument in the above matter on three motions to dismiss filed by Defendants.[1] Among the grounds for dismissal cited by Defendants was that the court lacked subject-matter jurisdiction over Plaintiffs' claims under the Rooker-Feldman doctrine. On that same date the United States Court of Appeals for the First Circuit issued an opinion, announcing that the decision of the United States Supreme Court in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (March 30, 2005), "substantially altered our understanding of the Rooker-Feldman doctrine." Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, No. 03-1979, 2005 WL 1253305, at *1 (1st Cir. May 27, 2005).

> In short, the Rooker-Feldman doctrine now applies only in the "limited circumstances" where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." [125 S.Ct. at 1526.] The doctrine "does not otherwise override or supplant preclusion doctrine or

---

[1] The motions were: Defendant's Motion to Dismiss, or in the Alternative, to Abstain (Document #11) filed by Defendant Leonard P. Gemma, individually and in his capacity as President of Gem Plumbing & Heating Co., Inc.; Motion of the Defendant, Robert J. Levine, to Dismiss the Plaintiff's Complaint or to Abstain (Document #24); and Defendant Henry S. Kinch's Motion to Dismiss or in the Alternative, to Abstain (Document #26).

> augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." Id. at 1522.
>
> III.
>
> Exxon Mobil tells us when a state court judgment is sufficiently final for operation of the Rooker-Feldman doctrine: when "the state proceedings [have] ended." 125 S.Ct. at 1526. **If federal litigation is initiated before state proceedings have ended, then--even if the federal plaintiff expects to lose in state court and hopes to win in federal court--the litigation is parallel, and the Rooker-Feldman doctrine does not deprive the court of jurisdiction.** See id. at 1526-28.

Federación de Maestros de Puerto Rico, 2005 WL 1253305, at *5 (bold added).

Accordingly, the court directs that the parties file by June 28, 2005, supplemental briefs, not to exceed ten[2] pages in length, addressing the instant motions in light of Exxon Mobil Corporation and Federación de Maestros de Puerto Rico.[3] The parties shall also address in their memoranda the claim and issue preclusive[4] effect, if any, of the judgment rendered by the Rhode Island Supreme Court in Gem Plumbing & Heating Co. v. Rossi, 867 A.2d 796 (R.I. 2005).

So ordered.

---

[2] Shorter memoranda will be welcomed.

[3] Defendants are encouraged to consider adopting the supplemental brief filed by one of their number or submitting a single joint memorandum.

[4] "Collateral estoppel 'is the doctrine which renders conclusive in a subsequent action on a different claim the determination of particular issues actually litigated in a prior action.'" Wiggins v. Rhode Island, 326 F.Supp.2d 297, 303 (D.R.I. 2004)(quoting Providence Teachers Union v. McGovern, 319 A.2d 358, 361 (R.I. 1974)).

ENTER:

David L. Martin
David L. Martin
United States Magistrate Judge
June 7, 2005

BY ORDER:

______________________
Deputy Clerk