**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs<br><br>v.<br><br>LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.; ROBERT J. LEVINE, Individually and in his capacity as a general partner of Gemma & Levine; and HENRY S. KINCH, JR., in his capacity as Clerk of The Providence County Superior Court<br>Defendants | : | C.A. No. 05-032-S |

**MEMORANDUM OF DEFENDANT HENRY S. KINCH IN RESPONSE TO ORDER FOR FURTHER BRIEFING**

## I. INTRODUCTION

On May 27, 2005, this Honorable Court held oral arguments in the above-captioned matter. Among the grounds argued for dismissal on that date was the Rooker-Feldman Doctrine. Also on May 27, 2005, unbeknownst to the parties at the time of argument, the First Circuit Court of Appeals issued Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 2005 WL 1253305 (1st Cir., May 27, 2005). Although the First Circuit's opinion does alter the Rooker-Feldman Doctrine, at least as applied to Defendant Kinch in this case, the Rooker-Feldman Doctrine should still control. Notwithstanding the Rooker-Feldman Doctrine, this Court's June 7, 2005 Order requesting further briefing also asks that the parties address the claim and issue preclusion effect, if any, of the Rhode Island Supreme Court's opinion in Gem Plumbing

& Heating Co. v. Rossi, 867 A.2d 796 (R.I. 2005). Defendant Kinch respectfully submits that collateral estoppel and res judicata are also both dispostive.

## II. PROCEDURAL HISTORY & ARGUMENT

The procedural posture that this case comes before this Honorable Court has already been well-briefed by the parties. In brief, on or about January 27, 2005, the instant federal lawsuit (hereafter "the federal lawsuit") was filed claiming a § 1983 violation through a violation of due process, i.e., that the original Mechanics' Lien Law did not provide for a timely hearing. Originally, this lawsuit was filed by Linda A. and Robert V. Rossi against Leonard P. Gemma, individually and in his capacity as President of Gem Plumbing & Heating Co., and Robert J. Levine, individually and in his capacity as a general partner of Gemma & Levine.

Subsequently, on February 22, 2005, the Rhode Island Supreme Court issued its opinion in Gem Plumbing, wherein it reversed the Superior Court's (Silverstein, J.) decision that the Rhode Island Mechanics' Lien Law was constitutionally infirm for lack of due process. The parties in Gem Plumbing were Gem Plumbing & Heating, Inc., versus Linda A. and Robert V. Rossi. Gem Plumbing, 867 A.2d at 800. The State of Rhode Island, through the Department of Attorney General, filed an amicus brief in Gem Plumbing. Id. Thereafter, on or about March 25, 2005, the Rossis filed their First Amended Complaint in the federal lawsuit, adding as defendant Henry S. Kinch, Jr., in his capacity as Clerk of the Providence County Superior Court. Defendant Kinch was not made a party to the federal lawsuit until after the Supreme Court issued its opinion in Gem Plumbing.

### A. Rooker-Feldman Doctrine Applies to Defendant Kinch

On May 27, 2005, the First Circuit Court of Appeals issued its opinion in Federacion de Maestros de Puerto Rico, which in relevant portion stated:

> "If federal litigation is initiated before state proceedings have ended, then – even if the federal plaintiff expects to lose in state court and hopes to win in federal court – the litigation is parallel, and the Rooker-Feldman doctrine does not deprive the court of jurisdiction. On the other hand, if federal litigation is initiated after state proceedings have ended, and the plaintiff implicitly or explicitly 'seek[s] review and rejection of [the state] judgment,' then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under Rooker-Feldman, the federal courts lack jurisdiction. Federacion de Maestros de Puerto Rico, 2005 WL 1253305 * 5 (emphasis in original, citations omitted).

