UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT V. ROSSI and
LINDA A. ROSSI
*Plaintiffs,*

v. C.A. No. 05-032-S

LEONARD P. GEMMA, Individually and
In his capacity as President of Gem Plumbing &
Heating Co., Inc.
ROBERT J. LEVINE, Individually and in
his capacity as general partner of
Gemma and Levine ; and
HENRY S. KINCH, JR., in his capacity as Clerk
Of the Providence County Superior Court
*Defendants.*

**MEMORANDUM OF DEFENDANTS LEONARD P. GEMMA AND ROBERT J. LEVINE SUBMITTED PURSUANT TO ORDER DATED JUNE 7, 2005**

Defendants Leonard P. Gemma and Robert J. Levine, individually and in his capacity as general partner of Gemma and Levine (jointly "Defendants"), hereby submit this Joint Memorandum pursuant to this Court's Order Dated June 7, 2005.[1]

## I. THE ROOKER-FELDMAN DOCTRINE APPLIES.

Defendants adopt the arguments relative to the so-called Rooker-Feldman Doctrine set forth in § II(A) of Memorandum of Defendant Henry S. Kinch Response To Order For Further Briefing.

## II. PLAINTIFFS ARE COLLATERALLY ESTOPPED FROM RELITIGATING THE RHODE ISLAND SUPREME COURT RULINGS THAT THE AMENDED MECHANIC'S LIEN LAW IS CONSTITUTIONAL AND RETROACTIVE.

In Gem Plumbing & Heating Co., Inc. v. Rossi et al, 867 A.2d 796 (R.I. 2005) (the "Supreme Court Decision"), the Rhode Island Supreme Court held (i)

[1] This Memorandum is submitted jointly in deference to the Court's encouragement in footnote 3 of the June 7 Order.

that the amended version of the Rhode Island Mechanic's Lien Law (the "Amended Mechanic's Lien Law") is constitutional under the United States Constitution and the Rhode Island Constitution, and (ii) that the Amended Mechanic's Lien Law must be applied retroactively to the mechanic's lien recorded by Gem Plumbing & Heating Co., Inc. (jointly, the "Principal Legal Rulings"). In other words, the Supreme Court determined that, as a matter of retroactivity law, there were no United States nor Rhode Island constitutional violations caused by Defendants in connection with Gem's mechanic's lien.[2]

Plaintiffs cannot prevail on their claims in this action if the Principal Legal Rulings are binding on this Court.

The Principal Legal Rulings are binding on this Court under the doctrine of collateral estoppel, sometimes also referred to as "issue preclusion."

**A. Collateral Estoppel Defined.**

Allen, et al. v. McCurry, 449 U.S. 90 (1980) ("Allen"), is the leading case on the issue whether a state court ruling on a legal or factual issue against a party precludes re-litigation of the same legal or factual issue when that party asserts § 1983 claims in federal court.

In Allen, the United States Supreme Court explained that "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in suit on a different cause of action involving a party to the first case." Id. at 94.

The Allen court explained that the statutory basis for collateral estoppel is found in the third paragraph of 28 U.S.C. § 1738, which provides in pertinent part:

[2] The Rhode Island Supreme Court came to the same conclusion in the companion case: *F.C.C. Inc. v. Reuter*, 867 A.2d 819 (R.I. 2005).

> "[Judicial] proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . ." 28 U. S. C. § 1738.

Allen, supra, 449 U.S. at 96.

Thus, in determining whether collateral estoppel applies, the federal court must look to the law in which the federal court sits. Burgos v. Hopkins, 14 F. 3d 787, 790 (2d Cir. 1994) (Section 1983 case). As explained in the next section, Rhode Island law precludes relitigation of the Principal Legal Rulings.

**B. Under Rhode Island Collateral Estoppel Law Relitigation of the Principal Legal Rulings is Precluded.**

In Wiggins v. State of Rhode Island, 326 F. Supp. 2d 297 (D.R.I. 2004) (Smith, J.), the United States District Court for the District of Rhode Island recently precluded a plaintiff asserting a § 1983 claim from relitigating a prior ruling of the Rhode Island Traffic Court on an issue of mixed law and fact. In explaining Rhode Island collateral estoppel law, Judge Smith wrote:

> Collateral estoppel "is the doctrine which renders conclusive in a subsequent action on a different claim the determination of particular issues actually litigated in a prior action." It requires: (1) an identity of issues; (2) a valid and final judgment on the merits; and (3) establishing that the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action. (Rhode Island Supreme Court citations omitted.)

