**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs | : | |
| v. | : | C.A. No. 05-032-S |
| LEONARD P. GEMMA, Individually and<br>In his capacity as President of Gem Plumbing<br>& Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in<br>his capacity as a general partner of<br>Gemma & Levine; and<br>HENRY S. KINCH, JR., in his capacity as Clerk of<br>The Providence County Superior Court<br>Defendants | : | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

Now come the Plaintiffs who hereby submit this Supplemental Brief to address the issues referenced in the Order of this Court Dated June 7, 2005.

**Introduction**

This Federal District Court for the District of Rhode Island is a court possessing primary jurisdiction for litigation of the 28 U.S.C. § 1983 claims in dispute between the Plaintiffs and Defendants. These claims are new and brought against Defendants who have not been a party to any proceedings brought by the Rossis thus far. A review of the principal holdings in *Exxon Mobil Corporation, et al. v. Saudi Basic Industries Corporation* and *Federacion De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico, infra*, support Plaintiffs' contention that this action is not barred

by *Rooker-Feldman*, res judicata, collateral estoppel, or any other legal doctrine for that matter.

## I. The Holdings in *Exxon Mobil Corporation and Federacion de Maestros de Puerto Rico* Sustain Plaintiffs' Contention That the *Rooker-Feldman* Doctrine Does Not Apply to The Case at Bar.

As stated by the United States Supreme Court, "[t]he *Rooker-Feldman* doctrine....is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation, et al. v. Saudi Basic Industries Corporation*, 125 S.Ct. 1517, 1521-22. In the case at bar, the Rossis were not "losers" insofar as the claims against Defendants Gemma and Levine are concerned. The claims that are now in dispute were not in issue nor were they decided by the Rhode Island Supreme Court in *Gem Plumbing & Heating Co., Inc v. Rossi,* 867 A.2d 796 (R.I. 2005)(Said decision is hereinafter referred to as "*Gem*").

The Rhode Island Supreme Court in *Gem* did not in any way decide whether the Rossis' constitutional rights were violated by the actions of the Defendants or Gem Plumbing & Heating Co., Inc. Nor did the Rhode Island Supreme Court decide that the Rossis' rights were not violated. The state court instead rendered a decision on an amended version of the Rhode Island Mechanics' Lien Law that was not even in existence until after the case went to judgment in the Rhode Island Superior Court. The Rhode Island Supreme Court bluntly chose not to deal with the application of the

provisions of the statute that affected the Rossis by denying them their right to due process before they were deprived of a significant property interest.

As stated previously, the Rossis are *not* attempting to have this Court sit in review of the Rhode Island Supreme Court. Nor do the Rossis wish to have this Court reject the Rhode Island Supreme Court's decision in *Gem.* Simply stated, the decision in *Gem* does nothing for the Defendants in this case, and equally does nothing for or against the Rossis. It simply has no effect upon this case seeking redress for damages pursuant to 28 U.S.C. §1983 because the decision did not address the relevant law. The Rhode Island Supreme Court in Gem, reviewed a statute that was not in existence at the time the Rossis case went to judgment before the Rhode Island Superior Court. It did not state that the newly amended Mechanics' Lien Law provision, §34-28-17.1, applied to and was dispositive of the Rossis' constitutional challenge to the Mechanics' Lien Law in effect at the time of the incidents complained of in the complaint. Instead, the Rhode Island Supreme Court held that it was "required to apply the Mechanic's Lien Law as amended by § 34-28-17.1", (*867 A.2d at 802*); rendered what can best be said to be akin to an advisory opinion on the newly amended statute; vacated the underlying judgment; and, remanded the case to the Superior Court "because the motion justice did not have an opportunity to review the Mechanics' Lien Law as amended by § 34-28-17.1". *867 A.2d at 818.*

Accordingly, because the issues in this federal court litigation were not and could not have been litigated in the Gem's Rhode Island state court Petition to Enforce Mechanics' Lien, they are subject to being originally brought to litigation in the federal court, the court of principal jurisdiction for federal claims.

## II. There is no claim or issue preclusion flowing from the decision of the Rhode Island Supreme Court in Gem Plumbing & Heating Co., Inc v. Rossi, 867 A.2d 796 (R.I. 2005) that affects the parties to this action.

### A. Assertion of Res Judicata is Unavailable to the Defendants

While it is true that "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions", *Federacion De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico*, No. 03-1979, 2005 WL 1253305, at 9 (1st Cir. May 27, 2005), the Defendants in this case have nothing to assert to thwart this action from proceeding in this federal court. A review of the Rhode Island Supreme Court's decision in *Gem* exposes the fact that there are no issues available to the defendants to assert by way of collateral estoppel or claim preclusion.

The doctrine of res judicata, or claim preclusion, "precludes the parties or their privies from relitigating claims that were raised or could have been raised in [a previous] action." *Gonzalez-Pina v. Rodriquez*, 407 F.3d 425, 429 (1st Cir. 2005). However, as stated in the April 23, 2003 Decision of Judge Silverstein, p.6, fn4, "[T]he [Rhode Island Superior Court] Rules of Civil Procedure are not applicable to petitions for enforcement of mechanics' liens. Therefore, this Court will treat the answer [to the complaint] as a nullity." The Rhode Island Mechanics' Lien Law makes no provision for asserting counterclaims or affirmative or other defenses by a property owner against the lien holder in the context of a petition to enforce a mechanics' lien. Accordingly, because no claims could have been asserted by the Rossis in response to the petition to enforce, the doctrine of res judicata can have no application here insofar as the decision in *Gem* is concerned.

