**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs | |
| v. | C.A. No. 05-032-S |
| LEONARD P. GEMMA, Individually and<br>In his capacity as President of Gem Plumbing<br>& Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in<br>his capacity as a general partner of<br>Gemma & Levine; and<br>HENRY S. KINCH, JR., in his capacity as Clerk of<br>The Providence County Superior Court<br>Defendants | |

**PLAINTIFFS, ROBERT V. ROSSI AND LINDA A. ROSSI'S, OBJECTION TO DEFENDANTS ROBERT J. LEVINE AND LEONARD P. GEMMA'S MOTION FOR A PROTECTIVE ORDER REGARDING THEIR DEPOSITION TESTIMONY**

Now come the Plaintiffs, Robert V. Rossi and Linda A. Rossi, who hereby object to the motion of Robert J. Levine and Leonard P. Gemma for a protective order seeking to thwart the taking of their depositions pending resolution of dispositive motions that have been filed in this case.

As grounds in support of this objection, the Plaintiffs state that the Defendants have cited absolutely no facts or law which would justify the issuance of a protective order. The only assertion by the Defendants in their motion as to why a protective order would be in order in this case is contained on page 2, paragraph 8 which states, "To continue with the scheduled November depositions of Defendants Levine and Gemma, or to allow any other substantive discovery would place an undue burden on all parties

involved in this action, and on this Court." Defendants have not stated why it would place an undue burden on the parties or on this Court.

The taking of depositions would place absolutely no burden on this Court in that Courts are not normally involved in, or present during, the taking of a Defendant's deposition. The Defendants' actions subjected them to the burdens of this litigation and accordingly, no undue burden would be placed upon them by being deposed.

The Plaintiffs, on the other hand, would suffer prejudice and undue burden in being prohibited from taking the Defendants' deposition testimony. They would be prohibited from preserving testimony concerning facts and evidence that is most likely going stale in the minds of the deponents. Furthermore, taking the depositions of the Defendants Levine and Gemma would allow Plaintiffs to obtain evidentiary support for the allegations contained in the Complaint.

There is presently no time limit for rendering decision on the pending motions to dismiss. Even after decision and recommendation of the Magistrate, the parties still have the ability to appeal the determination. Thereafter, the parties would have to await a subsequent decision by the Court which could serve to prolong the debate over the motions to dismiss for an even more extended period. Granting the motion for a protective order would only serve to increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death or unavailability of a party.

Simply stated, Plaintiffs should be allowed to proceed with discovery and to proceed with litigation and garnering evidence of proof of their case in a timely fashion.

This Honorable Court has jurisdiction over the parties and the claims and should follow through its inherent duty to proceed with matters within its jurisdiction.

The Plaintiffs were deprived of their constitutional right to due process. If any persons are prejudiced, it is the Rossi's who have been deprived of their funds pursuant to a defective and unconstitutional mechanics' lien.

WHEREFORE, Plaintiffs Robert V. Rossi and Linda A. Rossi hereby pray this Court deny the Defendants, Robert J. Levine and Leonard P. Gemma's Motion for a Protective Order regarding their deposition testimony.

ROBERT V. ROSSI and
LINDA A. ROSSI
By their attorney,

Patrick J. Dougherty, 5082
155 South Main Street, Suite 304
Providence, RI 02903
(401) 273-9770
(401) 273-4750 (Fax)

**CERTIFICATION**

I hereby certify that on the 31st day of October, 2005 I caused a copy of this document to be mailed by first class, postage prepaid to:

Theodore Orson, Esquire
Orson & Brusini, Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903

Fred L. Mason, Jr., Esquire
20 Cedar Swamp Road
Smithfield, RI 02917

Robert E. Kiely, Esquire
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109

Special Assistant Attorney General Michael W. Field
150 South Main Street
Providence, RI 02903

ObjtoMotforProtOrder10.31.05