**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs | : | |
| v. | : | C.A. No. 05-032-S |
| LEONARD P. GEMMA, Individually and<br>In his capacity as President of Gem Plumbing<br>& Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in<br>his capacity as a general partner of<br>Gemma & Levine; and<br>HENRY S. KINCH, JR., in his capacity as Clerk of<br>The Providence County Superior Court<br>Defendants | : | |

**PLAINTIFFS, ROBERT V. ROSSI AND LINDA A. ROSSI'S, MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS ROBERT J. LEVINE AND LEONARD P. GEMMA'S AMENDED MOTION TO STAY ALL DISCOVERY**

Now come the Plaintiffs, Robert V. Rossi and Linda A. Rossi, who hereby object to the amended motion of Robert J. Levine and Leonard P. Gemma for a protective order seeking to prohibit the taking of any depositions or the propounding of any written discovery pending resolution of dispositive motions that have been filed in this case.

As grounds in support of this objection, the Plaintiffs state that the Defendants have not shown why conducting discovery would place an undue burden on the parties or on this Court. The Defendants are party to a lawsuit which is predicated upon their unlawful acts against the Plaintiffs. Defendants' actions brought them into this lawsuit and therefore they should not now be allowed to stall discovery for any period of time.

When applying for a stay, a party must demonstrate "a clear case of hardship or inequity" if "even a fair possibility" exists that the stay would damage another party.

Spang-Eng Assocs. v. Weidner, 771 F.2d 464, 468 (10th Cir. 1985) (quoting Landis v. North American Co., 299 U.S. 248, 255 (1936)). Defendants' bald assertions fall far short from alleging requisite hardship or inequity to them in the event the stay is not granted. The sole basis supporting their motion is that if the pending motions are granted, the case will be disposed of and the need for discovery will be moot. It should not be overlooked that the Defendants' argument of lack of subject matter jurisdiction over the Plaintiffs' complaint (which is the primary basis of the pending motions to dismiss) is simply not supported by the law.

The Plaintiffs would suffer prejudice and undue burden in being prohibited from taking the Defendants' deposition testimony. They would be prohibited from preserving testimony concerning facts and evidence that is most likely going stale in the minds of the deponents. Furthermore, taking the depositions of the Defendants Levine and Gemma would allow Plaintiffs to obtain evidentiary support for the allegations contained in the Complaint.

There is presently no time limit for rendering decision on the pending motions to dismiss. Granting the motion for a protective order would only serve to increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death or unavailability of a party.

Simply stated, Plaintiffs should be allowed to proceed with discovery and to proceed with litigation and garnering evidence of proof of their case in a timely fashion. This Honorable Court has jurisdiction over the parties and the claims and should follow through its inherent duty to proceed with matters within its jurisdiction.

The Plaintiffs were deprived of their constitutional right to due process. If any persons are prejudiced, it is the Rossi's who have been deprived of their funds pursuant to a defective and unconstitutional mechanics' lien.

WHEREFORE, Plaintiffs Robert V. Rossi and Linda A. Rossi hereby pray this Court deny the Defendants, Robert J. Levine and Leonard P. Gemma's Motion to stay all discovery.

ROBERT V. ROSSI and
LINDA A. ROSSI
By their attorney,

Patrick J. Dougherty, 5082
155 South Main Street, Suite 304
Providence, RI 02903
(401) 273-9770
(401) 273-4750 (Fax)

**CERTIFICATION**

I hereby certify that on the 7th day of ~~October~~ November, 2005 I caused a copy of this document to be mailed by first class, postage prepaid to:

Theodore Orson, Esquire
Orson & Brusini, Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903

Fred L. Mason, Jr., Esquire
20 Cedar Swamp Road
Smithfield, RI 02917

Robert E. Kiely, Esquire
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109

Special Assistant Attorney General Michael W. Field
150 South Main Street
Providence, RI 02903

ObjtoMotforProtOrder110705