UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs | : | |
| v. | : | C.A. No. 05-032-S |
| LEONARD P. GEMMA, Individually and<br>In his capacity as President of Gem Plumbing<br>& Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in<br>his capacity as a general partner of<br>Gemma & Levine; and<br>HENRY S. KINCH, JR., in his capacity as Clerk of<br>The Providence County Superior Court<br>Defendants | : | |

**PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Robert V. Rossi and Linda A. Rossi, (hereinafter referred to collectively as the "Rossis") Plaintiffs in this matter, object to the Report and Recommendation of Magistrate Judge Martin with Respect to 1) Defendant's Motion to Dismiss, or in the Alternative, to Abstain (Document #11) filed by Defendant Leonard P. Gemma, individually and in his capacity as President of Gem Plumbing & Heating Co., Inc.; 2) Motion of Defendant, Robert J. Levine, to Dismiss the Plaintiff's Complaint or to Abstain (Doument #24; and 3) Defendant Henry S. Kinch's Motion to Dismiss or in the Alternative, to Abstain (Document #26).

Plaintiffs incorporate by reference as if fully set forth herein, their Objections, Memoranda and supplemental memoranda filed in support of their Objections to the Defendants' Motion to Dismiss or to Abstain, and arguments made at the May 27, 2005 hearing on said motions before the Magistrate Judge.

Robert and Linda Rossi request to be heard for oral argument and estimate that one-half hour for each side would be sufficient with additional time for rebuttal if issues come up at the hearing which require the same.

WHEREFORE, Robert V. Rossi and Linda A. Rossi request this honorable Court sustain their objection; reject the Report and Recommendation of Magistrate Judge Martin; and, deny the above referenced motions to dismiss and/or abstain.

ROBERT V. ROSSI
And LINDA A. ROSSI
By their attorney,

Patrick J. Dougherty
155 South Main Street, Suite 304
Providence, RI 02903
Ph (401)273-9770
Fax (401)273-4750

CERTIFICATION

I hereby certify that on the 21st day of February, 2006, a true and accurate copy of the within document was mailed by regular mail, postage prepaid to the following counsel of record:

Theodore Orson, Esq.
Orson & Brusini, Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903

Fred L. Mason, Jr., Esquire
20 Cedar Swamp Road
Smithfield, RI 02917

Robert E. Kiely, Esquire
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109

Michael Field, Esq.
Office of the Attorney General
150 South Main Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs | : | |
| v. | : | C.A. No. 05-032-S |
| LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in his capacity as a general partner of Gemma & Levine; and<br>HENRY S. KINCH, JR., in his capacity as Clerk of The Providence County Superior Court<br>Defendants | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Robert V. Rossi and Linda A. Rossi, (hereinafter referred to collectively as the "Rossis") Plaintiffs in this matter, object to the Report and Recommendation of Magistrate Judge Martin with Respect to 1) Defendant's Motion to Dismiss, or in the Alternative, to Abstain (Document #11) filed by Defendant Leonard P. Gemma, individually and in his capacity as President of Gem Plumbing & Heating Co., Inc.; 2) Motion of Defendant, Robert J. Levine, to Dismiss the Plaintiff's Complaint or to Abstain (Document #24; and 3) Defendant Henry S. Kinch's Motion to Dismiss or in the Alternative, to Abstain (Document #26) and file this Memorandum to specifically detail the basis of their objection.

As grounds in support of their objection, the Rossis state as follows:

The Magistrate Judge's Report and Recommendation is based upon unfounded and impermissible interpretation of subjectively perceived "*sub silentio*" rulings and the *res judicata* and collateral estoppel effect of the Rhode Island Supreme Court's decision in *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d 796 (R.I. 2005)(hereinafter referred to as "*Gem*"). Furthermore, the Report and Recommendation misapplies the law and fails to account for facts and issues yet to be litigated regarding the status of the matter on remand to the Rhode Island Superior Court. As a result of these and other errors detailed herein, all of the Magistrate Judge's rulings regarding collateral estoppel, res judicata and abstention are unfounded and contrary to the facts and law.

Primary and critical to this Court's review is an examination of what actually was in issue before the Rhode Island Supreme Court in rendering its decision in *Gem*. Moreover, it is also critical to this Court's inquiry to focus on and identify what remains as the status of the case on remand to the Rhode Island Superior Court from that decision.

