UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs<br><br>v.<br><br>LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in his capacity as general partner of Gemma and Levine; and<br>HENRY S. KINCH, JR., in his capacity as clerk of the Providence County Superior Court,<br>Defendants | ) | C.A. No. 05-032-S |

**DEFENDANT ROBERT J. LEVINE'S OPPOSITION TO THE PLAINTIFFS' OBJECTION TO <u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>**

Now comes the defendant Robert J. Levine (the "defendant" or "Levine") and hereby opposes the Plaintiffs' Objection to Report and Recommendation of Magistrate Judge filed by the plaintiffs Robert V. Rossi and Linda A. Rossi (the "plaintiffs" or the "Rossis") in this Court on February 21, 2006. The defendant opposes the arguments set forth in the Plaintiffs' Objection relating to the Defendant's Motion to Dismiss the Plaintiff's Complaint or to Abstain. As grounds for this Opposition, the defendant states that the Magistrate Judge's Report and Recommendation is valid in its conclusions and legal analyses, and should be upheld. In further support, the defendant submits the attached memorandum of law in support of its Opposition to the Plaintiffs' Objection to Report and Recommendation of Magistrate Judge.

For the Defendant,
Robert J. Levine,
By his attorneys,

Robert E. Kiely, Esquire
REGAN & KIELY LLP
85 Devonshire Street
Boston, MA 02109
(617)723-0901

Local Counsel:

Fred Mason, Esquire (            )
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917
(401)232-2277

**CERTIFICATION**

I hereby certify that on this 24 day of March, 2006, a copy of the Defendant Robert J. Levine's Memorandum of Law in Support of His Opposition to the Plaintiffs' Objection to Report and Recommendation of Magistrate Judge was forwarded first class mail, postage prepaid to: Patrick J. Daugherty, Esquire, 155 South Main Street, Providence, RI 02903; Theodore Orson, Esquire, Orson & Brusini, Ltd., 55 Dorrance Street, Suite 400, Providence, RI 02903; and Michael W. Field, Esquire, Special Assistant Attorney General, Office of the Attorney General, 150 South Main Street, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs<br><br>v.<br><br>LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.;<br>ROBERT J. LEVINE, Individually and in his capacity as general partner of Gemma and Levine; and<br>HENRY S. KINCH, JR., in his capacity as clerk of the Providence County Superior Court,<br>Defendants | ) | C.A. No. 05-032-S |

**DEFENDANT ROBERT J. LEVINE'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO THE PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Now comes the defendant Robert J. Levine (the "defendant" or "Levine") and hereby opposes the Plaintiffs' Objection to Report and Recommendation of Magistrate Judge filed by the plaintiffs Robert V. Rossi and Linda A. Rossi (the "plaintiffs" or the "Rossis") in this Court on February 21, 2006. The defendant opposes the arguments set forth in the Plaintiffs' Objection relating to the Defendant's Motion to Dismiss the Plaintiff's Complaint or to Abstain. As grounds for this Opposition, the defendant states that the Magistrate Judge's Report and Recommendation is valid in its conclusions and legal analyses, and should be upheld.

**INTRODUCTION**

In the Plaintiffs' Memorandum in Support of Objection to Report and Recommendation

of Magistrate Judge ("Plaintiffs' Objection"), the plaintiffs state that the Magistrate Judge Martin's Report and Recommendation: (1) is based upon an unfounded and impermissible interpretation of "sub silentio" rulings, and the res judicata and collateral estoppel effect of the Gem Plumbing & Heating Co., Inc. v. Rossi decision by the Supreme Court; (2) misapplies the law; and (3) fails to account for facts and issues yet to be litigated regarding the status of the matter on remand to the Rhode Island Superior Court. *See* Plaintiffs' Objection, p. 2; *see also* Gem Plumbing & Heating Co., Inc. v. Rossi, 867 A.2d 796 (R.I. 2005).

