**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT V. ROSSI and<br>LINDA A. ROSSI,<br>Plaintiffs<br><br>v.<br><br>LEONARD P. GEMMA, Individually and In his capacity as President of Gem Plumbing & Heating Co., Inc.; ROBERT J. LEVINE, Individually and in his capacity as a general partner of Gemma & Levine; and HENRY S. KINCH, JR., in his capacity as Clerk of The Providence County Superior Court<br>Defendants | : | C.A. No. 05-032-S |

**DEFENDANT HENRY S. KINCH'S, JR. OPPOSITION TO THE PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Now comes the defendant Henry S. Kinch, Jr (the "defendant" or "Kinch") and hereby opposes the Plaintiffs' Objection to Report and Recommendation of Magistrate Judge filed by the Plaintiffs Robert V. Rossi and Linda A. Rossi (the "plaintiff" or the "Rossis") in this Court on February 21, 2006. As grounds for this Opposition, the defendant states that the Magistrate Judge's Report and Recommendation is valid in its conclusions and legal analyses, and should be upheld. In further support, the defendant submits the attached memorandum of law in support of its Opposition to the Plaintiffs' Objection to Report and Recommendation of Magistrate Judge.

DEFENDANT
HENRY S. KINCH, JR., in his capacity as
Clerk of The Providence County Superior
Court

By his Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

**CERTIFICATION**

I hereby certify that the instant Opposition was mailed via first class postage prepaid on the 3rd day of April 2006, to the following individuals:

Theodore Orson, Esq.
Orson & Brusini, Ltd
55 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Patrick J. Dougherty, Esq.
155 South Main Street, Suite 304
Providence, Rhode Island 02903

Fred L. Mason, Jr., Esquire
Mason Associates P.C.
20 Cedar Swamp Road
Smithfield, Rhode Island 02917

Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ROBERT V. ROSSI and :
LINDA A. ROSSI, :
Plaintiffs :
: C.A. No. 05-032-S
v. :
:
LEONARD P. GEMMA, Individually and :
In his capacity as President of Gem Plumbing :
& Heating Co., Inc.; ROBERT J. LEVINE, :
Individually and in his capacity as a :
general partner of Gemma & Levine; and :
HENRY S. KINCH, JR., in his capacity as :
Clerk of The Providence County Superior Court :
Defendants :

**DEFENDANT HENRY S. KINCH, JR, in his official capacity, MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION**

## I. FACTUAL BACKGROUND

This instant lawsuit evolves from the imposition of a mechanics' lien imposed upon property owned by the Plaintiffs, Robert and Linda Rossi. According to their amended complaint, in September 2001, Plaintiff Robert Rossi had a telephone conversation with Defendant Leonard Gemma, President of Gem Plumbing & Heating Co., Inc. (hereafter "Gem Plumbing"), regarding the installation of water and sewer service to a commercial office building. *Plaintiffs' First Amended Complaint, ¶ 7.* Thereafter, Gem Plumbing performed work on the Rossis' property and a dispute apparently ensued concerning the authority and/or the amount/quality of work performed. *Plaintiffs' First Amended Complaint, ¶¶ 9 & 11.* On January 28, 2002, Defendant Robert Levine, in his capacity as attorney for Gem Plumbing signed and recorded a mechanics'

lien in the Smithfield land evidence records in the amount of $35,500.00, the disputed amount of the work performed by Gem Plumbing. *Plaintiffs' First Amended Complaint, ¶ 12.* On June 4, 2002, Plaintiffs Rossis paid into the Registry of the Superior Court the amount of $35,860, which released the mechanics' lien. *Plaintiffs' First Amended Complaint, ¶ 18.* Following their payment of monies into the Superior Court Registry, pursuant to R.I. Gen. Laws § 34-28-17, the Rossis filed in the Rhode Island Superior Court a Motion to Dismiss the Petition to Enforce and Release Funds from the Registry of the Court (hereafter "the Superior Court memorandum"). It is this filing that set off a chain of events eventually resulting in an Opinion from the Rhode Island Supreme Court and which ultimately leaves this Honorable Court without jurisdiction as to Defendant Kinch pursuant to the Rooker-Feldman doctrine.

