UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI and LINDA A. ROSSI, Plaintiffs, | : | |
| Vs. | : | C.A. No.: 05-032S |
| LEONARD P. GEMMA, Individually and in his capacity as President of Gem Plumbing & Heating Co., Inc.; ROBERT J. LEVINE, Individually and in his capacity as General Partner of Gemma and Levine; and HENRY S. KINCH, JR., in his capacity as Clerk of the Providence County Superior Court, Defendants. | : | |

**DEFENDANT, LEONARD P. GEMMA'S RESPONSE TO PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Defendant, Leonard P. Gemma, hereby responds and opposes Plaintiffs' Objection to Report and Recommendation of Magistrate Judge pursuant to LR Cv 72(d)(3). Defendant, Leonard P. Gemma, relies upon and incorporates by reference the memorandum of law filed herewith.

**WHEREFORE,** this Honorable Court should accept the Report and Recommendation of the Magistrate Judge, and dismiss each of the Plaintiffs' claims in this action.

LEONARD P. GEMMA,
Defendant,
By his attorneys,

Theodore Orson, Esq. # 3871
Stephen J. Brouillard, Esq. # 6284
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100 - (401) 861-3103 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2006, I caused a copy of the within to be mailed postage prepaid to Patrick Dougherty, Esq., 155 South Main Street, Providence, RI 02903, Robert E. Kiely, Esq., Regan and Kiely, LLP, 85 Devonshire Street, Boston MA 02109, Fred Mason, Esq., Mason Associates, P.C., 20 Cedar Swamp Road, Smithfield, RI 02917, and Michael W. Field, Esq., Special Assistant Attorney General, 150 South Main Street, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT V. ROSSI and
LINDA A. ROSSI,
Plaintiffs,

Vs. C.A. No.: 05-032S

LEONARD P. GEMMA, Individually and in his capacity as President of Gem Plumbing & Heating Co., Inc.; ROBERT J. LEVINE, Individually and in his capacity as General Partner of Gemma and Levine; and HENRY S. KINCH, JR., in his capacity as Clerk of the Providence County Superior Court,
Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, LEONARD P. GEMMA'S RESPONSE TO PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Defendant, Leonard P. Gemma ("Gemma"), hereby submits this memorandum of law in support of his response and opposition to Plaintiffs' Objection to Report and Recommendation of Magistrate Judge. Defendant Gemma respectfully requests that this Honorable Court accept the findings and recommendations made by United States Magistrate Judge David L. Martin ("Magistrate Judge Martin") in his well-reasoned January 12, 2006 Report and Recommendation ("Report and Recommendation") to this Court, and accordingly dismiss each of the Plaintiffs' claims in this action.

Magistrate Judge Martin recommended dismissal of Plaintiffs' federal law claims against Defendant Gemma on the following separate and distinct grounds: (i) res judicata; (ii) collateral estoppel; and (iii) Plaintiffs' inability to establish a violation of 42 U.S.C. § 1983. Defendant Gemma also posits that principles governing abstention militate in favor of dismissal of the Plaintiffs' federal and state law claims. If this Court finds that dismissal is proper for any one of

these reasons, Plaintiffs' federal law claims must be dismissed. Thus, Plaintiffs can only maintain their federal law claims in this Court if they overcome each of these jurisdictional obstacles. Plaintiffs' failure to overcome any one of these obstacles is fatal to their federal law claims.

## FACTUAL BACKGROUND

In October 2001, Plaintiffs Robert V. Rossi and Linda A. Rossi (jointly, the "Rossis" or "Plaintiffs") contracted with Gem Plumbing & Heating Co., Inc. ("Gem"), to provide labor and materials required for water and sewer lines in connection with an office building that the Rossis were constructing in Smithfield, Rhode Island. Pursuant to R.I. Gen. Laws § 34-28-1, *et seq.*, (the "Original Mechanics' Lien Law"), on January 28, 2002, Gem's employee and inside general counsel, Robert Levine, filed a notice of intention to do work on the Rossis' property. It is undisputed that Gem performed work on the premises.

As prescribed by the Original Mechanics' Lien Law, 120 days later, on May 28, 2002, Gem filed a Petition to Enforce the Mechanics' Lien in the Superior Court ("State Court Action"), claiming $35,500.00 in unpaid labor and materials. On June 4, 2002, in accordance with statutory procedure, the Rossis paid $35,500.00 into the Registry of Court as a lien substitute and obtained an *ex parte* Order to dissolve, release and discharge the mechanics' lien.

