UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT V. ROSSI and LINDA A. ROSSI, Plaintiffs, | ) | |
| v. | ) | C.A. No. 05-32S |
| LEONARD P. GEMMA, Individually and in his capacity as President of Gem Plumbing & Heating, Co., Inc.; ROBERT J. LEVINE, Individually and in his capacity as a general partner of Gemma & Levine; and HENRY S. KINCH, JR., in his capacity as Clerk of The Providence County Superior Court, Defendants. | ) | |

**DECISION AND ORDER**

Before the Court is Plaintiffs' Objection to a Report and Recommendation ("R&R") issued by United State Magistrate Judge David L. Martin. This case arises from Defendants' utilization of a version of the Rhode Island Mechanics' Lien Law, R.I. Gen. Laws 1956 § 34-28-1 to 34-28-37 (1995 Re-enactment) (2002 Supp.), that is no longer valid.[1] Plaintiffs maintain that Defendants' use of this statute violated their constitutional rights to procedural due

[1] The Rhode Island General Assembly amended the Mechanics' Lien Law on July 17, 2003, by adding § 34-28-17.1, which took effect immediately and applied "not only to all future mechanics' liens, but also to all pending 'mechanics liens, petitions or lien substitutions' as of July 17, 2003." Gem Plumbing & Heating Co., Inc. v. Rossi, 867 A.2d 796, 802 (R.I. 2005) (quoting P.L. 2003, ch. 269, § 2; P.L. 2003, ch. 299, § 2).

process and slandered title to their real estate.[2]

On May 9, 2005, this Court referred three motions to Judge Martin: (1) defendant Leonard P. Gemma's Motion to Dismiss, or in the Alternative, to Abstain; (2) defendant Robert J. Levine's Motion to Dismiss the Plaintiff's [sic] Complaint or to Abstain; and (3) defendant Henry S. Kinch's Motion to Dismiss or in the Alternative, to Abstain. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Martin issued an R&R, dated January 13, 2006, recommending that this Court grant all three Motions.

When objecting to an R&R, a party must "file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). Then, this Court "shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636 (b)(1).

Plaintiffs' maintain that the R&R is replete with legal errors and factual misunderstandings. Specifically, they point to rulings on collateral estoppel, issue preclusion, res judicata, and abstention as contrary to the facts and the law. In addition, Plaintiffs urge this Court both to take supplemental jurisdiction over their state law slander of title claim and to find that the slander of title claim is ripe. Defendants, not surprisingly, all

---

[2] Plaintiffs have another action before this Court, Rossi v. Gem Plumbing & Heating Company, Inc., C.A. No. 05-299, wherein Plaintiffs allege that Gem violated their rights to procedural due process and slandered title to their real estate.

urge affirmance of the R&R.[3]

After hearing oral argument and reviewing all memoranda, this Court finds that the R&R's thorough and well reasoned analysis is supported by the record and applicable law. Plaintiffs' numerous objections to the R&R lack merit. Therefore, pursuant to Title 28 United States Code § 636(b)(1), this Court accepts and adopts the findings in Judge Martin's January 13, 2006 R&R.

Accordingly, defendant Leonard P. Gemma's Motion to Dismiss, or in the Alternative, to Abstain, is GRANTED. Defendant Robert J. Levine's Motion to Dismiss the Plaintiff's [sic] Complaint or to Abstain, is GRANTED. Defendant Henry S. Kinch's Motion to Dismiss or in the Alternative, to Abstain, is GRANTED. Therefore, this case is DISMISSED.

ENTER:

[signature]
William E. Smith
United States District Judge

Date: 6/5/06

[3] Defendant Gemma has stated his intention to file a motion for fees and costs. Nothing in the present record would compel this Court to grant such a motion.