Here, although Defendant Kinch acknowledges that the Rossis filed this lawsuit on January 27, 2005 – prior to the end of the state proceedings – the Rossis did not amend their complaint to add Defendant Kinch until March 25, 2005 – over a month after the Rhode Island Supreme Court issued its opinion in Gem Plumbing. See id. at * 6 (noting that the third manner in which state court proceedings may be terminated is "if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions * * * remain to be litigated."). Because the Rossis did not amend their complaint to include Defendant Kinch until the first amended complaint was filed on March 25, 2005, federal litigation as to Defendant Kinch was not initiated until after the state court proceedings had terminated. Accordingly, the Rooker-Feldman doctrine continues to apply.

B. Issue and Claim Preclusion

1. Res Judicata – Claim Preclusion

Res judicata and collateral estoppel are two different, but related, doctrines. Under res judicata, or claim preclusion, "a final judgment on the merits of an action

precludes the parties or their privies from relitigating claims that were raised or could have been raised in [the previous] action." Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 429 (1st Cir. 2005). Res Judicata requires: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Id. "When invoked, it makes a prior judgment in a civil action between the same parties conclusive with regard to any issues that were litigated in the prior action, or, that could have been presented and litigated therein." Eigabri v. Lekas, 681 A.2d 271, 275 (R.I. 1996).

Both the First Circuit Court of Appeals and the Rhode Island Supreme Court have embraced the Restatement (Second) Judgments approach relative to res judicata. See id. According to the Restatement, "the doctrine of res judicata [should] be applied to those matters actually litigated between parties, as well as those that are derived from a 'series of connected transactions.'" Id. As quoted by the First Circuit and the Rhode Island Supreme Court, "[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. (quoting Manego v. Orleans Board of Trade, 773 F.2d 1, 5 (1st Cir. 1985)). Further, res judicata applies not only to the identity of parties, but also to "those in privity with those parties." See E. W. Audet & Sons, Inc. v. Firemen's Fund Insurance Company of Newark, New Jersey, 635 A.2d 1181, 1186 (R.I. 1994) ("the doctrine of res judicata relates to the effect of a final judgment between the parties to an action and those

in privity with those parties."); Fiumara v. Fireman's Fund Insurance Companies, 746 F.2d 87, 92 (1st Cir. 1984)("While these appellees were not parties to the state suit, the application of res judicata and collateral estoppel * * * is no longer grounded upon mechanical requirements of mutuality.").

2. Collateral Estoppel- Issue Preclusion

Similarly, collateral estoppel, or issue preclusion, "means simply that when a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Gonzalez-Pina, 407 F.3d at 430. To establish collateral estoppel, the following must be satisfied:

> "(1) an identity of issues (that is, that the issue sought to be precluded is the same as that which was involved in the prior proceeding), (2) actuality of litigation (that is, that the point was actually litigated in the earlier proceeding), (3) finality of the earlier resolution (that is, that the issue was determined by a valid and binding final judgment or order), and (4) the centrality of the adjudication (that is, that the determination of the issue in the prior proceeding was essential to the final judgment or order)." Id.

Mutuality of parties is not essential to a collateral estoppel defense. Wiggins v. Rhode Island, 326 F.Supp.2d 297, 306 (D.R.I. 2004).

3. Analysis

Here, both the defense of collateral estoppel, as well as the broader defense of res judicata, should prevent Robert and Linda Rossi from re-litigating their procedural due process claim in federal court. Although the Rossis may argue that they are not re-litigating the issue of whether the original Mechanics' Lien Statute is constitutional – because according to the Rossis the Rhode Island Supreme Court sidestepped or failed to address this issue – the Rossis' conclusion is misplaced for two reasons. First, without question, the pre-amendment Mechanics' Lien Law was reviewed and litigated in the

Rhode Island Superior Court where Associate Justice Michael A. Silverstein agreed with the Rossis that the pre-amendment Mechanics' Lien Statute violated procedural due process. Accordingly, it is without question that this precise issue was fully litigated, and decided in the Rossis' favor, in the Superior Court. Second, notwithstanding the Superior Court's actions, as detailed in Defendant Kinch's Memorandum in Support of Motion to Dismiss, the Supreme Court specifically and expressly asked that the issue of whether the pre- or post-amended Mechanics' Lien Statute should govern the appeal be briefed, and all parties, as well as the amici, litigated this issue before the Rhode Island Supreme Court.