Id. at 303.

As demonstrated below, each of these three requirements for invocation of collateral estoppel are satisfied herein.

**1. There is an identity of issues.**

In the Rhode Island Supreme Court appeal, Plaintiffs sought a ruling that (i) the Amended Mechanic's Lien Law was either unconstitutional, and/or (ii) the Amended Mechanic's Lien Law could not be applied retroactively against

Plaintiffs. However, the Rhode Island Supreme Court ruled against Plaintiffs on both of these legal issues.

In the instant matter, Plaintiffs seek a ruling that (i) the Amended Mechanic's Lien Law is either unconstitutional, and/or (ii) the Amended Mechanic's Lien Law can not be applied retroactively against Plaintiffs. Accordingly, there is an identity of issues.

**2. The Rhode Island Supreme Court made a valid and final judgment on the merits of the Principal Legal Rulings.**

The Rhode Island Supreme Court's Principal Legal Rulings were valid, final and thoroughly unambiguous.

With respect to the legal issue of whether the Amended Mechanic's Lien Law was constitutional, the Rhode Island Supreme Court ruled:

> Giving due consideration to all three prongs of the Mathews-Doehr balancing test, we conclude that the Mechanics' Lien Law, as amended by § 34-28-17.1, does not violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution or Article 1, Section 2 of the Rhode Island Constitution.

Supreme Court Decision, 867 A.2d at 818.

With respect to the issue of whether the Amended Mechanic's Lien Law is to be applied retroactively to Gem Plumbing & Heating Co., Inc.'s mechanic's lien, the Rhode Island Supreme Court ruled:

> Based on the clear language of the statute and our caselaw, we are required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal.

Id. at 802. See also *F.C.C. Inc. v. Reuter*, 867 A.2d 819, 822 (R.I. 2005)(making note of its ruling in the Supreme Court Decision that the Amended Mechanic's Lien Law was to be applied retroactively).

While the Rhode Island Supreme Court remanded the case back to the Superior Court in order to address the substantive claims and defenses, the Supreme Court's Principal Legal Rulings were valid and final.

**3. The parties against whom collateral estoppel is asserted were parties to the prior action.**

The Principal Legal Rulings went against parties Robert V. Rossi and Linda A. Rossi by the Rhode Island Supreme Court. Parties Robert V. Rossi and Linda A. Rossi seek to relitigate the Principal Legal Rulings before this Federal Court.[3]

**C. <u>The Rhode Island Supreme Court Provided Plaintiffs with a Full and Fair Opportunity To Litigate the Principal Legal Rulings.</u>**

An exception to collateral estoppel exists where the party against whom collateral estoppel is sought did not have a "full and fair opportunity" in the prior forum to litigate the issues sought to be precluded.

Not only did the Rhode Island Supreme Court afford Plaintiffs a "full and fair opportunity" to litigate the issues comprising the Principal Legal Rulings, it actually ordered the parties to address the applicability of the amendment to the Mechanic's Lien Law to the pending action and the constitutional issues. See Exhibit 5 to <u>Appendix to Memorandum In Support Of Defendant's Motion To Dismiss, or, In the Alternative, To Abstain</u> filed with this Court on March 28, 2005.

[3] Plaintiffs have argued that preclusion doctrines should not apply because the Defendants in this case are technically different from the parties in the state court action. However, the identity of the Defendants herein is irrelevant to the issue preclusion inquiry because, as indicated in <u>Allen</u>, the United States Supreme Court "has eliminated the requirement of mutuality in applying collateral estoppel to bar relitigation of issues decided earlier in federal court suits, and has allowed a litigant who was not a party to a federal case to use collateral estoppel "offensively" in a new federal suit against the party who lost on the decided issue in the first case." <u>Allen</u>, supra, 449 U.S. at 94-95. Accord <u>Wiggins</u>, supra, 326 F. Supp. at 306, n. 14 (interpreting Rhode Island law).