Furthermore, the Rhode Island Legislature clearly and unequivocally stated its intent that the statutory provisions relating to mechanics' liens not limit the rights of any person to other remedies otherwise available to them.

> **34-28-33 Remedy of chapter not exclusive.**
>
> Except as otherwise specified, nothing in this chapter shall be construed to limit the right of any person, whether he or she have a valid lien hereunder or not, to remedies otherwise available to him or her under law; and the rights, if any, of any person who has filed his or her account and demand or claim under § 34-28-16 for any deficiency, or the rights, if any, of any person who has failed to file his or her account and demand or claim thereunder, against any other person (rather than against the property which is the subject matter of any petition under this chapter) shall not be impaired by the provisions of this chapter.

*R.I. Gen. Laws § 34-28-33.* Therefore, not only does Gem Plumbing & Heating Co., Inc. have other remedies available to it, (which they are currently pursuing in another action pending in Rhode Island Superior Court), but so do the Rossis. Regardless, it cannot be stated, with ongoing litigation, that the state court proceedings have ended between the Rossis and Gem Plumbing & Heating Co., Inc. There is no requisite finality to the litigation at this stage, and thus, no claim preclusion available to the Defendants to assert against the Rossis. *See generally, Federacion De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico*, No. 03-1979, 2005 WL 1253305, at 9 (1st Cir. May 27, 2005). This is especially true because the claims against these defendants have never been raised until this federal court litigation and the Defendants in this case have never before been in litigation with the Rossis.

**B. Assertion of Collateral Estoppel is Also Unavailable to Defendants**

In part, for the same reasons that res judicata does not provide the Defendants any safe harbor, collateral estoppel is equally unavailable to Defendants as a defense. As cited by this Court in its June 7, 2005 Order, "Collateral estoppel 'is the doctrine which renders conclusive in a subsequent action on a different claim the determination of particular issues actually litigated in a prior action.'" *Wiggins v. Rhode Island*, 326 F.Supp.2d 297, 303 (D.R.I. 2004)(quoting *Providence Teachers Union v. McGovern*, 319 A.2d 358, 361 (R.I. 1974)). There is no collateral estoppel defense available to Defendants to assert because the Rhode Island Supreme Court decision in *Gem* has done nothing to discount, eliminate or diminish the issues in dispute in the federal court litigation.

The mere fact that there is ongoing state court litigation involving the Rossis that does not involve the Defendants in this litigation as named parties is inconsequential for purposes of the motion to dismiss. Even if there were some sufficient nexus between the claims pending in this federal action and a matter decided by the Rhode Island Supreme Court in *Gem*, this case must still go forward. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party..., then there is jurisdiction and state law determines whether the defendant prevails under the principles of preclusion." ." *Exxon Mobil Corporation, et al. v. Saudi Basic Industries Corporation*, 125 S.Ct. 1517, 1527 (quoting *GASH Assocs. V. Village of Rosemont*, 995 F.2d 726, 728 (CA7 1993); accord *Noel v. Hall*, 341 F.3d 1148, 1163-1164 (CA9 2003). However, it should be underscored that there has been no legal conclusion made on the issues pertaining to the Rossis claims,

other than that of Judge Silverstein in his April 23, 2003 decision, which ironically, validates the claims of the Rossis in this federal litigation.

At present, the case between the Rossis and Gem Plumbing & Heating Co., Inc., is pending in the Rhode Island Superior Court, having been remanded there by the Supreme Court. Because the Rossis have acted to discharge the lis pendens and Notice of Intention by depositing the money in the Superior Court Registry, the Petition to Enforce is subject to dismissal. *See R.I. Gen Laws § 34-28-17*

Accordingly, and also with the enactment of R.I. Gen. Laws § 34-28-17.1, the Rossis are now forced to file a new complaint to address their defenses and the propriety of continuing to hold the money in the Registry of Court. That being the case, it is impossible for the Defendants in this action to assert that *Rooker-Feldman* doctrine applies or that they can avail themselves at this time of the defenses of res judicata or collateral estoppel.

WHEREFORE, Plaintiffs, Robert V. Rossi and Linda A. Rossi pray this Court deny the Defendants motions and sustain Plaintiffs' objections thereto.

ROBERT V. ROSSI
And LINDA A. ROSSI
By their attorney,

Patrick J. Dougherty, 5082
155 South Main Street, Suite 304
Providence, RI 02903
(401) 273-9770
(401) 273-4750 (Fax)

**CERTIFICATION**

I hereby certify that on the 30th day of June, 2005 I caused a copy of this document to be mailed by first class, postage prepaid to:

Theodore Orson, Esquire
Orson & Brusini, Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903

Fred L. Mason, Jr., Esquire
20 Cedar Swamp Road
Smithfield, RI 02917

Robert E. Kiely, Esquire
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109

Special Assistant Attorney General Michael W. Field
150 South Main Street
Providence, RI 02903