The state court litigation was brought to the Rhode Island Supreme Court on appeal by Gem Plumbing & Heating Co., Inc. after a Superior Court Decision dismissed Gem Plumbing & Heating Co., Inc.'s Petition to Enforce Mechanics' Lien. The Honorable Judge Michael Silverstein ruled, on motion by the Rossis, that R.I. Gen. Laws Section 34-28-1, *et seq.*, was unconstitutional and in violation of the Art. I, Section 2 of the Rhode Island Constitution and the Fourteenth Amendment of United States Constitution. He also ordered that the Rossis' money (placed in

substitution of the lien) held in the registry of Court should be released to them along with any interest accrued.

While the case was on appeal, the Rhode Island Legislature enacted an amendment to the Rhode Island Mechanics' Lien law, R.I. Gen. Laws Section 34-28-17.1. This amendment applied, by specific legislative directive, to all existing mechanics' liens and "lien substitutions", the funds placed in the Superior Court Registry by the Rossis pursuant to R.I. Gen. Laws Section 34-28-17 being considered as such. Because the matter that was in issue on appeal before the Supreme Court was solely the constitutionality of the Mechanics' Lien law, and, because the law had been amended, that court was constrained by its own precedent, to apply the law as amended.

> "Generally, if the Legislature amends or adds a statute relevant to a case that is pending appeal, this Court will apply 'the law in effect at the time of the appeal,' even when the statute was not in effect when judgment was entered in the trial court." O'Reilly v. Town of Glocester, 621 A.2d 697, 704-05 (R.I. 1993); accord Solas v. Emergency Hiring Council, 774 A.2d 820, 826 (R.I. 2001); Dunbar v. Tammelleo, 673 A.2d 1063, 1067 (R.I. 1996). This is particularly true when the legislative intent is retrospective." Dunbar, 673 A.2d at 1067."

*Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d 796, 802 (R.I. 2005).

The Rhode Island Supreme Court did conclude that the amended law, by its very own wording, applied to the "lien substitution", i.e., the Rossis' money currently being held in the Registry of Court. *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d 796, 802 (R.I. 2005)However, it did *not* state *how* it would apply. The Supreme Court, again in keeping with its long established and well precedented practice,

applied the law as amended in determining simply the issue of whether the law itself, i.e., R.I. Gen. Laws Section 34-28-1, *et seq.,* was constitutional. It stopped far short of making any determination as to whether the Rossis constitutional rights to due process were violated by the old law. In fact, it never spoke to that issue or made a determination one way or another.

Whether the Rossis' constitutional right to due process was violated has yet to be ruled upon by the Rhode Island Supreme Court. Although the Supreme Court did in fact request through issuance of a pre-briefing order, that the parties address in their statement of the case, "the issue *inter alia* of the effect, if any, of the General Assembly's 2003 Mechanics' Lien legislation, Section 34-28-17.1, on [the] appeal and on the constitutional issues to be raised herein", it did *not* rule that this amendment wiped out or cured any potential 42 U.S.C. Section 1983 claims. It merely ruled that it was constrained to apply the law as amended on appeal in deciding whether the law was constitutional. This made sense because the Superior Court matter on appeal was an action which had not even the glint of any other civil claims asserted in the record below and the Rossis had simply moved to dismiss the mechanics' lien petition on grounds that the law was unconstitutional.

This was not some novel or imaginative manner in which to rule (as apparently concluded by the Report and Recommendation of the Magistrate) by *sub silentio* implication, that no violation of the Rossis constitutional right to due process had occurred.

The Rossis did argue in their brief to the Supreme Court that the new law could not apply as it was not even in existence at the relevant time, but the Rhode Island Supreme Court decided otherwise in keeping with its precedent to apply the law as amended during the appeal. However, it did not do so in contemplation of a 42 U.S.C. Section 1983 cause of action because this issue was never before it as a claim in the litigation.

Instead, the Court vacated the judgment and remanded the case to the trial court "[f]or the reasons stated herein and because the motion justice did not have the opportunity to review the Mechanics' Lien Law as amended by [Section]34-28-17.1." *Gem Plumbing & Heating Co., Inc. v.* Rossi, 867 A.2d 796, 818 (R.I. 2005). The only meaning that this could have, in keeping with the Court's longstanding practice of requiring the development of a record and argument before the lower court prior to it determining issues not first raised and developed in the lower court, is that the trial justice must now review and apply the amended law and make determination thereon as to whether the amended law changes his decision that the Rossis' money must be released from the Registry of Court.