In their objection, the plaintiffs assert that this Court must first examine what actually was in issue before the Rhode Island Supreme Court in the Gem Plumbing case. *See* Gem Plumbing, 867 A.2d 796. The plaintiffs also suggest that the Court must determine the status of the case on remand from the Rhode Island Superior Court decision. As such, the defendant offers the following summary of the facts-at-bar:

**FACTS**

In October 2001, the plaintiffs contracted with Gem Plumbing & Heating Co., Inc. ("Gem") to provide labor and materials required for water and sewer lines in connection with an office building that the plaintiffs were constructing at 28 Thurber Boulevard, Smithfield, Rhode Island. Gem proceeded to do the work and sent the plaintiffs an invoice, seeking payment of $35,500.00 for the work. The plaintiffs disputed the invoice as excessive. Pursuant to R.I. Gen. Laws §34-28-1, et seq., (the "Original Mechanics' Lien Law"), on January 28, 2002, Gem's employee and inside general counsel, defendant Levine, filed a notice of intention to do work on the plaintiffs' property. The plaintiffs allege that Levine lacked the capacity and was not competent to sign a mechanic's lien under oath, as the lien requires personal knowledge of all the

facts alleged in the lien. It is undisputed that Gem performed work on the premises.

As prescribed by the Original Mechanics' Lien Law, 120 days later, on May 28, 2002, Gem filed a petition to enforce the mechanics' lien in the Superior Court, claiming $35,500.00 in unpaid labor and materials. During this time, the plaintiffs were involved in refinancing the construction project and real estate and were unable to close on the financing unless the mechanic's lien against their real estate was paid off. On June 4, 2002, in accordance with statutory procedure, the plaintiffs paid $35,500.00 into the Registry of the Superior Court as a lien substitute and obtained an *ex parte* order to dissolve, release, and discharge the mechanic's lien.

On August 29, 2002, the plaintiffs filed a Motion to Dismiss and Release Funds, alleging that Gem had failed to comply with the statutory procedures and further asserting that the Original Mechanics' Lien Law was unconstitutional on the grounds that it deprived them of their property without due process of law. On April 23, 2003, the Superior Court, by written decision, declared the Original Mechanics' Lien Law unconstitutional ("Superior Court Decision"). Judgment was entered in favor of the plaintiffs, dismissing the action and ordering that the funds be released from the Registry of Court on May 30, 2003. Gem duly filed its notice of appeal on June 2, 2003, and the Rhode Island Supreme Court issued a stay. As a result, the funds deposited by the plaintiffs remain on deposit with the Registry of Court.

In reaction to the Superior Court Decision, the Rhode Island Legislature amended the Original Mechanics' Lien Law on July 17, 2003 by adding §34-28-17.1 (the "Amended Mechanics' Lien Law"). After the passage of the Amended Mechanics' Lien Law, by Order dated September 16, 2003, the Rhode Island Supreme Court directed the parties to the appeal to

address the applicability of the Amended Mechanics' Lien Law to the pending action and the constitutional issues raised therein. In the plaintiffs' brief, they argued that the Amended Mechanics' Lien Law should not be applied retroactively to the Rossi-Gem dispute. Arguments were then heard by the Rhode Island Supreme Court on January 19, 2005. After the argument, and concerned that the Supreme Court would find the Amended Mechanics' Lien Law retroactive and applicable to the Rossi-Gem dispute, on January 27, 2005, the plaintiffs took a pre-emptive strike and collateral attack on the expected Rhode Island Supreme Court ruling by filing the instant action in this Court and seeking a Federal Court declaration that the two defendants, by their actions in utilizing the procedure provided by R.I. Gen. Laws §34-28-1 et seq., violated the plaintiffs' constitutional right to procedural due process.