Specifically, in their Superior Court memorandum, the Rossis explicitly moved the Superior Court to release the $35,860 deposited into the Superior Court Registry "on the grounds that the Mechanic's Lien statute is unconstitutional." *See Appendix #1 to Defendant Gemma's Motion to Dismiss, p. 1.*[1] The Rossis' Superior Court memorandum clearly stated that "[t]he issue [the Superior C]ourt must decide [] is whether it will validate under constitutional challenge, Gem Plumbing & Heating Co., Inc.'s unbridled statutory authority to place and maintain a lien on the Rossi's [sic] property summarily, without the need for any kind of pre or post-deprivation hearing procedure to determine the validity or liability for the alleged debt underlying the lien." *Id. at p. 6.* Throughout

[1] Reference to exhibits for a Motion to Dismiss is appropriate where such exhibits are susceptible of judicial notice. <u>See</u> <u>Cruz v. Melecio</u>, 204 F.3d 14, 21 (1st Cir. 2000)("The jurisprudence of Rule 12(b)(6) requires us to consider not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial notice."). For purposes of economy, reference will be made to exhibits already contained within the District Court's record.

the next eleven (11) pages of their seventeen (17) page memorandum, the Rossis focused their attack on procedural due process, concluding that "[i]t is certain that a procedure that allows a person or entity to place a lien on another's real property without the slightest amount of procedural due process must fail constitutional scrutiny." *Id. at p. 17.*

Thereafter, on April 23, 2003, Superior Court Associate Justice Michael A. Silverstein issued a written decision in Gem Plumbing & Heating Co. Inc., v. Rossi, agreeing with the Rossis' arguments. Justice Silverstein's entire twenty-nine (29) page decision focused on the Rossis' procedural due process attack and concluded, as the Rossis had argued, that Chapter 28 of Title 34, Rhode Island's Mechanics' Lien law, "fails to provide the procedural due process rights required by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 2 of the Rhode Island Constitution." See Gem Plumbing & Heating Co. v. Rossi, 2003 WL 21018168 (R.I. Super. April 23, 2003) at * 16. In short, Justice Silverstein granted the Rossis the precise relief they sought – as well as the precise relief sought in this Honorable Court – namely a determination that the original Mechanics' Lien law was unconstitutional and the release of funds deposited into the Registry by the Rossis. See id. Justice Silverstein's decision was appealed by Gem Plumbing to the Rhode Island Supreme Court, which stayed Justice Silverstein's judgment.

After the appeal from Justice Silverstein's decision was filed, but prior to the Rhode Island Supreme Court's consideration, the Rhode Island General Assembly – on July 17, 2003 – amended the Mechanics' Lien law to provide that any person who claimed a mechanics' lien was invalid "may apply forthwith to the superior court for the county where the land lies for an order to show cause why the lien in question is invalid,

or otherwise void, or the basis of the lien is without probability of a judgment rendered in favor of the lienor." See R.I. Gen. Laws § 34-28-17.1. The July 17, 2003 Amendment was aimed at curing the procedural due process infirmity determined by Justice Silverstein and the Amendment also made clear that it was effective upon passage (July 17, 2003) and retroactive, stating that the Amendment "shall apply to all pending mechanics' liens under chapter 34-28 of 'The Rhode Island Mechanics' Lien Law.'" See id.

As a result of this Amendment, on September 16, 2003, the Rhode Island Supreme Court issued an order directing all parties to the Gem Plumbing appeal to address "the effect, if any, of the General Assembly's 2003 Mechanics' Lien legislation, Section 34-28-17.1, on this appeal and on the Constitutional issues to be raised herein." *See Appendix #5 to Defendant Gemma's Motion to Dismiss, page 1.* Subsequently, the appellee-Rossis filed a twenty-two (22) page brief with the Rhode Island Supreme Court that identified the issue presented as:

> "[w]hether the Trial Court was correct in finding Chapter 28 of Title 34 of the General Laws of Rhode Island is Unconstitutional Beyond a Reasonable Doubt on the basis that the statute fails to provide the procedural due process rights required by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 2 of the Rhode Island Constitution." *See Appendix #6 to Defendant Gemma's Motion to Dismiss, page i.*