On August 29, 2002, the Rossis filed a Motion to Dismiss and Release Funds, alleging that Gem had failed to comply with the statutory procedures and further asserting that the Original Mechanics' Lien Law was unconstitutional on the grounds that it deprived them of their property without due process of law. A copy of the Motion to Dismiss and Release Funds is set forth as **Exhibit 1** to the Appendix To Memorandum of Law in Support of Defendant, Leonard

P. Gemma's Response to Plaintiffs' Objection to Report and Recommendation to Magistrate Judge, filed herewith (hereinafter, "**Appendix Exhibit _**").

The Superior Court, by written decision filed April 23, 2003, declared the Original Mechanics' Lien Law unconstitutional (the "Superior Court Decision"). See Superior Court Decision, **Appendix Exhibit 2**. Judgment was entered in favor of the Rossis, dismissing the action and ordering that the funds be released from the Registry of Court on May 30, 2003. Gem duly filed its notice of appeal on June 2, 2003. The Judgment was later stayed by Order of the Rhode Island Supreme Court. As a result, the funds deposited by the Rossis remain on deposit with the Registry of Court.

In reaction to the Superior Court Decision, the Rhode Island Legislature amended the Original Mechanics' Lien Law on July 17, 2003 (the "Amendment"), by adding § 34-28-17.1. See Amendment, **Appendix Exhibit 3**. (The Original Mechanics' Lien Law, as amended, shall be hereinafter referred to as the "Amended Mechanics' Lien Law"). The Amendment had two distinct purposes. First, Section 34-28-17.1(1), as found at **Appendix Exhibit 3**, was an attempt by the Legislature to cure the due process deficiencies identified in the Superior Court Decision. Second, Rhode Island Public Laws 2003, ch. 299[1], quoted in its entirety in footnote 1 below, made the Amended Mechanics' Lien Law applicable to, among other things, "all mechanics' liens, petitions or lien substitutions" that were pending at the time the Amendment was enacted. See P.L. 2003, ch. 299, **Appendix Exhibit 4**.

[1] P.L. 2003, ch. 299, Section 2 provides:

> SECTION 2. This act shall take effect upon passage, and shall apply to all pending mechanics' liens under chapter 34-28 of "The Rhode Island Mechanics' Lien Law" as of the effective date of this act as well as all mechanics' liens, petitions or lien substitutions under Chapter 34-28 of the "Rhode Island Mechanics' Lien Law" filed after the effective date of this act.

After passage of the Amendment, by Order dated September 16, 2003, the Rhode Island Supreme Court directed the parties to the appeal to address the applicability of the Amendment to the pending action and the constitutional issues raised therein. See Supreme Court Order dated 9/16/2003, **Appendix Exhibit 5**. In their brief in the State Court Action, the Rossis argued that the Amended Mechanics' Lien Law should not be applied retroactively to the Gem-Rossi dispute. See Rossis' Appellate Brief, at pp. 19-21, **Appendix Exhibit 6**. Arguments were heard by the Supreme Court on January 19, 2005.

After said argument, and apparently concerned that the Supreme Court was going to uphold the Amended Mechanics' Lien Law and declare it retroactive and applicable to the Gem-Rossi dispute, on January 27, 2005, the Rossis took a preemptive strike and collateral attack on the expected Rhode Island Supreme Court ruling by filing this civil action ("First Federal Court Action") seeking a declaration that "R.I. Gen Laws Section 34-28-1, the Mechanics' Lien Law, [is] unconstitutional as violative of plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 2 of the Rhode Island Constitution." See Complaint (C.A. No. 05-032S), First Prayer for Relief, **Appendix Exhibit 7**.

Although Gem is not named as a defendant in this, the First Federal Court Action, Leonard P. Gemma is named in his individual capacity and in his capacity as President of Gem. See Complaint (C.A. No. 05-032S), **Appendix Exhibit 7**. Robert J. Levine ("Levine") is also named as a defendant in this case in his individual capacity and in his capacity as general partner of Gemma and Levine. See Complaint (C.A. No. 05-032S), **Appendix Exhibit 7**.

On February 22, 2005 in the State Court Action, the Rhode Island Supreme Court reversed the Superior Court Decision and held, among other things, that the Amended Mechanics' Lien Law:

1) applies retrospectively to the Gem-Rossi dispute ("Retrospectivity Ruling"); and

2) is constitutional under the United States Constitution and the Rhode Island Constitution (together, "Principal Legal Rulings").

See *Gem Plumbing & Heating Co, Inc. v. Rossi*, 867 A.2d 796 (R.I. 2005) (the "Supreme Court Decision"), **Appendix Exhibit 8**.