In fact, the Rhode Island Supreme Court began its analysis section by observing that it "first must determine whether the pre-amendment statute or the post-amendment statute controls [the Supreme Court's] analysis in this case." Gem Plumbing, 867 A.2d at 802. The Court ultimately concluded that it was "required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to [the Gem Plumbing] appeal." Id. Clearly, the parties litigated the issue concerning whether the pre- or post-amendment law should apply and the Supreme Court ruled against the arguments made by the Rossis, i.e., that the post-amendment law should apply. The Supreme Court's deliberate decision that the post-amendment law should apply to the Rossis' appeal is inconsistent with the Rossis' argument that the Supreme Court did not examine the pre-amendment statute – the Court did consider the applicability of the pre-amendment statute and determined that the pre-amendment statute was no longer applicable to the Rossis since, according to the plain language of R.I. Gen. Laws § 34-28-17.1, the post-amendment statute was to apply "not

only to all future mechanics' liens, but also to all pending 'mechanics' liens, petitions or lien substitutions.'"[1] Id. at 802 (quoting R.I. Gen. Laws § 34-28-17.1)(emphasis added).

For the reasons discussed above, as well as in Defendant Kinch's Memorandum in Support of Motion to Dismiss, there is little question that the issue sought to be adjudicated in this federal lawsuit was the same issue presented in the state litigation, arose from the same set of transactions or occurrences as the state litigation, and was actually litigated in the state litigation. Also, the Supreme Court's opinion in Gem Plumbing represents a final binding judgment, and the Court's adjudication of the applicability of the pre- or post-amendment Mechanics' Lien Statute was central to the final judgment. Finally, the parties in the state litigation are in privity with the parties in the federal lawsuit. See DiPinto v. Sperling, 9 F.3d 2, 4 (1st Cir. 1993)("Mutuality of parties is not essential to a collateral estoppel defense under Rhode Island law."). Specifically, the plaintiffs in both matters, Robert V. and Linda A. Rossi are the same, as is their legal counsel. The Defendant in the state litigation was Gem Plumbing & Heating Co., whereas one of the defendants in the federal lawsuit is Leonard P. Gemma, individually and in his capacity as President of Gem Plumbing & Heating Co., Inc.

Since the Rossis are estopped from relitigating an essential element of their claim against Gemma – the procedural due process claim – the Rossis are estopped in their

---

[1] On the same day that the Supreme Court issued Gem Plumbing, the Court also issued its opinion in F.C.C., Inc. v. Reuter, 867 A.2d 819 (R.I. 2005), another mechanics' lien case. Reuter is instructive in the instant matter since the arguments pressed in that case parallel the Rossis' present arguments. Specifically, the Reuter Court observed that even though "the events giving rise to the matter before the Court took place in 1999, well before the enactment of § 34-28-17.1," the amended statute governed at the time of the summary judgment hearing in Superior Court. Reuter, 867 A.2d at 822. The Court noted that "[c]onsistent with our case law, the trial justice should have applied the law in effect at the time he made his ruling." Id. at 821 n. 5.

**CERTIFICATION**

I hereby certify that the instant Memorandum was mailed via first class postage prepaid on the 21 day of June, 2005, to the following individuals:

Theodore Orson, Esq.
Orson & Brusini, Ltd
55 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Patrick J. Dougherty, Esq.
155 South Main Street, Suite 304
Providence, Rhode Island 02903

Fred L. Mason, Jr., Esquire
Mason Associates P.C.
20 Cedar Swamp Road
Smithfield, Rhode Island 02917

Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109