### D. Collateral Estoppel Applies in Section 1983 Cases.

In Allen, the United States Supreme Court held that a state court decision has preclusive effect in subsequent Federal Court § 1983 cases. Allen, supra, 449 U.S. at 103-04.

### E. Assuming *Arguendo* that Plaintiffs Could Not Assert A Counterclaim in the State Court Action, Collateral Estoppel Still Applies To Preclude Relitigation of Issues of Law and Fact Decided by the State Court.

Assuming *arguendo* that counterclaims were barred in Rhode Island mechanic's lien cases,[4] while it might have a claim preclusion effect herein, it would not have an issue preclusion effect. The distinction between claim preclusion and issue preclusion in this context is therefore very important. There is an exception to claim preclusion where a party against whom claim preclusion is sought could not assert its claim in the prior forum because, for example, a lack of state court subject-matter jurisdiction. However, as the Second Circuit explained in Burgos v. Hopkins, 14 F.3d 787, 792-793 (2d Cir. 1994), even if a claim is precluded under that exception, issues of law and fact decided in the prior forum may still be precluded under collateral estoppel.

## III. THE FEDERAL COURT SHOULD DISMISS THE ACTION ON YOUNGER ABSTENTION GROUNDS.

Plaintiffs' claims should also be dismissed on "Younger Abstention" grounds because (i) the interpretation of the Amended Mechanic's Lien Law and the issue of whether the amended statute should be applied retroactively to prior-recorded mechanic's liens in Rhode Island invoke important state interests; and

---

[4] As demonstrated in § III, infra, under Roofing Concepts, Inc. v. Barry, 559 A.2d 1059 (R.I. 1989), a defendant in a Rhode Island mechanic's lien action may file a motion to seek authority to file a counterclaim.

(ii) under Roofing Concepts, Inc. v. Barry, 559 A.2d 1059 (R.I. 1989), plaintiffs may request the Superior Court's authority to file a counterclaim in a mechanic's lien action.

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts should abstain from jurisdiction where there is a pending state action, there is in an important state interest, and the state forum provides the litigants with a full and fair opportunity to litigate their claims.

For reasons of judicial economy and to avoid endless litigation arising out of the same set of facts, claim-splitting is disfavored and generally precluded. 18 James W. Moore Moore's Federal Practice 133.51, 133.52 (LexisNexis 3d Ed. 2005). A plaintiff who can bring both state claims and federal civil rights claims in the same forum must do so, and claim-splitting is as disfavored in the civil rights context as elsewhere. Id.; Davis v. Chicago, 53 F.3d 801, 802 (7th Cir. 1995); Allen v. McCurry, 449 U.S. 90, 101 (1984).

In this case, Plaintiffs' attempt to assert § 1983 claims and slander of title claims against Defendants is classic claim-splitting. Having chosen not to assert either the § 1983 cause of action or the slander of title cause of action in the state court action, Plaintiffs now, seek to assert those causes of action in Federal Court for the first time.

Moreover, the allegations comprising the basis for Plaintiffs § 1983 and slander of title claims are the exact same allegations previously asserted by Plaintiffs in the state court action. As the Rhode Island Supreme Court stated in ElGabri v. Lekas, 681 A.2d 271 (1996), "the foundations upon which (plaintiff's)

state and federal lawsuits were constructed necessarily rely upon the same

Plaintiffs have argued that parties against whom mechanic's lien actions are filed are barred from asserting counterclaims because under Rhode Island Superior Court Rule 81(a)(1), the Rhode Island Superior Court Rules of Civil Procedure do not apply during the "process and pleading stages" of a petition to enforce a mechanic's lien. However, as demonstrated in Roofing Concepts, Inc. v. Barry, 559 A.2d 1059 (R.I. 1989),[5] the fact that the Rhode Island Superior Court Rules of Civil Procedure do not apply during the "process and pleading stages" does not necessarily mean that counterclaims cannot be asserted by motion in a Rhode Island mechanic's lien case. Indeed, the Rhode Island Supreme Court rejected essentially the same procedural argument when a plaintiff asserted that Rule 81(a)(1) barred a defendant from impleading a third party into a mechanic's lien action:

> Although it is true that the mechanic's-lien law itself does not provide a mechanism for the impleading of third-parties in an action to enforce a mechanic's lien, neither the lien law nor the Rules of Civil Procedure, except for the limitations imposed by Rule 81, specifically preclude such a practice. *See* Super R. Civ. P. Rules 14(a), 81(a)(1), and § 34-28-16. Except as provided for by Rule 81(a)(1), which bars the application of the rules to the pleading and process stages of an action to enforce a mechanic's lien, the Rules of Civil Procedure "govern the procedure in the Superior Court of the State of Rhode Island in all suits of a civil nature whether cognizable as cases at law or in equity * * *." Rule 1. Under the rules a defendant may implead a third-party at any time, upon obtaining leave on motion to do so, if that party may be found liable to defendant for all or part of plaintiff's claim. Therefore, under our supervisory authority and our authority to devise a remedy when required, we find it appropriate and just that a party against whom a

---

[5] It should be noted that while Rule 81 was amended in 1995, section (a)(1) remains the same as it was when Roofing Concepts was decided. See Rhode Island Court Rules Annotated, 1988-1989 (Michie Company).

> mechanic's lien is being enforced should be allowed to implead another party who is alleged to be wholly or partially responsible for the payment necessary to discharge the lien even though the mechanic's-lien law does not specifically provide for such impleader. We believe it is most desirable that all parties involved in a dispute be before the court in the same action. Accordingly we find that a defendant in a mechanic's-lien action may, after the pleading and process stages and after first obtaining leave on motion to do so, implead a third party who may be liable to the defendant for all or part of the plaintiff's claim. *See* Rule 14(a). (Footnote omitted.)

Id. at 1062.

Accordingly, based on the Roofing Concepts procedural analysis, a defendant in a Rhode Island mechanic's lien action may assert a counterclaim with the Superior Court's authority, after motion thereon.

The Rhode Island Supreme Court decided that the Amended Mechanic's Lien Law should be applied retroactively to all mechanic's liens that were recorded as of the effective date of the amendment. This ruling is binding on the Superior Court. The Rhode Island Supreme Court was best-positioned to make that judgment because the retroactivity of a newly-enacted state statute is guided by state principles. See Maturi v. McLaughlin Research Corp., 326 F. Supp 2d 313, 2004 U.S. Dist. LEXIS 14106, n. 7 (R.I. 2004)(Smith, J.)("Rhode Island's retroactivity principles, not those of federal law, dictate whether [a Rhode Island statute] should be given retroactive effect."). Comity would be ill-served by having a federal court decide whether the Rhode Island Supreme Court interpreted Rhode Island law on retroactivity appropriately.

Moreover a contrary ruling by this Court could cause disarray. For example, in such event, should Defendant Kinch release the funds held in the Superior Court registry per a federal court order or should it await decision of the

Rhode Island Superior Court on the substantive issues? What if there were contrary decisions between the Rhode Island and Federal Courts? These are the exact types of conflicts that Younger abstention was meant to avoid.

Accordingly, this Court should abstain from accepting jurisdiction herein.

## CONCLUSION

For the reasons set forth, this action should be dismissed.

ROBERT J. LEVINE, ESQ. ,
By his attorney,

Robert E. Kiely (T.O. by Agreement)
Robert E. Kiely, Esq.
Regan and Kiely, LLP
85 Devonshire Street
Boston MA 02109

LEONARD P. GEMMA,
By his attorney,

Theodore Orson, Esq. (3871)
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903

Fred Mason (T.O. by Agreement)
Fred Mason, Jr., Esq.
Mason and Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917

Dated: June 30, 2005

## CERTIFICATION

I hereby certify that on this 30th day of June 2005, I caused a copy of the within Memorandum to be mailed postage prepaid to Patrick Daugherty, Esq., 155 South Main Street, Providence, RI 02903, Fred Mason, Jr., Esq., Mason and Associates, P.C., 20 Cedar Swamp Road, Smithfield, Rhode Island 02917, Robert E. Kiely, Esq. Regan and Kiely, LLP, 85 Devonshire Street, Boston MA 02109 and Michael W. Field, Esq., Special Assistant Attorney General, 150 South Main Street, Providence, RI, 02903.

Lucia Navarro