The Rhode Island Supreme Court does not address a party's claim on appeal which the trial court did not address, and thus on which there was no final ruling on the issue. *See State v. Partington*, 847 A.2d 272 (R.I. 2004)(Supreme Court declining to address police officer's equal protection claim which Supreme Court motion judge did not address or decide in making declaratory judgment; issue was left unresolved); *Harvey Realty v. Killingly Manor,* 787 A.2d 465 (R.I. 2001), *et al.(*Rhode Island

Supreme Court will not consider an issue on appeal which was not raised before trial court. ["raise or waive" rule]); *In re Amber P.*, 877 A.2d 608 (R.I. 2005)("it is established rule that this Court will not review issues that are raised for the first time on appeal"); *Lyons v. State*, 880 A.2d 839, 841 fn.4 (R.I. 2005)(refusal to consider constitutional issue on appeal under raise or waive rule on basis, in part, that "the record must be sufficiently developed to permit review of issue…")

Another fact of significant note, is that Gem's Petition to Enforce Mechanics' Lien, is an *in rem* action under Rhode Island Law. The Rhode Island Supreme Court has long held "that a mechanic's lien proceeding is an equitable *in rem* proceeding. *Hunt v. Darling*, , 59 A. 398 (1904). The true respondent, therefore, is the land upon which the lien attaches." *Tilcon Gammino, Inc. v. Commercial Associates, et al.*, 570 A.2d 1102, 1107 (R.I. 1990).

Although Plaintiffs in this action and Judge Silverstein were of the belief that the inapplicability of the Superior Court Rules of Civil Procedure to the pleading and process stages of mechanics' lien proceedings bars the assertion of a counterclaim, the Report and Recommendation of the Magistrate, and Defendants in their motions to dismiss or abstain, point out the Rhode Island Supreme Court's contemplation of a counterclaim in such a context in the *Tilcon Gammino* case. The Report and Recommendation of the Magistrate erroneously uses this precedent to assert that the Rossis are now barred by collateral estoppel and res judicata from bringing their 42 U.S.C. Section 1983 claims in this action because they could have been raised in the prior proceeding before the Superior Court. As further support for this proposition,

the Report and Recommendation erroneously cites *Roofing Concepts, Inc. v. Barry*, 559 A.2d 1059, 1062 (R.I. 1989). However, that case involved the Court's stated desirability of impleading a "third party who may be liable to the defendant for all or part of the plaintiff's claim." In the case at bar, the Defendants are not persons who may be liable to Gem Plumbing & Heating Co., Inc. and the Rossis are not seeking indemnification from them. Therefore, the assertion contained in the Report and Recommendation is inapplicable and unfounded.

More important to point out in *Tilcon Gammino* and left out of both the Report and Recommendation and the Defendants' memoranda however, is the Rhode Island Supreme Court's direct statement that "[t]he respondents have the choice of proceeding with their counterclaim in the equitable [*in rem*] proceeding or reserving the claim and bringing a separate suit for breach of contract at law." *Id.* This recognized right to proceed with a claim in an *in personam* action against the lienor clearly lays waste to any assertion that the Rossis were bound or expected to assert any and all claims they had against Gem Plumbing & Heating Co., Inc. in response to the filing of its Petition to Enforce Mechanics' Lien. "The respondents cannot assert that their rights to a jury trial are being denied when the option of filing an independent action is readily available to them." Id. at 1107-1108. This principle is stated not only in *Tilcon Gammino*, but also within the statutory scheme of the Rhode Island Mechanics' Lien Statute as well. R.I. Gen. Laws Section 34-28-33 states:

> **34-28-33 Remedy of chapter not exclusive.** --- Except as otherwise specified, nothing in this chapter shall be construed to limit

> the right of any person, whether he or she have a valid lien hereunder or not, to remedies otherwise available to him or her under law; and the rights, if any, of any person who has filed his or her account and demand or claim under § 34-28-16 for any deficiency, or the rights, if any, of any person who has failed to file his or her account and demand or claim thereunder, against any other person (rather than against the property which is the subject matter of any petition under this chapter) shall not be impaired by the provisions of this chapter.