On February 22, 2005, the Rhode Island Supreme Court reversed the Superior Court Decision and held, among other things, that: (1) the Amended Mechanics' Lien Law applies retroactively to the Rossi-Gem dispute; and (2) the Amended Mechanics' Lien Law is constitutional under the U.S. Constitution and the Rhode Island Constitution. The plaintiffs failed to seek either re-argument of the Rhode Island Supreme Court decision under Rhode Island Supreme Court Rule 25 within the statutory time period or to seek enlargement of that time period. On or about March 17, 2005, the plaintiffs filed an Amended Complaint and again asked this Court to declare the Amended Mechanics' Lien Law unconstitutional under the U.S. Constitution and the Rhode Island Constitution. The defendants responded to the Amended Complaint and filed Motions to Dismiss or Abstain and a hearing was conducted by this Court on such motions on May 27, 2005.

On June 7, 2005, this Court issued an Order for Further Briefing because among the

grounds asserted in the Motions to Dismiss or Abstain included that the Court lacked subject-matter jurisdiction over the plaintiff's claims under the Rooker-Feldman Doctrine.[1] This Court then instructed the parties to submit supplemental briefs, addressing the Motions to Dismiss in light of the new decisions on the Rooker-Feldman Doctrine and how these decisions might affect the judgment rendered by the Rhode Island Supreme Court in the Gem Plumbing case. As such, the parties submitted supplemental briefs to this Court. On January 13, 2006, Magistrate Judge Martin issued a Report and Recommendation relating to three motions to dismiss and/or abstain: (1) Defendant Leonard P. Gemma's Motion to Dismiss, or in the Alternative, to Abstain; (2) Motion of the Defendant, Robert J. Levine, to Dismiss the Plaintiff's Complaint or to Abstain; and (3) Defendant Henry S. Kinch, Jr.'s Motion to Dismiss or in the Alternative, to Abstain. In his Report and Recommendation, Magistrate Judge Martin stated that he recommended that all three motions be granted.

## ARGUMENT

In the Plaintiffs' Objection, they assert that the Rhode Island Supreme Court has not ruled on whether the plaintiffs' constitutional rights to due process have been violated. *See* Plaintiffs' Objection, p. 4. The plaintiffs also contend that the Rhode Island Supreme Court did not rule that the Amended Mechanics' Lien Law "wiped out or cured any potential 42 U.S.C. Section 1983 claims," but that the Supreme Court "merely ruled that it was constrained to apply [the Amended Mechanics' Lien Law] on appeal in deciding whether the law was constitutional." *Id.*

[1] On May 27, 2005, the U.S. Court of Appeals for the First Circuit had issued an opinion announcing that its understanding of the Rooker-Feldman Doctrine had been substantially altered by the U.S. Supreme Court's decision in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005).

From this, the plaintiffs claim that the lower court, to which the case was remanded, must now review and apply the Amended Mechanics' Lien Law and determine whether the plaintiffs' money should be released from the Registry of Court. However, as stated in the defendant's Motion to Dismiss or to Abstain, the plaintiffs are barred by collateral estoppel and res judicata from bringing their 42 U.S.C. §1983 claims because they could have been raised in the prior proceeding before the Superior Court.

Contrary to the plaintiffs' contentions, they cannot split claims in two different lawsuits – an *in rem* action and an *in personam* action – based on their belief that they did not make a claim in the Superior Court action that would constitute an *in personam* action. As stated by the Magistrate Judge in his Report and Recommendation, the plaintiffs are not persuasive in their argument that they could not have asserted any claims in the Superior Court proceeding to enforce the lien. *See* Report and Recommendation, p. 19.

**A. Res Judicata Prevents The Plaintiffs From Re-Litigating Their Procedural Due Process Claim.**

Although the plaintiffs argue that dismissal of their case is improper with regard to claim preclusion, as stated in Magistrate Judge Martin's Report and Recommendation of January 13, 2006, the plaintiffs should be barred from re-litigating their procedural due process claim (42 U.S.C. §1983) in federal court, pursuant to the doctrine of res judicata. Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes parties from re-litigating claims that should have been brought in the previous action. Furthermore, res judicata applies to those parties who are in privity with the parties in the first action. The plaintiffs assert that they are not re-litigating the issue of whether the original Mechanics' Lien Law is constitutional,

however, the Mechanics' Lien Law was reviewed and litigated in the Rhode Island Superior Court, as outlined in the facts section above. In this decision, the Superior Court ruled that the Mechanics' Lien Law violated procedural due process, deciding in the plaintiffs' favor.