The Rossis' entire twenty-two (22) page brief was dedicated to addressing the procedural due process claim and included their argument that the July 17, 2003 Amendment, codified in R.I. Gen. Laws § 34-28-17.1, could not cure a constitutional infirmity (as determined by Justice Silverstein) that had already been inflicted. *See Appendix #6 to Defendant Gemma's Motion to Dismiss, page 19-21.* The Rossis summarized their

argument that Justice Silverstein's decision should be affirmed and that the Superior Court's Decision and rationale was "incorporated [into their Supreme Court brief] by reference as further grounds supporting affirmation of the judgment of the trial court dismissing Gem's Petition to Enforce Mechanics' Lien and releasing the Rossis['] funds to them together with any interest accrued thereon." *See Appendix #6 to Defendant Gemma's Motion to Dismiss, page 21.*

Following oral argument, on February 22, 2005, the Rhode Island Supreme Court issued its Opinion in Gem Plumbing & Heating Co., Inc. v. Rossi, which analyzed Rhode Island's Mechanics' Lien statute under the "modern procedural due process jurisprudence growing out of both the Fourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Rhode Island Constitution." Gem Plumbing, 867 A.2d at 800. Prior to engaging in its constitutional analysis, the Court explicitly addressed whether "the pre-amendment statute or the post-amendment statute controls [its] analysis in this case," and for the reasons the Court details in its Opinion, concluded that it was "required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal." Id. at 802. Having arrived at this conclusion, the Supreme Court devoted the remainder of its Opinion to analyzing the Mechanics' Lien law, as amended on July 17, 2003, to the Rossis' claim, and thereafter concluded that the Amended Mechanics' Lien law passed constitutional muster and vacated Justice Silverstein's judgment of unconstitutionality. As a result, the funds held in the Superior Court Registry, which had been ordered released by Judge Silverstein, remain within the Superior Court Registry to this very day.

On January 27, 2005, while Gem Plumbing was still pending in the Rhode Island Supreme Court, the Rossis filed the instant federal lawsuit, naming only Defendants

Leonard Gemma and Robert Levine. Following the Supreme Court's Opinion in Gem Plumbing, however, on March 25, 2005, the Rossis filed the instant First Amended Complaint, adding as a defendant Henry Kinch, in his capacity as clerk of the Providence County Superior Court.[2] In their First Amended Complaint, the Rossis acknowledge the foregoing state litigation and allege Two Counts, although only Count One is applicable to Defendant Kinch. Similar to the state litigation, Count One charges a violation of the Rossis' Procedural Due Process Rights. *See Plaintiffs' First Amended Complaint, Count One.*

Specifically, the Rossis contend that Defendants' actions in utilizing the original Mechanics' Lien statute to acquire a lien on their property, leading to the deposit of $35,860 in the Superior Court Registry, was "in violation of the Due Process Clause of the Fifth and Fourteenth Amendment to the United State[s] Constitution and the Rhode Island Constitution, Art. 1, § 2 in that the lien affects a significant property interest of the Plaintiffs and said statute, in it's [sic] then form, did not provide Plaintiffs with either a pre-deprivation or timely post-deprivation hearing." *Plaintiffs' First Amended Complaint, ¶ 30* (emphasis added). Similar to the request sought (and granted) in the Rhode Island Superior Court, the Rossis also pray, inter alia, that this Honorable Court declare the pre-July 17, 2003 Rhode Island Mechanics' Lien statute unconstitutional as violative of procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 2 of the Rhode Island Constitution, and that this Honorable Court order Defendant Kinch to release the $35,860 deposited in the Superior Court Registry. *Plaintiff's First Amended Complaint, Prayer For Relief.*

---

[2] Defendant Kinch was named only in his official capacity and as a nominal party with jurisdiction over the Superior Court registry.

Following arguments and submission of supplemental memoranda, Magistrate Judge David Martin issued a Report and Recommendation concluding, inter alia, that the instant lawsuit was barred by the doctrines of collateral estoppel, res judicata, and with respect to Defendant Kinch, the Rooker-Feldman doctrine. In their Objection, the Rossis continue to maintain that the foregoing doctrines do not bar this Court's consideration, and in doing so, aver that the Rhode Island Supreme Court has never addressed the Rossis' due process argument vis a via the original Mechanics' Lien law.

## II. Analysis

On May 27, 2005, the First Circuit Court of Appeals issued its opinion in Federacion de Masestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17 (1st Cir. 2005). According to the Court of Appeals, its Opinion in Federacion de Masestros was its first opportunity to examine the Rooker-Feldman doctrine following the United States Supreme Court Opinion in Exxon Mobil Corp., v. Saudi Basic Industries Corp., ___ U.S. ___, 125 S.Ct. 1517 (2005), which the First Circuit expressed "substantially altered our understanding of the Rooker-Feldman doctrine." Federacion de Masestros, 410 F.3d at 19.