Addressing the retrospectivity and applicability issues, the Rhode Island Supreme Court stated:

> Statutes are given retroactive effect only when the Legislature clearly expresses such an application. Section 34-28-17.1 applies, not only to all future mechanics' liens, but also to all pending "mechanics' liens, petitions or lien substitutions" as of July 17, 2003. P.L. 2003, ch. 269, § 2; P.L. 2003, ch. 299, § 2. This language clearly intends to apply § 34-28-17.1 both prospectively to future mechanics' liens and retrospectively to pending mechanics' liens. n7 **Based on the clear language of the statute and our caselaw, we are required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal**.
>
> ——
>
> n7 We disagree with the Rossis' contention that the lien no longer is pending because they paid $ 35,860 into the registry of the Superior Court and the lien was released. This argument ignores the Legislature's intent to apply G.L. 1956 § 34-28-17.1 to all pending "lien substitutions." That payment is merely a lien substitution.

See *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 802, **Appendix Exhibit 8** (emphasis added).

The Rossis failed to exercise their right under Rhode Island Supreme Court Rule 25 to seek reargument of the Supreme Court Decision within the prescribed time period or to seek

enlargement of that time period. The Rossis have also not filed a Petition for Issuance of a Writ of Certiorari with the United States Supreme Court seeking review of the Rhode Island Supreme Court Decision.

On or about March 17, 2005, the Rossis amended their Complaint in this, the First Federal Court Action, to add the Superior Court Clerk, Henry S. Kinch, Jr. ("Kinch"), as a defendant.[2] See First Amended Complaint (C.A. No. 05-032S), **Appendix Exhibit 9**. In that case, Defendants Kinch, Gemma, and Levine each filed a Motion to Dismiss or, in the Alternative, to Abstain.

On or about July 6, 2005, the Rossis commenced a second lawsuit ("Second Federal Court Action") solely against Gem and asked this Federal Court to declare the Amended Mechanics' Lien Law unconstitutional under the United States Constitution and the Rhode Island Constitution. See Complaint (05-299S), First Prayer For Relief, **Appendix Exhibit 10**. On or about December 12, 2005, Gem timely answered the Complaint in the Second Federal Court Action.

On January 12, 2006, Magistrate Judge Martin issued his Report and Recommendation in this, the First Federal Court Action, recommending that this Court grant the Defendants' Motions to Dismiss or, in the Alternative, to Abstain in C.A. No. 05-032S. See Report and Recommendation dated 1/12/2006, C.A. No. 05-032S, **Appendix Exhibit 11**. On February 21, 2006, Plaintiffs filed an Objection to the Report and Recommendation. Defendant Gemma files herewith his Response to Plaintiffs' Objection to the Report and Recommendation of the

[2] The Rossis' collateral attack was no longer preemptive. Rather, it became a broadside attack on the Supreme Court Decision. Indeed, in order to prevail in this action, this Court would effectively have to reverse the Rhode Island Supreme Court's holding that the Amended Mechanics' Lien Law is constitutional under the United States and Rhode Island Constitutions and/or that the Amended Mechanics' Lien Law applies retrospectively to the Gem-Rossi dispute.

Magistrate Judge. For the reasons set forth below as well as those articulated in Magistrate Judge Martin's Report and Recommendation, this Court should dismiss each of the Plaintiffs' claims in this case.

## ARGUMENT

### I. PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE MARTIN'S REPORT AND RECOMMENDATION IMPROPERLY RELIES UPON OTHER COURT FILINGS TO SUPPORT ITS BLANKET OBJECTION

Objections to reports and recommendations of magistrate judges must be specific, see *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) and Fed. R. Civ. P. 72(b), and must be accompanied by a memorandum of law "specifying the findings and/or recommendations to which objection is made, [and] the basis for the objection . . .", see LR Cv 72(d)(2). This specificity requirement serves a meaningful purpose because the District Court need only review *de novo* those portions of the Report and Recommendation to which a "specific" objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Plaintiffs attempt impermissibly to rely upon and incorporate by reference other documents they have filed with the Court to support their non-specific objections to the Report and Recommendation issued by Magistrate Judge Martin. The Plaintiffs, at pages two and ten of their memorandum, oppose in conclusory fashion most (if not all) of the recommendations made by Magistrate Judge Martin. However, the only objection made with any reasonable degree of specificity is to the recommendation that *res judicata* bars their claims. Plaintiffs should not be permitted to raise a blanket objection to Magistrate Judge Martin's findings and recommendations by way of previously filed documents and conclusory statements. See Plaintiffs' Objection to Report and Recommendation of Magistrate Judge, at pp. 10 and 21.