The propriety of splitting claims in different lawsuits in the context of a mechanics' lien action was directly recognized by this Court in *Commercial Associates v. Tilcon Gammino, Inc.*, 801 F.Supp.939 (D.R.I. 1992). In that case, the Court held that asserting the doctrine of res judicata based on a Petition to Enforce Mechanics' Lien action in the Rhode Island state court was inapplicable to bar a subsequent action in the United States District Court for the District of Rhode Island. The Court recognized that "[a]n even more compelling reason for not applying the merger and bar rules in this case is that the mechanics' lien statute expressly preserves a claimant's right to pursue all other available remedies including *in personam* claims." *Id.* at 943. The case was affirmed by the First Circuit Court of Appeals in *Commercial Associates v. Tilcon Gammino, Inc.*, 998 F.2d 1092 (1st Cir. 1993).

In the context of the Superior Court Petition to Enforce, the Rossis had moved to dismiss the action on the basis that the Rhode Island Mechanics' Lien law did not provide sufficient Due Process protection and therefore, was unconstitutional. No where in that action was a specific claim made for violation of the Rossis' constitutional rights or any other claim which would constitute an *in personam* claim

against the corporation. Judge Silverstein's Decision dealt only with the Mechanics' Lien Statute itself and did not go into any other claims of the Rossis pertaining to the legitimacy and enforceability of the mechanics' lien. Although the Rossis argued their facts to illustrate the unconstitutionality of the statute, their facts were not stated as held to be determinative of the Superior or Supreme Courts' decisions. Instead, it was the statute itself that was ultimately reviewed and there is nothing in the decisions to indicate that the review and conclusions were specific to the Rossis.

The Rossis agree with the Magistrate's Report and Recommendation that in "determining whether a state court decision has a preclusive effect, the 'federal court must use the same law that a state court would employ in making such a determination.' *See Magistrate's Report and Recommendation, p. 17.* A review of the law of the state of Rhode Island vindicates the Rossis' assertion that no preclusive effect can flow from the Rhode Island Supreme Court's decision in *Gem*.

As stated above in discussion of the holdings in *Tilcon Gammino*, *supra*, the Rossis were not required nor expected to bring any counterclaims in response to the Petition to Enforce Mechanics' Lien filed by Gem in the Rhode Island Superior Court. To the contrary, the R.I. Gen. Laws Section 34-28-33 underscores that all other remedies are available and that the *in rem* petition to enforce action is a non-exclusive remedy as between the parties.

Even where the elements of *res judicata* are technically satisfied, the doctrine should not be applied mechanically where the "judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or

constitutional scheme, or it is the sense of the scheme that plaintiff should be permitted to split his claim." *Restatement (Second) of Judgments, Section 26(1)(d). See also Liu v. Striuli,* 36 F.Supp.2d 452 (D.R.I. 1999) (provision in statute under which earlier action was brought which preserves other remedies permits splitting cause of action and defeats defense of *res judicata).* The Rhode Island Supreme Court has followed the Restatement Second of Judgments, Section 26 in ruling on preclusiveness of prior decisions. *See Plunkett v. State,* 869 A.2d 1185 (R.I. 2005)

It is clear that insofar as claim preclusion is concerned, that dismissal of the Rossis' case is improper under the law. The Rossis object not only to the Report and Recommendation's conclusions concerning claim preclusion, but also in regard to alleged barring of their 42 U.S.C. section 1983 claims through assertion of collateral estoppel, *Rooker-Feldman* and abstention as well.

The Rossis had taken (and still take) issue with whether the lien was valid, as it was signed only by Gem Plumbing & Heating Co., Inc.'s attorney, Robert Levine of Gemma & Levine. The Rhode Island Mechanics' Lien Law requires that a mechanics' lien be signed under oath by the lienor who attests to the fact that the work was done or to be done and that he has not been paid. The content of the Notice of Intention (which is the lien paper recorded in the land evidence records) is specifically stated in the law.