Furthermore, the parties then litigated the issue as to whether the original or the amended Mechanics' Lien Law should apply. The Rhode Island Supreme Court ruled that the Amended Mechanics' Lien Law should apply, ruling against the plaintiffs. Res judicata prevents this action from going forward because there is sufficient identicality between the causes of action asserted in the state suits and the federal suit, and there is sufficient identicality between the parties in the actions. Contrary to what the plaintiffs assert, claim preclusion is applicable to the case-at-bar because there is privity between the parties.

**B. The Plaintiffs Are Collaterally Estopped From Re-Litigating The Rhode Island Supreme Court Rulings.**

The plaintiffs disagree with the Report and Recommendation and assert that collateral estoppel does not apply here because certain essential elements are missing. *See* Plaintiffs' Objection, p. 14. Contrary to the plaintiffs' argument, the plaintiffs are collaterally estopped from re-litigating the Rhode Island Supreme Court rulings in federal court. The Rhode Island Supreme Court had previously determined that, as a matter of retroactivity law, there were no United States nor Rhode Island constitutional violations caused by the defendants in connection with Gem's mechanic's lien. The Rhode Island Supreme Court held that: (1) the Amended Mechanics' Lien Law is constitutional under the U.S. Constitution and the Rhode Island Constitution; and (2) the Amended Mechanics' Lien Law must be applied retroactively to the mechanic's lien recorded by Gem. The plaintiffs cannot prevail on their claims in their cause of

action within this Court because the Rhode Island Supreme Court's rulings are binding on the U.S. District Court, under the doctrine of collateral estoppel, or issue preclusion.

As stated by Magistrate Judge Martin in his Report and Recommendation, the Rhode Island Supreme Court "adversely determined three issues central to Plaintiffs' claims here." *See* Report and Recommendation, p. 23. Furthermore, this Court properly outlined the Rhode Island Supreme Court's findings that: (1) the Amended Mechanics' Lien Law applies to the plaintiffs; (2) the Amended Mechanics' Lien Law was constitutional and did not violate the Due Process Clause of the Fourteenth Amendment; and (3) the Amended Mechanics' Lien Law is to be applied retroactively to the plaintiffs' constitutional claims.

Contrary to the plaintiffs' assertions, there has indeed been a legal conclusion on the issues pertaining to the plaintiffs' claims and, furthermore, the plaintiffs have had a full and fair opportunity to litigate the issue of whether their constitutional right to procedural due process was violated. In his Report and Recommendation, Magistrate Judge Martin specifically outlined how the requirements for the application of the doctrine of collateral estoppel have been met, namely: (1) there is an existence of issues; (2) the Rhode Island Supreme Court's decision in Gem Plumbing is a valid and final judgment on the merits; and (3) the plaintiffs were a party to the Rhode Island Supreme Court action. *See* Report and Recommendation, p. 28; *see also* Gem Plumbing & Heating Co., Inc. v. Rossi, 867 A.2d 796 (R.I. 2005).

**CONCLUSION**

The recommendations offered forth in the Magistrate Judge's Report and Recommendation of January 13, 2006 are valid and should be upheld by this Court. Furthermore, the Magistrate Judge did not err in his conclusion that the plaintiffs are barred from

asserting that their constitutional right to due process was violated. As previously stated, the plaintiffs are barred from asserting this right by the doctrine of res judicata and collateral estoppel.

WHEREFORE, the defendant requests that this Court affirm the recommendations of the Magistrate Judge's Report and Recommendation and grant Defendant Robert J. Levine's Motion to Dismiss or to Abstain.

For the Defendant,
Robert J. Levine,
By his attorneys,

Robert E. Kiely, Esquire
REGAN & KIELY LLP
85 Devonshire Street
Boston, MA 02109
(617)723-0901

Local Counsel:

Fred Mason, Esquire ( )
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917
(401)232-2277