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." Id. at 20 (quoting Exxon Mobil, 125 S.Ct. at 1521). Although prior Rooker-Feldman doctrine cases differed in application, post-Exxon Mobil it is now clear that the Rooker-Feldman doctrine applies only where "the losing party in state court filed suit in federal court after the state court proceedings ended, complaining of an injury caused by the state-court judgment and seeking review

and rejection of that judgment." Id. at 24 (quoting Exxon Mobil, 125 S.Ct. at 1526). In order to avoid the result the Rooker-Feldman and collateral estoppel doctrines necessitate, the Rossis maintain in their Objection that they are not seeking review of the Rhode Island Supreme Court's opinion in Gem Plumbing and that they are not "state court losers." *See Rossi Objection to R&R, p. 14.* In brief, both arguments maintain that the Rhode Island Supreme Court never examined whether the Rossis were deprived of due process through the original Mechanics' Lien law.

The issue concerning whether the mechanics' lien, as originally imposed, violated the Rossis' due process rights was clearly addressed by the Rhode Island Superior Court and resolved favorably to the Rossis. In fact, in their Objection to the Magistrate Judge's Report and Recommendation, the Rossis write that:

> "[t]he Honorable Judge Michael Silverstein ruled, on motion by the Rossis, that R.I. Gen. Laws Section 34-28-1 et. seq., was unconstitutional and in violation of the Art. I, Section 2 of the Rhode Island Constitution and the Fourteenth Amendment of United States Constitution. He also ordered that the Rossis' money (placed in substitution of the lien) held in the registry of Court should be released to them along with any interest accrued." *See Rossi Objection to R&R, p. 2-3.*

The foregoing makes clear that the issue presented to this Court through the Rossis' 42 U.S.C. § 1983 claim was raised and resolved favorably to them by the Rhode Island Superior Court. This decision was appealed to the Rhode Island Supreme Court. As detailed earlier, however, prior to the Rhode Island Supreme Court's consideration, the General Assembly amended the Mechanics' Lien law by promulgating R.I. Gen. Laws § 34-28-17.1, which addressed the Superior Court's due process concerns and expressly provided a property owner with the opportunity for a prompt post-deprivation

hearing. See Gem Plumbing, 867 A.2d at 811. The Public Law that enacted R.I. Gen. Laws § 34-28-17.1 also made clear that R.I. Gen. Laws § 34-28-17.1 "shall apply to all pending mechanics' liens under chapter 34-28 of 'The Rhode Island Mechanics' Lien Law' as [of July 17, 2003] as well as all mechanics' liens, petitions or lien substitutions under Chapter 34-28 of the 'Rhode Island Mechanics' Lien Law.'" See P.L. 2003, ch. 299, § 2; *Appendix #4 to Defendant Gemma's Motion to Dismiss.* The General Assembly's actions were important to the pending appeal and squarely presented the Supreme Court with the issue concerning whether the original Mechanics' Lien law applied to the Gem Plumbing appeal, or whether the current amended Mechanics' Lien law applied to the Gem Plumbing appeal.

In response to these events – and in direct contradiction of the Rossis' claim that the Supreme Court never considered the original Mechanics' Lien law, on September 16, 2003, the Supreme Court issued an order directing all parties to the Gem Plumbing appeal to address "the effect, if any, of the General Assembly's 2003 Mechanics' Lien legislation, Section 34-28-17.1, on this appeal and on the Constitutional issues to be raised herein." *See Appendix #5 to Defendant Gemma's Motion to Dismiss, p. 1.* As detailed earlier, the Rossis responded to the Supreme Court's order by pressing their argument that the General Assembly's post-Superior Court decision action had no effect, and in fact, the Rossis maintained that the Amended Mechanics' Lien law could not cure the already inflicted due process deprivation since "[t]he Rossis' constitutional rights have already been violated by the [original] mechanics' lien." *See Appendix # 6 to Defendant Gemma's Motion to Dismiss, p. 20.* But see infra footnote 3.