Defendant Gemma posits that this Court should only review *de novo* the Plaintiffs' objection to Magistrate Judge Martin's recommendation as to dismissal on *res judicata* grounds, because the record contains no "specific" objection to any other recommendation made by Magistrate Judge Martin. The Report and Recommendation is well-reasoned, factually-sound, and legally-supported. Notwithstanding, to the extent this Court elects to review *de novo* any of the findings and/or recommendations of Magistrate Judge Martin, Defendant Gemma makes the following arguments in support of this Court's acceptance of the Report and Recommendation.

## II. PLAINTIFFS ARE SEEKING EQUITY WITH UNCLEAN HANDS

### A. The Doctrine Of Unclean Hands Defined

"The doctrine of unclean hands 'is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.' " *Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1369 (Fed. Cir. 2005) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 89 L. Ed. 1381, 65 S. Ct. 993 (1945)). "The trial court has broad discretion under the doctrine of unclean hands." *Id.* at 1369. "The doctrine of unclean hands only applies when the claimant's misconduct is directly related to the merits of the controversy between the parties [and] 'in some measure affects the equitable relations between the parties in respect of something brought before the court for adjudication.' " *Arevalo v. Ashcroft*, 344 F.3d 1, 15 (1st Cir. 2003) (brackets not added).

### B. Plaintiffs' Failure To Enforce Their Right To An Expedited Post-Deprivation Hearing Under The Amended Mechanics' Lien Law While Pursuing This § 1983 Action Is Inequitable

Plaintiffs' Section 1983 claim is based on the premise that they have been deprived of the funds deposited in the Registry of the Superior Court as a lien substitution for close to four years.

However, the Amendment, *inter alia*, bestows upon respondents in mechanics' lien actions the right to an "expedited hearing." See *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 811-12, **Appendix Exhibit 8**. The Supreme Court Decision, which includes its Retrospectivity Ruling, was issued on February 22, 2005. Thus, as of at least February, 2005, Plaintiffs indisputably have been entitled to an expedited post-deprivation hearing. Query why, more than thirteen months later, Plaintiffs have not elected to enforce their right to an expedited hearing in the State Court Action? It appears that the Plaintiffs prefer to complain to this Court that their money remains on deposit in the Superior Court Registry to manufacture a § 1983 claim to offset any monies the Rossis owe Gem. If the Rossis truly believed they were being prejudiced by the deprivation of their funds on deposit in the Court Registry, they would have enforced their right to an expedited hearing in the State Court Action under the Amendment more than a year ago.

Defendant Gemma further suggests that the right to an expedited hearing in the State Court Action was bestowed on the Rossis as early as July 17, 2003 when the Amendment took effect. However, the Rossis made a conscious decision to oppose the retrospective application of the Amendment to Gem's lien even though it afforded them an expedited means by which to be heard on their defenses to Gem's mechanics' lien action. See Rossis' Appellate Brief, at pp. 19-21, **Appendix Exhibit 6**. The only reason for the Rossis to oppose the retrospective application of the Amendment to the Gem-Rossi dispute was so that they could maintain their § 1983 claims in this Court. When that attempt failed, so did their § 1983 claims.

Plaintiffs' failure to exercise their right to an expedited hearing for nearly three years after the Amendment took effect (and more than one year after the Retrospectivity Ruling was issued) is inequitable. In addition, it directly affects the equitable relations between the parties as to whether Plaintiffs are unfairly being deprived of their money that is on deposit in the Registry

of the Court. Plaintiffs' request to this Court for an order releasing those funds on due process grounds is a request for equitable, injunctive relief subject to the unclean hands doctrine. Therefore, this Court should not permit Plaintiffs to seek equity with unclean hands.

## III. MAGISTRATE JUDGE MARTIN CORRECTLY CONCLUDED THAT PLAINTIFFS' § 1983 CLAIMS SHOULD BE DISMISSED

The Plaintiffs theorize that under any one of three scenarios their due process rights were violated by Gem and Defendants Gemma and Levine while acting under color of state law: (1) lack of a prompt post-deprivation hearing under the Original Mechanics' Lien Law; (2) overstatement of the amount due and owing to Gem in the recorded mechanics' lien; and (3) ineffective signature by Levine on the notice of intention thereby making the mechanics' lien void *ab initio*. Magistrate Judge Martin correctly found that Plaintiffs would not be entitled to relief under any set of facts provable under the complaint on any one of these theories. Summarily, the Plaintiffs' § 1983 claims under the first theory were extinguished by the Supreme Court's Retrospectivity Ruling, and their § 1983 claims under the latter two theories are in actuality defenses, not actionable claims, which do not allege violations of due process.