> (b) The notice of intention shall be executed under oath and shall contain:

> (1) The name of the owner of record of the land at the time of the mailing, or in the case of a lien against the interest of any lessee or tenant, the name of the lessee or tenant, and the mailing address of the owner or lessee, the name and address to be located at the upper left hand corner of the notice, in addition to the text of the notice, as described in subsection (c);
>
> (2) A general description of the land sufficient to identify it with reasonable certainty, including, for example only, street name and number, if available;
>
> (3) A general description of the nature of the work done or to be done, or of the materials furnished, or to be furnished, or both, and the approximate value thereof as of the date of the notice;
>
> (4) The name and address of the person or persons for whom directly the work has been done or is to be done, or to whom directly the materials have been furnished or are to be furnished;
>
> (5) The name and address of the person mailing the notice and the name of the individual person or persons whose signature will bind the person so mailing on all matters pertaining to the notice or any lien claimed thereunder, or release thereof.
>
> (6) A statement that the person mailing the notice has not been paid for the work done or materials furnished or both.

*R.I. Gen. Laws Section 34-28-4(b)*. *See Conti v. Geffroy* , 486 A.2d 579 (R.I. 1985)(Attorney not competent to sign affidavit in proof of claim on behalf of client). Neither the Rhode Island Superior nor Supreme Courts has ever ruled on that issue in the Rossis' case. Moreover, there has been no judicial determination in any forum as to what amount, if any, is due from the Rossis to Gem Plumbing & Heating Co., Inc. or vice versa. This is another critical and primary fact that necessarily must guide this Court's inquiry. In the event that the amount of the lien stated by Levine and Gem was not owed by the Rossis, there exists another basis upon which to assert liability under 42 U.S.C. Section 1983, because they acted under color of state law to deprive

(i.e. "take" in the plain, ordinary meaning of the word and not in the context of eminent domain) the Rossis of an interest in their property and then their funds to which they were not entitled.

It is also important to note, that neither Robert Levine nor Leonard Gemma, were party to the Rhode Island Superior and Supreme Court proceedings. To this day, neither Leonard Gemma nor Robert Levine are parties to any proceedings in the Rhode Island State Courts that involve the Rossis. Absolutely no claims have been brought against these Defendants by the Rossis in any other forum than this Court. This also is a critical and primary fact upon which this Court's analysis of the issues raised in this Objection must necessarily be based as the Section 1983 claims, if proven, impose personal liability upon them. Furthermore, these claims could be pursued against these Defendants, regardless of whether the Rossis pursued them against Gem Plumbing & Heating Co., Inc. Accordingly, claim preclusion has no application to the case at bar.

This Court should not lose site of the fact that the Rhode Island Supreme Court simply vacated Judge Silverstein's Decision finding the mechanics lien law unconstitutional and remanded the case to the trial court for the lower court to give the opportunity to it to "review the Mechanics' Lien Law as amended by [Section] 34-28-17.1..." *Gem,* 867 A.2d at 818. The only meaning that this could have, in keeping with the Supreme Court's longstanding practice of requiring a development of a record and argument before the lower court prior to it determining issues not first raised and developed in the lower court, is that the trial justice must now apply the

amended law and make determination thereon as to whether the amended law changes his decision that the Rossis' money must be released from the Registry of Court.

In this instance, res judicata is clearly not applicable because other bases exist for claiming a violation of the Rossis' constitutional right to due process. The Rossis still allege (and it has yet to be decided by any court) that the defendants acted in violation of 42 U.S.C. Section 1983 by the use of a defective lien that was signed only by an attorney without sufficient knowledge upon which to make oath as to the nature of the work done and it's value. Furthermore, an additional basis of violation is found in the Rossis' contention that Defendants overstated the amount of the lien, thereby depriving the Rossis of an additional amount of interest in their property and then, in their funds placed within the registry of court as a result of the Defendant's wrongful and conduct in violation of their constitutional rights.

The Report and Recommendation of the Magistrate erroneously comes to the conclusion that the Rossis' Section 1983 constitutional claims against Defendants Levine and Gemma are "precluded by the final judgment rendered by the Rhode Island Supreme Court in Gem Plumbing & Heating from relitigating claims that were or could have been raised in that action." *See Report and Recommendation pp. 22-23.* This finding is inconsistent with the facts and the law. *See Young v. City of Providence,* 404 F.3d 4 (1st Cir. 2005)(No preclusive effect on plaintiff's *Monell* claim against police department by her voluntary dismissal of claims against police officers. Dismissal had preclusive effect only insofar as police officers, but not

against department, because issue of officers' violation of plaintiff's decedent's constitutional rights was never actually litigated and decided.)