In its Opinion, the Rhode Island Supreme Court began its analysis by questioning "whether the pre-amendment statute or the post-amendment statute controls our analysis in this case." Gem Plumbing, 867 A.2d at 802. Thereafter, for the reasons explained by the Court, and despite the Rossis' protestations to the contrary, the Court determined that it was "required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal." Id. In doing so, the Rossis mistakenly argue before this Honorable Court that the Rhode Island Supreme Court never considered the original Mechanics' Lien law vis a via the Rossis' deprivation and, in effect, issued an advisory opinion concerning whether the amended Mechanics' Lien law passed constitutional muster without, as the Rossis' argued, "making any determination as to whether the Rossis['] constitutional rights to due process were violated by the old law." *See Rossi Objection to R&R, p. 4*. Several problems arise with this argument.

For instance, the Rossis' apparent argument that the Supreme Court simply determined the constitutionality of the Amended Mechanics' Lien law without addressing the Rossis' rights is belied by the very nature of the proceeding that the Rossis suggest the Supreme Court conducted – an advisory proceedings. See R.I. Const. Art. X, § 3 (advisory opinion issued only at request of Governor or either house of General Assembly). Moreover, the Court's opinion itself demonstrates that the Supreme Court's analysis examined the specific facts of the Gem Plumbing case. See Gem Plumbing, 867 A.2d at 810 ("At least so far as its effect on the Rossis' property is concerned, we discern no meaningful difference between the attachment statute at issue in Doehr and the mechanic's lien in the present case."). As determined by the Magistrate Judge, the Supreme Court clearly considered whether to apply the original or the amended

mechanics' lien law to the Rossis' appeal and the Court's conclusion that the Amended Mechanics' Lien law, and not the original Mechanics' Lien law, applied to the Rossis was the determinative factor in the Court's holding and collaterally estops the Rossis from arguing the application of the original Mechanics' Lien law before this Court.[3]

In applying the foregoing into the Rooker-Feldman framework, it becomes clear that the Rossis' first amended complaint against Kinch is barred. First and foremost, the Supreme Court issued its opinion on February 22, 2005, thus ending the state court proceedings and the Rossis commenced their first amended complaint against Kinch on March 17, 2005 – nearly one month later. Clearly, the proceedings against Kinch did not commence until after the Supreme Court issued Gem Plumbing. Moreover, although the

[3] While the Rossis argue before this Honorable Court that the Supreme Court did not determine whether the Rossis were deprived of due process under the original Mechanics' Lien law, the Court expressly did determine that by virtue of P.L. 2003, ch. 269, § 2; P.L. 2003, ch. 299, § 2, the Amended Mechanics' Lien law applied retroactively to the Rossis. See Gem Plumbing, 867 A.2d at 802 ("This language clearly intends to apply § 34-28-17.1 both prospectively to future mechanics' liens and retrospectively to pending mechanics' liens."). Had the Rossis objected to the Supreme Court's conclusion to apply the Amended Mechanics' Lien statute retroactively, they could have petitioned for re-argument. There failure to do so collaterally estops them from consideration in this Honorable Court.

It is also noteworthy that the argument pressed by the Rossis is contrary to the Court's conclusion in another mechanics' lien constitutional case issued the same day as Gem Plumbing. Specifically, in F.C.C., Inc., v. Reuter, 867 A.2d 819 (R.I. 2005), even though a mechanics' lien was imposed upon the property owner pursuant to the original Mechanics' Lien law, by the time the Motion for Summary Judgment was heard in the Rhode Island Superior Court, the Amended Mechanics' Lien statute had already been enacted. Despite the foregoing, the Superior Court motion justice applied the original Mechanics' Lien law and found the original Mechanics' Lien unconstitutional. On appeal, the Supreme Court observed that "[a]lthough the events giving rise to the matter before the Court took place in 1999, well before the enactment of § 34-28-17.1, the amendment became effective two months before the hearing at which summary judgment was granted." Id. at 822. Concluding that the motion justice erred by not applying the retroactive Amended Mechanics' Lien law, the Supreme Court reversed the motion justice.

Rossis argue that the Supreme Court's Opinion in Gem Plumbing did not end the state court proceedings and/or that they were not the losing party in the state court proceedings, neither argument is persuasive.