### A. The Supreme Court's Retrospectivity Ruling Extinguished The Plaintiffs' § 1983 Claims That They Were Denied A Prompt Post-Deprivation Hearing

The Plaintiffs argue that the Supreme Court Decision only determined that the Amended Mechanics' Lien Law passes constitutional muster and that the Amendment applies retrospectively to the Gem-Rossi dispute. See also *F.C.C. Inc. v. Reuter*, 867 A.2d 819 (R.I. 2005). They are also quick to point out that the Supreme Court did not expressly decide whether their due process rights were violated under the Original Mechanics' Lien Law. The Plaintiffs misinterpret the Supreme Court's silence on this issue to mean that the issue was not decided.

Defendant Gemma agrees that the Supreme Court did not expressly determine this precise issue, but disagrees that the issue remains to be decided. As Magistrate Judge Martin explained, see Report and Recommendation, at 30, **Appendix Exhibit 11**, implicit in the Supreme Court's Retrospectivity Ruling is the extinguishment of any procedural due process violation claims the Plaintiffs may allege under the Original Mechanics' Lien Law. In other words, for purposes of the Gem-Rossi dispute, the Amendment is to be applied as if it was enacted temporally with the Original Mechanics' Lien Law because of its retroactive application. A retrospective law is "[o]ne that ***relates back to a previous transaction and gives it a different legal effect from that which it had under the law when it occurred.***" Black's Law Dictionary, at 1317-18 (6th Ed. 1990). In an effort to manufacture an argument to breath life into their § 1983 claims under this theory, the Plaintiffs steadfastly refuse to acknowledge that the Supreme Court's Retrospectivity Ruling operates to bar this Court or the Rhode Island Superior Court from further considering any due process violations under the Original Mechanics' Lien Law.

### B. Plaintiffs Are Collaterally Estopped From Relitigating The Rhode Island Supreme Court's Retrospectivity Ruling

The Supreme Court's Retrospectivity Ruling determined that, as a matter of retroactivity law, there were no United States nor Rhode Island constitutional violations caused by the Defendants in connection with Gem's mechanic's lien.[3] This holding is binding precedent upon this Court. Nothing Plaintiffs argue in their Objection to Magistrate Judge Martin's Report and Recommendation alters the collateral estoppel effect of the Supreme Court's Retrospectivity Ruling to the constitutional issues raised in this case.

[3] The Rhode Island Supreme Court came to the same conclusion in the companion case: *F.C.C. Inc. v. Reuter*, 867 A.2d 819 (R.I. 2005).

### 1. Under Rhode Island Collateral Estoppel Law, Relitigation Of The Retrospectivity Ruling Is Precluded

In Wiggins v. State of Rhode Island, 326 F. Supp. 2d 297 (D.R.I. 2004) (Smith, J.), the United States District Court for the District of Rhode Island precluded a plaintiff asserting a § 1983 claim from relitigating a prior ruling of the Rhode Island Traffic Court on an issue of mixed law and fact. In explaining Rhode Island collateral estoppel law, Judge Smith wrote:

> Collateral estoppel "is the doctrine which renders conclusive in a subsequent action on a different claim the determination of particular issues actually litigated in a prior action." It requires: (1) an identity of issues; (2) a valid and final judgment on the merits; and (3) establishing that the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action. (Rhode Island Supreme Court citations omitted.)

*Id.* at 303.

As demonstrated below, each of these three requirements for invocation of collateral estoppel are satisfied herein.

#### a. There Is An Identity Of Issues

On appeal in the State Court Action, Plaintiffs sought a ruling that the Amended Mechanic's Lien Law was either (i) unconstitutional, and/or (ii) could not be applied retroactively against Plaintiffs. However, the Rhode Island Supreme Court ruled against Plaintiffs on both of these legal issues.

In the instant matter, Plaintiffs seek a ruling that the Amended Mechanic's Lien Law is either (i) unconstitutional, and/or (ii) can not be applied retroactively against Plaintiffs. Accordingly, there is an identity of issues.

#### b. The Rhode Island Supreme Court Made A Valid And Final Judgment On The Merits Of The Principal Legal Rulings

The Rhode Island Supreme Court's Principal Legal Rulings were valid, final and thoroughly unambiguous.

With respect to the legal issue of whether the Amended Mechanic's Lien Law was constitutional, the Rhode Island Supreme Court ruled:

> Giving due consideration to all three prongs of the Mathews-Doehr balancing test, we conclude that the Mechanics' Lien Law, as amended by § 34-28-17.1, does not violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution or Article 1, Section 2 of the Rhode Island Constitution.

See *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 818, **Appendix Exhibit 8**.

With respect to the issue of whether the Amended Mechanic's Lien Law is to be applied retroactively to Gem's mechanic's lien, the Rhode Island Supreme Court ruled:

> Based on the clear language of the statute and our caselaw, we are required to apply the Mechanics' Lien Law as amended by § 34-28-17.1 to this appeal.