The facts are such that the remand by the Rhode Island Supreme Court leaves many issues left to be judicially determined. Contrary to the Report and Recommendation, the issue of whether the Rossis are entitled to release of their funds from the Registry of Court on any number of grounds is still yet to be fully and finally litigated. Accordingly, it cannot be construed that the Rossis' claims as to Defendant Kinch are barred under *Rooker-Feldman* as the Rossis are not "state court losers" as this issue has yet to be finally litigated. The Report and Recommendation stating "[t]he Rhode Island Supreme Court determined by its judgment in Gem Plumbing & Heating that these funds should not be released from the court registry with accrued interest" is simply unfounded and wrong.

Mere inference on the part of the Magistrate as to this conclusion coupled with silence in the written opinion on the issue does not create the conclusion asserted in the Report and Recommendation. Furthermore, the case is now remanded to the Superior Court pursuant to the Supreme Court Decision. Therefore, it cannot be asserted that the state court proceeding has ended with respect to the issues that the Rossis seek to have litigated in federal court.

Insofar as the assertion in the Magistrate's Report and Recommendation as to collateral estoppel or issue preclusion is concerned, the reasoning must also fail. Collateral estoppel does not apply here because the essential elements are missing. There has been (1) no final judgment on an issue of ultimate fact, (2) no identity of

parties or their privies, and (3) no final judgment "on the merits" in the first action. *State v. Gauthier*, 871 A.2d 347 (R.I. 2005), *et al.*

This Court must carefully examine the Rhode Island Supreme Court's decision in *Gem* in light of the law as set forth above. In its consideration, this Court must consider language of the Decision in *Gem* in connection with problems therein presented. *See Commissioner of Internal Revenue v. Monarch Life Ins.,* 114 F.2d 314 (1st Cir. 1940); *Cook, Borden & Co. v. R.Z. Realty Corp.*, 147 A. 891 (R.I. 1929).

The "*sub silentio*" inference made by the Magistrate in his Report and Recommendation as to the issues alleged to have been fully and finally litigated in *Gem* are improper and unsupported by the Rhode Island Supreme Court's Decision and the law. Ambiguity and court silence do not amount to controlling precedent. *New England Tel. & Tel. Public Utilities*, 742 F.2d 1 (1st Cir. 1984). Questions which "merely lurk in the record," but which were neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents. *Webster v. Fall,* 45 S.Ct. 148 (1925). Appellate court opinions are not taken to contain holdings on matters which the court did not discuss and which, presumably, the parties did not argue. *Sweeney v. Westvaco Co.,* 926 F.2d 29 (1st Cir. 1991). The only issue decided by the Rhode Island Supreme Court in *Gem* was whether the Rhode Island Mechanics' Lien Statute, as subsequently amended after the Superior Court Decision, is constitutional on a Due Process challenge and not whether the Rossis' had a claim under 42 U.S.C. Section 1983.

The Rhode Island Supreme Court held that it was constrained to apply the law as amended, which it was. Citing existing precedent, the Court followed that longstanding precedent in applying the amended law which was not in existence when the Rossis case went to judgment, but which came into being when the case was on appeal. Therefore, the Supreme Court passed upon the constitutionality of the amended law and upheld it. However, nowhere in the decision is the law applied to the facts of the Rossis' situation. Instead of doing so, the Supreme Court vacated the judgment and remanded the matter down to the lower court because the motion justice did not have a chance to review the law as amended. Implicit in this decision is the remand for the trial justice to apply the new law to the facts of the Rossi's case and make decision thereon. The matter is far from being fully and finally litigated.

In considering the law as amended, the trial justice may still find that the Rossis are entitled to their funds held in the Registry of the Superior Court because the amended law cannot provide for a prompt post deprivation hearing in any event due to the passage of time from the filing and recording of the mechanics' lien to the date the law was passed. For these reasons, the Magistrate's reliance upon *F.C.C., Inc. v. Reuter*, 867 A.2d 819 (R.I. 2005) is also misplaced. The Court merely ruled that the lower court should have applied the law as amended by R.I. Gen. Laws Section 34-28-17.1. The Supreme Court in both the Rossis' case and in the Reuters' case did not reverse the decision of the lower court. Instead it found that the amended law should be (or should have been) applied by the motion justice.