For example, the First Court recently examined when "the state proceedings [have] ended." Federacion de Masestros, 410 F.3d at 24. Aside from the two obvious situations where the state high court affirms a lower court judgment with nothing left to be resolved and where the state litigation reaches a point where neither party seeks further action, the First Circuit also described a third situation where state court proceedings have ended for purposes of the Rooker-Feldman doctrine. Specifically, the Court explained that "if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated, then the state proceedings have 'ended' within the meaning of Rooker-Feldman on the federal questions at issue." Id. at 25. The First Circuit continued, summarizing that "Rooker-Feldman applies where the state proceeding has ended with respect to the issues that the federal plaintiff seeks to have reviewed in federal court, even if other matters remain to be litigated." Id. at 26 (Emphasis in original).

This third scenario describing when state court proceedings have ended is precisely the situation presented in this case. Thus, the fact that the Rhode Island Supreme Court remanded Gem Plumbing to the Superior Court, where other non-constitutional issues remain pending, has no affect on the application of the Rooker-Feldman doctrine. Instead, the Rossis have made clear that among the issues presented to this Court is their argument that the imposition of the mechanics' lien violated their due process rights – the same issue that the Rhode Island Supreme Court resolved

unfavorably to them in Gem Plumbing. Accordingly, with respect to the Rossis' due process claim, the Supreme Court's Opinion represented the end of the state court proceedings as to the constitutional issue presented in this case.

Moving to the Rossis' second argument – that they were not the losing party in Gem Plumbing – the facts and travel of this case simply belie this argument. As the Rossis acknowledge in their memorandum to this Court, the Rhode Island Superior Court determined, as the Rossis argued, that the original Mechanics' Lien statute was unconstitutional and, as a result, the Superior Court ordered the monies placed in the Superior Court registry to be released. On appeal, the Supreme Court "vacate[d] the judgment of the Superior Court" and the funds placed in the Superior Court registry remain there to this very day. See Gem Plumbing, 867 A.2d at 818. Even in their amended complaint, the Rossis pray that this Honorable Court declare the original Mechanics' Lien statute unconstitutional and release the funds they deposited in the Superior Court registry – the precise action the Rhode Island Superior Court had ordered and that the Rhode Island Supreme Court vacated. Based upon the fact that the Supreme Court had vacated the relief the Rossis requested (and that the Superior Court granted) – and which the Rossis now seek before this Court – it is difficult to describe the Rossis as anything other than losers in the state court proceedings.

Based upon the foregoing, Kinch respectfully submits that the Rooker-Feldman doctrine bars this Honorable Court consideration and that the Magistrate Judge's Report and Recommendation should be accepted. In particular, the Rooker-Feldman doctrine applies where "the losing party in state court filed suit in federal court after the state proceedings ended complaining of an injury caused by the state-court judgment and

seeking review and rejection of that judgment." Federacion de Maestros, 410 F.3d at 24. For the reasons discussed, this is precisely the relief the Rossis seek before this Honorable Court, requesting that this Honorable Court review the due process implications of the original Mechanics' Lien law where the Supreme Court has already opined that the original Mechanics' Lien law is no longer applicable to the Rossis. Such action is barred by the Rooker-Feldman doctrine. Moreover, Defendant Kinch adopts and incorporates into this memorandum the collateral estoppel, res judicata,[4] and abstention arguments advanced by the co-defendants and as determined by the Magistrate Judge.

## III. CONCLUSION

For the reasons discussed, Defendant Kinch prays that the Magistrate Judge's Report and Recommendation be accepted.

DEFENDANT
HENRY S. KINCH, JR., in his capacity as Clerk of The Providence County Superior Court

By his Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903

[4] The Rossis argue in their Opposition memorandum that based upon R.I. Gen. Laws § 34-28-33 the doctrine of res judiciata does not apply. Assuming it to be true that the Rossis did not have to bring all related claims at one time, the Rossis have not cited any authority that allows them to re-litigate issues that have already been decided in contravention of collateral estoppel or the law of the case doctrines.

Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

**CERTIFICATION**

I hereby certify that the instant Memorandum was mailed via first class postage prepaid on the 3rd day of April, 2006, to the following individuals:

Theodore Orson, Esq.
Orson & Brusini, Ltd
55 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Patrick J. Dougherty, Esq.
155 South Main Street, Suite 304
Providence, Rhode Island 02903

Fred L. Mason, Jr., Esquire
Mason Associates P.C.
20 Cedar Swamp Road
Smithfield, Rhode Island 02917

Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109