*Id.* at 802. See also *F.C.C. Inc. v. Reuter*, 867 A.2d 819, 822 (R.I. 2005)(making note of its ruling in the Supreme Court Decision that the Amended Mechanic's Lien Law was to be applied retroactively).

While the Rhode Island Supreme Court vacated the Superior Court's Judgment and remanded the case back to the Superior Court in order to address the substantive claims and defenses, the Supreme Court's Principal Legal Rulings remain valid and final.

#### c. The Parties Against Whom Collateral Estoppel Is Asserted Were Parties To The Prior Action

The Principal Legal Rulings went against parties Robert V. Rossi and Linda A. Rossi by the Rhode Island Supreme Court. Parties Robert V. Rossi and Linda A. Rossi seek to relitigate the Principal Legal Rulings before this Federal Court.[4]

[4] Plaintiffs have argued that preclusion doctrines should not apply because the Defendants in this case are technically different from the parties in the state court action. However, the identity of the Defendants herein is irrelevant to the issue preclusion inquiry because, as indicated in *Allen*, the United States Supreme Court "has eliminated the requirement of mutuality in applying collateral estoppel to bar relitigation of issues decided earlier in federal court suits, and has allowed a litigant who was not a party to a federal case to use collateral estoppel "offensively" in a new federal suit against the party who lost on the decided issue in the first case." *Allen*, supra, 449 U.S. at 94-95. Accord *Wiggins*, *supra*, 326 F. Supp. at 306, n. 14 (interpreting Rhode Island law).

**d. The Rhode Island Supreme Court Provided Plaintiffs With A Full And Fair Opportunity To Litigate The Principal Legal Rulings**

An exception to collateral estoppel exists where the party against whom collateral estoppel is sought did not have a "full and fair opportunity" in the prior forum to litigate the issues sought to be precluded.

Not only did the Rhode Island Supreme Court afford Plaintiffs a "full and fair opportunity" to litigate the issues comprising the constitutionality and retroactivity of the Amended Mechanics' Lien Law, it actually ordered the parties to address the applicability of the Amendment to the pending action and any constitutional implications. See Supreme Court Order dated 9/16/2003, **Appendix Exhibit 5**. Therefore, collateral estoppel operates to bar the Plaintiffs' § 1983 claims in this Court.

**C. Plaintiffs Are Barred By Res Judicata Principles From Relitigating The Principal Legal Rulings**

The Rossis, forced to acknowledge that each element of res judicata has been satisfied, are trying to persuade this Court that this case falls within an exception to the rule to avoid the doctrine's fatal effect on their claims. For the following reasons, these arguments are unavailing.

**1. Plaintiffs' Reliance On *Tilcon Gammino v. Commercial Associates*, 570 A.2d 1102 (R.I. 1990) And Restatement (Second) of Judgments, Section 26(1)(d) Is Misplaced**

In *Tilcon Gammino v. Commercial Associates* ("*Tilcon Gammino*"), the Rhode Island Supreme Court offered in *dicta* that respondents in mechanics' lien actions may choose to proceed with their counterclaims in that equitable action or bring their claims in a separate suit at law. *Id.* at 570 A.2d 1102, 1107-08 (R.I. 1990). However, *Tilcon Gammino* is inapplicable and of no assistance to Plaintiffs because the issue is not necessarily whether their § 1983 claims

could have been brought in the State Court Action, but that the underlying basis for their § 1983 claims was extinguished by the Supreme Court's Retrospectivity Ruling.

The precise issue, whether the Rossis were deprived of a prompt post-deprivation hearing, was implicitly decided by the Supreme Court when it determined that the Amendment applies retrospectively to the Gem-Rossi dispute. Again, the Retrospectivity Ruling means that this Court must construe the Rossis' § 1983 claims as if the Amendment was in effect at the time the lien was recorded. The Rossis cannot have this Court or the Superior Court ignore the Supreme Court's application of the Amendment to Gem's lien for the purpose of determining whether they were deprived of due process under the Original Mechanics' Lien Law. For these same reasons, Restatement (Second) of Judgments, Section 26(1)(d), which exempts certain judgments from the effects of res judicata, is also inapplicable and of no assistance to the Rossis.

**2. Plaintiffs' Reliance On *Commercial Associates v. Tilcon Gammino*, 801 F. Supp. 939 (D.R.I. 1992) And R.I. Gen. Laws § 34-28-33 Is Misplaced**

In addition to the reasons set forth in Part II, A, 2 *infra*, *Commercial Associates v. Tilcon Gammino*, 801 F. Supp. 939 (D.R.I. 1992) ("*Commercial Associates*") and R.I. Gen. Laws § 34-28-33 are also inapplicable and of no assistance to the Plaintiffs for the following reason. Defendant Gemma concedes that nothing in the Amended Mechanics' Lien Law expressly waives any claims or remedies available to property owners. However, contrary to Plaintiffs' contention, Section 34-28-33 does not expressly preserve all remedies available to them in the mechanics' lien action.