To interpret the Supreme Court's rulings as suggested by the Magistrate Judge's Report and Recommendation would place the Supreme Court in contradiction to its longstanding adherence to principles of statutory construction which avoid unconstitutional impairment of vested rights via retroactive application of a statute. *See Theta Properties v. Ronci Realty Co., Inc.* 814 A.2d 907 (R.I. 2003)(Retroactive legislation is proper as long as it does not impair contractual obligations or interfere with vested rights.) *See also State v. Russell*, 2006 WL 212291, ___ A.2d ___ (R.I. 2006) *quoting Gem Plumbing & Heating Co. v. Rossi, 867 A.2d 796, 807 (R.I. 2005)*; *Lawrence v. Anheuser-Busch*, 523 A.2d 864 (R.I. 1987)(R.I. Supreme Court will attach "every reasonable intendment in favor of * * * constitutionally" in order to preserve the statute).

To have such dispositive rulings based on inferred sub silentio rulings of the Rhode Island Supreme Court is improper. There are simply too many subjective and inferential gaps to be closed to reach the conclusions contained in the Report and Recommendation as they pertain to res judicata, collateral estoppel, lack of jurisdiction under *Rooker-Feldman* doctrine and abstention.

**Supplemental Jurisidction**

In finding that the court should abstain from deciding the supplemental claims, the Magistrate's Report and Recommendation is primarily based upon the conclusion that the Rossis' federal claims are barred by res judicata and collateral estoppel. As explained above, this conclusion is incorrect under the applicable law.

Moreover, the issue of whether an attorney is competent to make affidavit in proof of claim (and arguably a mechanics' lien Notice of Intention is a proof of claim) has already been decided by the Rhode island Supreme Court in *Conti v. Geffroy* , 486 A.2d 579 (R.I. 1985)(Attorney not competent to sign affidavit in proof of claim on behalf of client). The Rossis object to the Magistrate's statement in the Report and Recommendation at p.32 that "[i]f Plaintiffs are correct, many corporations doing business in Rhode Island will likely have to alter the manner in which they go about obtaining mechanics' liens" on grounds that the statement is unsupported by evidence in the record. There is no evidence in the record that corporations (other than Gem Plumbing & Heating Co., Inc.) have their attorneys sign mechanics' liens under oath. This conclusion by the Magistrate, provides support for the reasons upon which the Report and Recommendation erroneously concluded that abstention was proper.

This court has jurisdiction over the claims of the Rossis against the Defendants and each of these inquiries are appropriately and properly made in the context of the Section 1983 claims and in the supplemental claim for slander of title. The Rossis, by filing their complaint in this Court against the Defendants who are not in any related state court proceeding, placed jurisdiction over the Section 1983 claims and the inherent factual determinations to be made therein, within this Court. Because the federal questions have yet to be judicially determined, this Court still maintains jurisdiction over all the claims in this lawsuit. Accordingly, the finding by the Magistrate in his Report and Recommendation that the majority of the *Colorado*

*River* factors are satisfied is also erroneous. This court has jurisdiction over the res (the Section 1983 claims and the related improper actions of the Defendants which form the basis of all the claims); there is no piecemail litigation as the Defendants are not party to any state court or other proceedings; federal law controls as to the Section 1983 claims while state law controls as to slander of title; the adequacy of the state forum is immaterial as the basis for principal jurisdiction are federal claims. Thus, there are no exceptional circumstances which would justify abstention.

Plaintiff also object to the Report and Recommendation's conclusion that the Rossis' slander of title claim is not ripe due to no prior finding that the recorded document (mechanics' lien) has been proven to be false. The showing of a false statement regarding the property is but an element of proof of the claim and not a condition precedent to pursuing that claim for slander of title. The authority cited by the Report and Recommendation listing the element of malice in a claim for slander details the jury in that case properly deliberating the very issue of the falseness of the statement in a slander of title action.