Section 34-28-33 expressly preserves all remedies otherwise available to the <u>claimant</u> in a mechanics' lien action. Despite the statute's clear purpose, Plaintiffs misconstrue this statute to preserve claims a property owner may have against a mechanic's lien claimant. In support of

their contention that § 34-28-33 preserves all remedies otherwise available to them (which they argue is a compelling reason for not applying res judicata to their § 1983 claims), Plaintiffs rely solely on *Commercial Associates*. However, the Court in *Commercial Associates* recognized the statute's limited applicability to remedies available to claimants:

> the mechanics' lien statute expressly preserves a claimant's right to pursue all other available remedies including in personam claims.

*Commercial Associates*, 801 F. Supp. at 943 (emphasis added). Thus, *Commercial Associates* negates, rather than, supports Plaintiffs' contention. Defendant Gemma fully understands that counterclaim-respondents in mechanics' lien actions are not limited to any particular remedies, but makes this point to clarify the record that the Amended Mechanics' Lien Law does not expressly preserve any particular remedies for respondents in mechanics' lien actions as suggested by the Rossis.

### 3. Magistrate Judge Martin Was Also Correct That Although the *Roofing Concepts* Case Involved Third-Party Claims, The Same Rationale Applies to Counterclaims Between The Parties

Plaintiffs argue that as property owners they were prohibited from bringing any claims against Gem, the lien holder, in the State Court Action. They disagree with Magistrate Judge Martin's position that "[t]his court is not persuaded that plaintiffs could not have asserted any claims in the Superior Court proceeding to enforce the lien." See Report and Recommendation, at 19, **Appendix Exhibit 11**. Plaintiffs point out that *Roofing Concepts, Inc. v. Barry*, 559 A.2d 1059 (R.I. 1989) ("*Roofing Concepts*") dealt specifically with third-party claims, not counterclaims. This is a distinction without a difference. The *Roofing Concept* court's rationale is equally applicable to counterclaims.

Pursuant to Super. R. Civ. P. 81(a)(1), the Rules of Civil Procedure do not apply during the "process and pleading stages" of a petition to enforce a mechanics' lien. However, Super. R.

Civ. P. 1 provides that the Rules of Civil Procedure "govern the procedure in the Superior Court of the State of Rhode Island in all suits of a civil nature whether cognizable as cases at law or in equity." The Court in *Roofing Concepts* reconciled these two Rules and concluded that defendants could assert third-party claims in mechanics' lien actions. Under the Rules of Civil Procedure, counterclaims, just like third-party claims, allow for the addition of claims and may be asserted initially as of right or subsequently with leave of court. See Super. R. Civ. R. 13 and 14. Thus, *Roofing Concepts* stands for the proposition that respondents in mechanics' lien actions may assert third-party claims or counterclaims against the claimant. Therefore, the Rossis' § 1983 claims and slander of title claims could have been asserted in the State Court Action.

### D. Plaintiffs' Remaining Theories Of Recovery Under § 1983 Do Not Amount To Due Process Violations

The Plaintiffs also theorize that their due process rights were violated because (i) the amount of the lien was allegedly overstated by Gem, and (ii) Levine's signature on the notice of intention was allegedly ineffective. These theories cannot serve as the premise for Plaintiffs' § 1983 claims. First, Gem's alleged overstatement of the lien amount, and Levine's alleged ineffective signature are merely defenses to Gem's mechanics' lien action. They do not constitute separate claims or causes of action with attendant remedies. Second, these alleged deficiencies do not give rise to any violation of due process. Although Defendant Gemma disputes and denies that the lien was for an exorbitant amount or that Levine's signature on the notice of intention was improper, Plaintiffs cannot establish any violation of due process even assuming these allegations to be true.

Plaintiffs have not specified the process for which they claim they were due and to which they were denied. Presumably, Plaintiffs are contending that their right to a prompt post-

deprivation hearing to raise these defenses deprived them of due process. However, this argument cannot prevail in light of the Supreme Court's Retrospectivity Ruling. Implicit in the Supreme Court's Retrospectivity Ruling is that there was no constitutional deprivation by enforcing the Amendment against land owners who deposited funds in the Registry of the Court as a lien substitution notwithstanding the fact that for a period of time there was no statutory right to an expedited hearing. See Report and Recommendation, at 30, **Appendix Exhibit 11.** The Rhode Island Supreme Court recognized this peril when it concluded:

> The State also has an interest in the constitutionality of the Mechanics' Lien Law to the extent that **a holding to the contrary would render other statutory prejudgment liens constitutionally suspect – a situation that arguably might lead to chaos in the marketplace**.