> "What is it that *Roger Mandarelli and Joyce Mandarelli must prove* to establish a slander of title? Each one of the following four elements which make up the wrong called slander of title or slander of property, must be proved by a fair preponderance of the evidence. First, the uttering and publishing of a statement, that's the first thing. * * * Second, that the statement was false. Third, that the statement was malicious. Fourth, that the Mandarellis suffered pecuniary loss.
> "* * * *
> "If you are persuaded that the *Mandarellis* have proved that statement to be false, you must proceed to consider whether Mrs. Montecalvo made the statement *maliciously. You must proceed to consider the question of malice, and insofar as malice is concerned, I say to you that it consists of an intent to deceive or to injure.* So that if falsity is not proved, you will find for Claire Montecalvo. If falsity is proved,

> you will consider malice. *As to this element, the Mandarellis must prove by a fair preponderance of the evidence that Claire Montecalvo has claimed an interest in the Atwood Avenue property with full knowledge of the falsity of her claim and for the specific purpose of injuring the Mandarellis.* If the Mandarellis failed in this proof, return a verdict for Claire Montecalvo. If they prove the statement was maliciously made, it is at that time you will consider damages." (Emphases added.)
>
> When viewed in its entirety, therefore, the trial justice's charge to the jury on the Mandarellis' claims for slander of title was neither erroneous nor misleading.

*Montecalvo v. Mandarelli,* 682 A.2d 918, 923 (R.I. 1996). (The Rhode Island Supreme Court affirmed the judgment for the defendant on his counterclaim for slander of title.) Accordingly, the conclusion of the Report and Recommendation concerning this issue is also erroneous and not in conformance with the law.

**Summary**

The most telling indication of the scope of the Supreme Court's inquiry in *Gem* is the Supreme Court's statement that "[t]he statute, however, has been amended since the written decision, and it is the amended statute that we ultimately review today." *Gem, 867* A.2d at 801 Although the Supreme Court concluded that it should apply the amended law to its determination and review, it did not determine that the amended statute should apply in review of or to preclude a 42 U.S.C. Section 1983 claim.

The critical inquiry for this Court is not what the status of the Rhode Island Mechanics' Lien Law is today, but rather what the status of the law was when the defendants recorded the mechanics' lien and pursued the petition to enforce it in the Rhode Island Superior Court. In determining liability under the federal statute, this

Court must review the facts and apply the law. It cannot do so under the erroneous assumption that R.I. Gen. Laws Section 34-28-17.1 was in existence when the Section 1983 violation occurred. So, although the Rhode Island Supreme Court ruled that it was bound to review and apply the statute as amended in ruling on the propriety of the Superior Court dismissing the Petition to Enforce because the law was unconstitutional, neither this Court nor the Rossis are bound to a determination that their Due Process rights were not violated as no such determination was ever made in the Rhode Island Supreme Court.

**Conclusion**

Therefore, it is error for the Report and Recommendation to conclude that the Plaintiffs are barred by the doctrine of res judicata and collateral estoppel from asserting that their constitutional right to due process was violated. This determination has yet to be made in the context of the facts of the Rossis' case.

Plaintiffs incorporate by reference as if fully set forth herein, their Objections, Memoranda and supplemental memoranda filed in support of their Objections to the Defendants' Motion to Dismiss or to Abstain and arguments made at the May 27, 2005 hearing on said motions before the Magistrate Judge.

Robert and Linda Rossi request to be heard for oral argument and estimate that one-half hour for each side would be sufficient with additional time for rebuttal if issues come up at the hearing which require the same.

WHEREFORE, Robert V. Rossi and Linda A. Rossi request this honorable Court sustain their objection; reject the Report and Recommendation of Magistrate Judge Martin; and, deny the above referenced motions to dismiss and/or abstain.

ROBERT V. ROSSI
And LINDA A. ROSSI
By their attorney,

Patrick J. Dougherty
155 South Main Street, Suite 304
Providence, RI 02903
Ph (401)273-9770
Fax (401)273-4750

CERTIFICATION

I hereby certify that on the 21st day of February, 2006, a true and accurate copy of the within document was hand delivered or sent by first class, postage prepaid mail to the following counsel of record:

Theodore Orson, Esq.
Orson & Brusini, Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903

Michael Field, Esq.
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Fred L. Mason, Jr., Esquire
20 Cedar Swamp Road
Smithfield, RI 02917

Robert E. Kiely, Esquire
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109