See *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d at 817 n.32, **Appendix Exhibit 8** (emphasis added). Furthermore, any delay in the Rossis being heard in the State Court Action as to their defenses to Gem's lien is due to their failure to seek an expedited hearing immediately after the Amendment was enacted in July, 2003. The Rossis have alleged not one incident, fact, or event involving Gem or Defendant Gemma that denied them of a "prompt" hearing. Therefore, Plaintiffs have no actionable due process violations on which to premise their § 1983 claims.

## IV. MAGISTRATE JUDGE MARTIN PROPERLY FOUND THAT PRINCIPLES GOVERNING THE ABSTENTION DOCTRINE AND THE EXERCISE OF SUPPLEMENTAL JURISDICTION FAVOR DISMISSAL OF PLAINTIFFS' SLANDER OF TITLE CLAIM

In addition to recommending dismissal of the Rossis' Section 1983 claim in Count I based on both collateral estoppel and res judicata grounds, Magistrate Judge Martin recommends that this Court should abstain from accepting supplemental jurisdiction over the Rossis' slander of title claim in Count II. See Report and Recommendation, at 31-36, **Appendix Exhibit 11**. In

reaching that determination, Magistrate Judge Martin applied the so-called *Colorado River* abstention analysis:

> First, the Superior Court has assumed jurisdiction over a res, the monies deposited in the Registry. The second factor is inapplicable. Third, it is clearly desirable that piecemeal litigation be avoided, and abstention will foster that result. Fourth, the Superior Court obtained jurisdiction over the res (and the underlying dispute) first. Fifth, as previously noted, state law controls as all federal questions have been resolved by the decision of the Rhode Island Supreme Court in *Gem Plumbing & Heating*. Sixth, the state forum is adequate to protect the parties' interests. Seventh, although Plaintiffs' federal claim is barred, the court does not find that it was vexatious or contrived. The eighth factor which involves removal jurisdiction is also inapplicable.
>
> Of the foregoing factors, I find three to weigh heavily in favor of abstention: 1) the Superior Court has jurisdiction over the res, 2) state law controls, and 3) there is no longer any federal claim to be resolved. Cf. *Colorado River*, 424 U.S. at 815 n.21, 96 S.Ct. at 1245 n.21 (noting that "the presence of a federal basis for jurisdiction may raise the level of justification for abstention").

See Report and Recommendation, at 33-34, **Appendix Exhibit 11** (footnote omitted). Assuming *arguendo* that this Court rejects Magistrate Judge Martin's recommendation to dismiss Count I, the Court should accept Magistrate Judge Martin's recommendation to abstain from jurisdiction over Count II and exercise its discretion to abstain from jurisdiction over Count I under the *Colorado River* abstention analysis.

On the other hand, if the Court accepts Magistrate Judge Martin's recommendation to dismiss Count I, the Court should decline to exercise supplemental jurisdiction over Count II. Dismissal of the state law claims is particularly appropriate if the federal-question claim is eliminated early in the proceedings. See *Martinez v. Cohen*, 54 F. 3d 980, 990 (1ST Cir.), *cert. denied*, 516 U.S. 987, 116 S. Ct. 515 (1995); *Brennan v. Henrigan*, 888 F.2d 189, 196 (1ST Cir. 1989). "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without

prejudice of any supplemental state-law claims." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1ST Cir. 1995). Clearly, dismissal of Plaintiffs' federal claims in the context of a motion to dismiss militates in favor of dismissing Plaintiffs' state law slander of title claim as well.

**CONCLUSION**

For the reasons set forth in detail above, this Honorable Court should accept the Report and Recommendation of the Magistrate Judge, and dismiss each of the Plaintiffs' claims in this action.

LEONARD P. GEMMA,
Defendant,
By his attorneys,

Theodore Orson, Esq. # 3871
Stephen J. Brouillard, Esq. # 6284
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100 - (401) 861-3103 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2006, I caused a copy of the within to be mailed postage prepaid to Patrick Dougherty, Esq., 155 South Main Street, Providence, RI 02903, Robert E. Kiely, Esq., Regan and Kiely, LLP, 85 Devonshire Street, Boston MA 02109, Fred Mason, Esq., Mason Associates, P.C., 20 Cedar Swamp Road, Smithfield, RI 02917, and Michael W. Field, Esq., Special Assistant Attorney General, 150 South Main Street, Providence, RI 02903.